**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MICHAEL C. WORSHAM,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | |
| | | **Case No.: RDB-20-08** |
| **DISCOUNT POWER, INC.,** | * | |
| **Defendant.** | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### REPORT AND RECOMMENDATION

Plaintiff Michael Worsham, who is proceeding without counsel, filed a motion for sanctions under Federal Rule of Civil Procedure 11 on August 31, 2020. ECF No. 37. On September 3, 2020, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Bennett referred the motion to me for a report and recommendation. ECF No. 38. No response is necessary. *See* Loc. R. 105.8. Because Mr. Worsham has not shown that defendant or its counsel engaged in egregious conduct, I recommend that Judge Bennett deny plaintiff's motion.

### I.    Background

Mr. Worsham is a former attorney who has not practiced law since he was disbarred in 2014. Pl.'s Mot. for Sanctions 1; *see* Def.'s Reply re Mot. to Dismiss 2, ECF No. 32. He filed this action pursuant to the Federal and Maryland Telephone Consumer Protection Acts against Discount Power, Inc. ("Discount Power") based on robocalls he received between November 11 and 15, 2019. Compl., ECF No. 3. He insists that, at the time he received the robocalls, the number called was a residential number. *Id.* at 1; Pl.'s Mot. for Sanctions 1.

Discount Power moved to dismiss on various grounds, one of which was that the number was not a residential number. Discount Power claims that on October 9, 2018 the number was

listed as the telephone number for plaintiff's law firm on the docket in *Worsham v. TSS Consulting Group, LLC*, Case No.: 18-1692-RBD-LRH (M.D. Fla.).  Def.'s Mot. to Dismiss 1, ECF No. 28; Def.'s Mem. 2 & Ex. A, ECF No. 28-1.  Plaintiff filed an opposition and a motion to strike the motion to dismiss, arguing in both submissions that the docket was inaccurate because he has been disbarred since 2014 and the telephone number identified on the federal docket is a residential number, not a law firm number.  Pl.'s Opp'n to Mot. to Dismiss 4, ECF No. 34; Pl.'s Mot. to Strike 2, ECF No. 31.[1]  In response to both filings, Discount Power insisted that its argument was sound, in light of the October 9, 2018 docket entry in the federal case in Florida.  Def.'s Opp'n to Pl.'s Mot. to Strike 5, ECF No. 32; Def.'s Reply re Mot. to Dismiss 2, ECF No. 35.  Plaintiff then filed the pending motion for sanctions, arguing that Discount Power should be sanctioned for continuing to refer to him as an attorney when he informed defendant on the night that defendant filed its motion to dismiss that he has been disbarred.  Pl.'s Mot. for Sanctions 3.  He contends:

> In violation of Rule 11(b)(1)-(3), Defendant and its counsel ha[ve] repeatedly made the knowingly false and bad faith arguments that Worsham was practicing law and was an attorney during November 2019 when Defendant made 7 telemarketing solicitation calls to Plaintiff's residential land line number located in his home at the time, 410-692-2749.

*Id.* at 1.

---

[1] Plaintiff argued that the Court could not take judicial notice of the Florida docket "for the new 'facts' Defendant is effectively seeking the admission of through [it]."  Pl.'s Mot. to Strike 2–3. Although the docket may not be conclusive evidence, it is a public record that shows the number at issue listed as a law firm number.  The Court routinely takes judicial notice of court filings as matters of public record.  *See* Fed. R. Evid. 201(b)(2); *e.g.*, *Best v. Newrez LLC*, No. GJH-19-2331, 2020 WL 5513433, at *2 n.2 (D. Md. Sept. 11, 2020) (taking judicial notice of state court docket); *Johnson v. Hammett*, No. ELH-18-1059, 2019 WL 7185559, at *5 (D. Md. Dec. 23, 2019) (noting that the "most frequent use of judicial notice of ascertainable facts is in noticing the content of court records" and taking judicial notice of state court docket) (quoting *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)).

## II.    Discussion

Rule 11 provides that when an attorney or party proceeding without counsel presents a written motion or other filing to the Court, he or she

> certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b).  If an attorney or unrepresented party violates Rule 11(b), "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  Fed. R. Civ. P. 11(c)(1).

Rule 11 primarily serves "to punish violators and deter parties and their counsel from pursuing unnecessary or unmeritorious litigation." *Scott v. Lori*, No. ELH-19-2014, 2020 WL 906351, at *2 (D. Md. Feb. 24, 2020) (quoting *Moody v. Arc of Howard Cty., Inc.*, 474 F. App'x 947, 950 (4th Cir. 2012)).  The Court has the discretion to impose sanctions for Rule 11 violations but does so "sparingly."  *Id.* (quoting *Jacobs v. Venali, Inc.*, 596 F. Supp. 2d 906, 914 n.10 (D. Md. 2009)).  Indeed, "[t]he Court expects that motions for sanctions will not be filed as a matter of course" and "will consider in appropriate cases imposing sanctions upon parties who file unjustified sanctions motions."  Loc. R. 105.8(a); *see Scott*, 2020 WL 906351, at *2 ("[A] pro se plaintiff who improperly files motions for sanctions may himself draw the Court's ire.").

"Sanctions may be awarded only in the face of misconduct of some sort."  *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 146 (4th Cir. 2020).  More specifically, "[b]ecause a motion for

3

sanctions demands the Court's immediate attention and consumes limited resources, such a motion is appropriate only in instances of egregious misconduct." *Scott*, 2020 WL 906351, at *2 (noting that Fed. R. Civ. P. 11 advisory committee notes (1993) "advis[e] that 'Rule 11 motions should not be made or threatened for minor, inconsequential violations' of Rule 11(b)").

Rule 11 requires that attorneys "conduct[] a reasonable inquiry and . . . determine[] that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.'" *Chaudhry v. Gallerizzo*, 174 F.3d 394, 410 (4th Cir. 1999) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)); *see also Morris v. Wachovia Sec., Inc.*, 448 F.3d 268, 277 (4th Cir. 2006) (noting that allegations cannot be "unsupported by any information obtained prior to filing"); *Scott*, 2020 WL 906351, at *2 (same).  Allegations cannot be "based on information which minimal factual inquiry would disprove." *Chaudhry*, 174 F.3d at 410–11 (quoting *In re Kunstler,* 914 F.2d 505, 516 (4th Cir. 1990)).  In other words, an attorney violates Rule 11 if "applying a standard of objective reasonableness, it can be said that a reasonable attorney in like circumstances could not have believed his actions to be legally justified." *Scott*, 2020 WL 906351, at *2 (quoting *Morris*, 448 F.3d at 277); *see also Mitchell v. U.S. Bank Nat'l Ass'n as Tr. for Mastr Asset Backed Sec. Tr. 2005-FRE1*, No. TDC-19-2225, 2020 WL 3050739, at *12 (D. Md. June 8, 2020).

Here, defendant based its motion to dismiss, in part, on its argument that the telephone consumer protection acts are inapplicable to the November 2019 robocalls at issue because the telephone number called was published on the federal docket as a law firm number in October 2018 and plaintiff consented to the contact by publishing the number as his law firm number. Def.'s Mem. 5; *see Worsham v. Ehrlich*, 957 A.2d 161, 170–71, 172 (Md. Ct. Spec. App. 2008) ("Section (b)(1)(B) prohibits unsolicited calls using an artificial or prerecorded voice to a

residential phone line . . . . The MDTCPA does not describe conduct that constitutes a violation of the Maryland statute. It references whatever constitutes a violation of the TCPA."); *see Pepicelli v. FedEx Corp. Servs., Inc.*, No. PWG-18-3653, 2020 WL 2217258, at *6 (D. Md. May 6, 2020) ("[W]hen a caller reasonably relies on prior express consent and does not discover that the number has been reassigned to another party prior to making the call or text, the caller is not liable for the first call or text.").  Now that plaintiff has complained about defendant's assertions, Discount Power still maintains that Mr. Worsham's phone number was listed as a law firm number on a federal court docket on October 9, 2018.  On that basis, it argues that the number was either a law firm number or the Court identified it as a law firm number and the plaintiff consented to its use as such.  Def.'s Reply re Mot. to Dismiss 2 ("Plaintiff's claimed 'residential' number is in fact his law firm's business number, which he has recorded as his law firm's number with a Federal District Court, and which remains listed as such with PACER, a publically [sic] available database."); *see also id.* at 7 ("Plaintiff provided his prior express consent to be contacted when he published or caused to be published his law firm/business telephone number to the world via PACER.").

Mr. Worsham asks the Court to sanction defendant and its counsel for referring to him as an attorney and the number at issue as a law firm number because he has been disbarred since 2014.  Plaintiff argues that he told defendant's counsel that he was disbarred before the number was listed as a law firm number and that notwithstanding this information, defendant persisted in its position.  This argument is unconvincing.  Discount Power did not persist in referring to Mr. Worsham as an active attorney after he notified it that he had been disbarred. *See* Def.'s Reply re Mot. to Dismiss 2 (noting that plaintiff is a "disbarred attorney"); *see also* Def.'s Opp'n to Mot. to Strike 2 (noting that Mr. Worsham had the education of "an attorney" although he was "purportedly not currently practicing as such").  Plaintiff has not shown that defendant's failure to

note that he was not a practicing attorney when it filed its motion to dismiss amounted to a failure to conduct a reasonable investigation. *See Chaudhry*, 174 F.3d at 410.

Moreover, the fact that plaintiff was disbarred four years before the telephone number appeared on the federal docket as a law firm number is not dispositive of whether the number was in fact a law firm number or whether plaintiff had consented to its use as a law firm number. Either scenario could be true notwithstanding plaintiff's disbarment. Additionally, the presence of the telephone number on the federal court docket in Florida provides some evidentiary support for Discount Power's assertions that the number was a law firm number and that plaintiff consented to its use as a law firm number. It was not unreasonable for Discount Power to take the position that it relied on the federal court docket as a representation that either the number was a law firm number or Mr. Worsham had consented to the use of his telephone number as a law firm number. Mr. Worsham has not shown that defendant, upon learning of his disbarment and after conducting a reasonable inquiry, would have been compelled to retract its position in its motion to dismiss. Therefore, I find that defense counsel's zealous representation of its client could reasonably include the argument that the number at issue was the business number for a law firm, run either by a disbarred attorney or an attorney that took over Mr. Worsham's practice. I also find it would be reasonable for the defendant to include the argument that Mr. Worsham consented to the number's use as a law firm number even though he had been disbarred. Making these arguments is not "egregious misconduct" warranting sanctions, as "a reasonable attorney in like circumstances could . . . have believed his actions to be legally justified." *See Scott*, 2020 WL 906351, at *2. Sanctions are not appropriate under these circumstances. *See Morris*, 448 F.3d at 277; *Chaudry*, 174 F.3d at 410–11; *Scott*, 2020 WL 906351, at *2.

I recommend that the motion be denied.  The parties have fourteen (14) days in which to file objections to this report and recommendation pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.


Date: <u>September 30, 2020</u>                                    <u>            /S/            </u>
                                                                 Deborah L. Boardman
                                                                 United States Magistrate Judge

lyb