IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL C. WORSHAM, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-20-0008 |
| DISCOUNT POWER, INC. | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

*Pro se* Plaintiff Michael C. Worsham ("Plaintiff" or "Worsham") filed this Complaint against Defendant Discount Power, Inc. ("Defendant" or "Discount Power"), asserting various violations of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Maryland Telephone Consumer Protection Act ("MDTCPA"), Md. Code Ann., Com. Law § 14-3201, on the basis of seven calls allegedly made by the Defendant to Worsham's landline within a five-day period in November of 2019. In his own filings in this case, Worsham has acknowledged that he was previously licensed as a lawyer but "in October 2014 [he] was disbarred in the State of Maryland" and "was not licensed to practice law anywhere by or since 2015." (ECF No. 34.) Nevertheless, he has been a frequent litigant asserting violations of the above statutes.[1] In this case, he seeks treble damages and attorneys fees.

---

[1] *See Worsham v. Accts. Receivable Mgt., Inc.*, 497 F. App'x 274 (4th Cir. 2012) (Fourth Circuit affirmed this Court's finding of summary judgment in favor of defendant where Worsham alleged violations of the Fair Debt Collection Practice Act and the MDTCPA based on allegations of receiving prerecorded phone messages); *Worsham v. TSS Consulting Grp., LLC*, No. 6:18-cv-1692, 2019 WL 7482221 (M.D. Fla. Sept. 18, 2019) (denying Worsham's motion for a preliminary injunction where Worsham could not establish a substantial likelihood of success for claims asserted under the TCPA and

Presently pending before this Court is the Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 28), and Worsham's Motion to Strike the Motion to Dismiss and Defendant's Exhibit A (ECF No. 31).[2] The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, the Defendant's Motion to Dismiss (ECF No. 28) is GRANTED, and the Plaintiff's Complaint (ECF No. 3) is DISMISSED WITH PREJUDICE. The Plaintiff's Motion to Strike (ECF No. 31) is DENIED AS MOOT.

## BACKGROUND

This Court accepts as true the facts alleged in the Plaintiff's Complaint (ECF No. 3). *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). Plaintiff Worsham is a resident of Harford County, Maryland. (ECF No. 3 ¶ 1.) He asserts that he has been a subscriber to the residential landline number 410-692-2749, which has been on the National Do-Not-Call ("DNC") list registry since July 15, 2006. (*Id.*) Defendant Discount Power is a Connecticut for-profit corporation, which Worsham claims has engaged "in concert" with a telemarketing call center and other persons in a civil conspiracy to call consumers, including numbers on the DNC list registry using an automatic telephone dialing system ("ATDS") to initiate and deliver telemarketing calls to solicit people to buy energy products and/or services. (*Id.* ¶¶ 2, 3.) Worsham alleges that Discount Power makes and initiates calls from individuals in a call center

---

MDTCPA on the basis of calls to his cell phone); *Worsham v. Travel Options, Inc.*, No. JKB-14-2749, 2016 WL 4592373 (D. Md. Sept. 1, 2016) (dismissing 18 of Worsham's claims under the TCPA and MDTCPA on the basis of prerecorded phone calls); *Worsham v. Ehrlich*, 957 A.2d 161 (Md. Sp. Ct. App. 2008) (dismissing Worsham's suit alleging violations of the TCPA and MDTCPA based on allegations of prerecorded political campaign telephone calls).

[2] Also pending is the Plaintiff's Motion to Compel Armstrong Telecommunications, Inc. to Respond Fully to Subpoena (ECF No. 26). This Motion is DENIED AS MOOT.

who claim they are selling discounted electricity while intentionally transmitting Caller ID information consisting of false numbers and/or false name information. (*Id.* ¶¶ 4, 5.)

This lawsuit stems from seven specific calls that Worsham claims Discount Power made to his landline number in a five-day period in November of 2019. (*Id.* ¶ 9.) The first call Worsham did not answer, and the caller left no message. (*Id.*) Two of the calls involved a robo message where a male voice stated that Worsham's third-party electrical supplier had overcharged his account and that he would be receiving a rebate check with a 30% discount on his electric and gas bill. (*Id.*) Three of the calls involved a robo message with a female voice that stated that current customers of Baltimore Gas & Electric who had not missed payments were eligible for a 30% discount on their monthly bill. (*Id.*) When Worsham received these robo messages, he dialed "1" as instructed and spoke to three different individuals, who he claims to be employees of Discount Power. (*Id.*) One of the calls relevant to this suit was a call back from one of these alleged employees. (*Id.*)

On the basis of these phone calls, Worsham asserts that the Defendant instructs its agents, employees, and/or contractors to avoid identifying Discount Power as their employer and instead, if asked who is calling, to assert that they are working for a licensed supplier of Baltimore Gas & Electric. (*Id.* ¶ 11.) He claims that the Defendant has intentionally used robocalls and "lead generating telemarketers" to avoid individuals from being able to identify Discount Power and "get around" the requirements of the Telephone Consumer Protection Act ("TCPA"). (*Id.* ¶ 12.) Worsham further asserts that the Defendant uses a service to spoof or fake the Caller ID number transmitted during the calls, so as to mask the caller's identity or number. (*Id.* ¶ 16.)

Overall, Worsham asserts that the goal of these calls is to encourage purchase or rental of, or investment in, property, goods, or services offered by Discount Power. (*Id.* ¶ 22.) His 17-count *pro se* Complaint alleges violations of the federal TCPA (Counts I-IV) as well as Maryland's Telephone Consumer Protect Act ("MDTCPA") (Counts V-XVII). He seeks $84,500 in damages, attorney's fees, costs, and injunctive relief. (*Id.* ¶¶ 72, 76.) Worsham originally filed this suit in the Circuit Court for Harford County, Maryland. *See Worsham v. Discount Power, Inc.*, Case No. C-12-CV-19-001152. On January 3, 2020, Discount Power removed the case to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441. (*See* ECF No. 1.)

This is not the first *pro se* Complaint Worsham has filed on the basis of phone calls. Significantly, in *Worsham v. TSS Consulting Group, LLC*, No. 6:18-cv-01692, 2019 WL 7482221 (M.D. Fla. Sept. 18, 2019), Worsham asserted that he received unwanted calls from the defendant to his cell phone. Worsham was disbarred by the State of Maryland in October 2014. (*See* ECF No. 34 at 4.) He has not been licensed to practice law anywhere since 2015. (*Id.*) However, in his suit against TSS Consulting, he specifically provided the phone number 410-692-2749, the number he presently claims to be his residential landline, as the number for the "Law Office of Michael C. Worsham." (*See* Ex. A, PACER contact information from *TCC Consulting*, 2019 WL 7482221, ECF No. 28-1 at 21.)

On June 17, 2020, Discount Power filed the pending Motion to Dismiss Complaint (ECF No. 28). Worsham responded filing a Motion to Strike the Defendant's Motion (ECF No. 31) on June 18, 2020.

**STANDARD OF REVIEW**

The Defendant Discount Power moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), under which the Plaintiff's pleading is subject to dismissal if it "fails to state a claim upon which relief can be granted." Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

This Court is mindful of its obligation to liberally construe the pleadings of *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). This Court is also mindful of Worsham's previous efforts in filing actions alleging similar violations of federal and Maryland law as alleged in this case.

## ANALYSIS

### I. Counts 1-17 Fail to State a Claim Upon Which Relief Can Be Granted

Worsham generally asserts that Discount Power violated Sections 227(a) and (b) of the federal Telephone Consumer Protection Act ("TPCA"), 47 U.S.C. § 227(a) and (b), and by extension, the Maryland Telephone Consumer Protection Act ("MDTCPA"), Md. Code Ann., Com. Law § 14-3201(2), which provides that a person may not violate the federal TCPA. (*See* ECF No. 3 ¶¶ 32, 33.) With respect to Section 227(a), Worsham specifically alleges that Discount Power calls "were all initiated and made with an 'automated telephone dialing system' ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200(f)(2)." (*Id.* ¶ 32.) However, Worsham asserts absolutely no facts to support this allegation that Discount Power used an ATDS. To the extent the claims are based on Section 227(a), his Complaint fails to state a claim for relief.

With respect to Worsham's claims on the basis of Section 227(b), this Court notes that it is unclear whether the subject number is "residential" within the plain language of the TCPA. Section 227(a) of the TCPA provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

6

> . . .
> (B) to initiate any telephone call to any *residential* telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed or guaranteed by the United States, or is exempted by rule or order by the Commission under paragraph (2)(B); . . . .

*See* 47 U.S.C. § 227(b)(1)(B). Worsham represents by his own federal filings in his suit against TSS Consulting in the Florida action that the subject 410-692-2749 number is a law firm's business telephone number, despite the fact he is not a licensed lawyer. (Ex. A, ECF No. 28-1 at 21.) Where there is clear evidence that a cell phone line is used only or primarily as a business line, courts have granted summary judgment to the defendants. *See Smith v. Truman Road Development, LLC*, No. 4:18-cv-00670-NKL, 2020 WL 2044730, at *11 (W.D. Mo. Apr. 28, 2020); *Mattson v. Quicken Loans Inc.*, No. 3:18-CV-00989-YY, 2019 WL 7630856, at *5 (D. Or. Nov. 7, 2019). Specifically, in *Bank v. Independent Energy Group, LLC*, the court held as a matter of summary judgment that because the plaintiff provided the subject telephone number on his business card, professional letterhead of his law practice, and in pleadings and court filings, the number was not "residential" within the meaning of the TCPA. No. 12-CV-1369-JG-VMS, 2015 WL 4488070, at *2 (E.D.N.Y. July 23, 2015). To the extent Worsham's claims are asserted on the basis of Section 227(b), he has not stated a plausible claim of relief.

### A. Counts 1 and 5

However, even if Worsham's number could be fairly characterized as "residential," his Complaint fails for several reasons. First, with respect to Counts 1 and 5, the Complaints fails to state a claim upon which relief can be granted because Worsham has registered the subject number as a law firm's number with a federal court. Worsham alleges in Counts 1 and 5 that

the phone calls to his number violated the TCPA and FCC regulation 47 C.F.R. § 64.1200(c)(2), and by extension the MDTCPA, because his number was on the National Do-Not-Call ("DNC") registry. (ECF No. 3 ¶¶ 8, 9, 51, 56.) However, as shown in Exhibit A, Worsham's number was publicly available via PACER. (ECF No. 28-1 at 21.)

Regardless of whether the 410-692-2749 number is primarily used by Worsham for residential purposes, the number is also used for business, and business numbers are not permitted to be registered on the DNC registry. *Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd. 9779, 9785 (June 17, 2008) ("As the Commission has previously stated, the National Do Not Call Registry applies to 'residential subscribers' and does not preclude calls to businesses."); 47 C.F.R. § 64.1200(c)(2) (prohibiting telephone solicitation to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government."); *cf.* 16 C.F.R. § 310.4(b)(1)(iii)(B) ("It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . intiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the 'do-not-call' registry[.]"); *id.* § 310.6(b)(7) (exempting from liability, "[t]elephone calls between a telemarketer and any business, except calls to induce the retail sale of nondurable office or cleaning supplies."). Indeed, the website of the Federal Trade Commission ("FTC") regarding the National DNC Registry features frequently asked questions, one of which is asked and answered as follows: "Can I register my business phone number or a fax number? The National Do Not Call Registry is only for personal phone numbers. Business-to-business calls and faxes are not covered." *See* Federal Trade

Commission, *Federal Trade Commission Consumer Information*, available at https://www.consumer.ftc.gov/articles/0108-national-do-not-call-registry (last visited Jan. 4, 2021). The FTC's website also provides that "[m]ost phone calls to a business made with the intent to solicit sales from that business are exempt from the Do Not Call Provisions." Federal Trade Commission, *Q&A for Telemarketers & Sellers About DNC Provisions In TSR*, available at https://www.ftc.gov/tips-advice/business-center/guidance/qa-telemarketers-sellers-about-dnc-provisions-tsr (last Jan 4, 2021).

Accordingly, because Worsham has held publicly that the subject phone number is a business phone number, he cannot not register it with the DNC for purposes of avoiding business-to-business calls. *See Shelton v. Target Advance LLC*, No. 18-2070, 2019 WL 1641353, at *6 (E.D. Pa. Apr. 16, 2019) (holding that plaintiff did not suffer an injury in fact and therefore lacked standing to sue because he associated the subject phone number with a publicly listed business). By extension, there can be no violation of the TCPA and MDTCPA on the basis of calling a number of the DNC registry, and Counts 1 and 5 must be dismissed.

**B. Counts 2 and 6**

With respect to Counts 2 and 6, Worsham's Complaint again fails to state a claim for relief. In these counts, Worsham claims Discount Power violated the TCPA and FCC regulation 47 C.F.R. § 64.1200(d)(4), which requires a telemarketer "to provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and the telephone number or address at which the person or entity may be contacted." In *Worsham v. Travel Options, Inc.*, this Court rejected Worsham's same argument in a separate TCPA action: Chief Judge Bredar of this Court noted that "§ 64.1200(d)(4) is

9

more appropriately viewed as setting procedural standards and, therefore, within the realm of the TCPA's subsection *d*, for which no private right of action exists." No. JKB-14-2749, 2016 WL 4592373, at *7 (Sept. 2, 2016) (citing *Burdge v. Assn. Health Care Mgmt., Inc.*, No. 1:10-cv-00100, 2011 WL 379159, at *3 (S.D. Ohio Feb. 2, 2011)). This Court concluded that Worsham did not possess a private right of action as to an alleged violation of 47 C.F.R. § 64.1200(d)(4), and by extension the MDTCPA, and thus held that he failed to state claims for relief for TCPA and MDTCPA violations. *Travel Options*, 2016 WL 4592373, at * 7. For the same reasons, Counts 2 and 6 fail to state a claim and must be dismissed.

### C. Counts 3 and 7

This Court's opinion in *Travel Options* also rejected the sort of claims made by Worsham in Counts 3 and 7. In these counts, Worsham alleges that Discount Power violated the TCPA, and by extension the MDTCPA, for allegedly failing to transmit complete Caller ID information with name and number in violation of FCC regulation 47 C.F.R. § 64.1601(e)(1). (ECF No. 3 ¶¶ 54, 58.) As this Court explained in *Travel Options*, a violation of § 64.1601(e)(1) is a violation of technical and procedural standards under subsection (d), and as discussed above, no private right of action exists under that subsection of the TCPA. 2016 WL 4592373, at * 7. For this reason, both Counts 3 and 7 fail to state a claim for relief and must be dismissed.

### D. Counts 4 and 8

In Counts 4 and 8 Worsham alleges that Discount Power violated the TCPA, and by extension the MDTCPA, when it violated FCC regulation 47 C.F.R. § 64.1200(a)(3). (ECF No. 3 ¶ 9, 55, 56.) Section 64.1200(a)(3) prohibits a person from initiating:

10

> any telephone call to any residential line using an artificial or precorded voice to deliver a message without the prior express written consent of the called party, unless the call;
> (i) Is made for emergency purposes;
> (ii) Is not made for a commercial purpose;
> (iii) Is made for a commercial purpose but does not include or introduce an advertisement or constitute telemarketing;
> (iv) Is made by or on behalf of a tax-exempt nonprofit organization;
> (v) Or delivers a "health care" message made by, or on behalf of, a "covered entity" or its "business associate," as those terms are defined in the HIPPA Privacy Rule, 45 CFR § 160.103.

47 C.F.R. § 64.1200(a)(3). Apart from the hybrid nature of the subject telephone number, Worsham has failed to properly plead facts that the calls in this case do not fall within (iii), where a call is made "for a commercial purpose but does not include or introduce an advertisement or constitute telemarketing." FCC regulations define advertisement as "any material advertising the commercial availability or quality of any property, goods, or services." 47 C.F.R. § 64.1200(f)(1). Similarly, they define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12). Worsham fails to state a plausible claim with respect to a discount or rebate on his already-purchased and paid-for electrical services and how this constitutes an advertisement or telemarketing within the meaning of these definitions. Courts have held that coupons and discounts may be "advertisements" within the meaning of the TCPA where they "plausibly appear to both advertise the availability and of and encourage the purchase of particular goods," *Larson v. Harman Mgmt. Corp.*, No. 1:16-cv-00219-DAD-SKO, 2016 WL 6298528, at *4 (E.D. Cal. Oct. 27, 2016), but Worsham has not alleged any facts to support his claim that the messages encouraged purchase of any products or services.

Further, Worsham's Complaint does not provide well-pleaded allegations that Discount Power actually initiated the calls to his telephone number. With respect to the first call Worsham claims he received from the Defendant, he asserts that he did not answer the call and that there was no message. (ECF No. 3 ¶ 9.) As the Complaint asserts, two of the calls stated that the call was from the recipient's "electric utility," and three others were seemingly from Baltimore Gas & Electric. (*Id.*) The precorded messages did not include any statement that the calls were from Discount Power. Instead, Worsham contends that when he dialed "1" as instructed, he was connected to live representatives. (*Id.*) He further asserts that with respect to two of these calls he could not get the representative to provide a name of his or her employer or a number for that employer. (*Id.*) With respect to the others, Worsham asserts that either the representative said he or she worked for Discount Power, or that he asked if the representative worked for Discount Power and he or she responded yes. (*Id.*) These facts alleged do not support Worsham's conclusory allegations that Defendant Discount Power initiated the prerecorded calls—which he also conclusory alleges constituted telemarketing or advertisements. Counts 4 and 8 fail to state a claim for relief.

### E. Counts 9-11

Worsham alleges in Counts 9-11 that Discount Power's calls violated the TCPA and FCC regulation 47 C.F.R. § 64.1200(b)(1), (b)(2), and (b)(3), as well as the MDTCPA, for: (1) failing to provide an automated interactive voice or key activated opt out mechanism (Count 9); (2) failing to state clearly the identity of the business, individual or entity responsible for initiating the call (Count 10); and (3) failing to state clearly the telephone number of the business or individual (Count 11). (ECF No. 3 ¶¶ 560-562.) In *Hurley v. Wayne County Board*

12

*of Education*, the court held that provisions of 47 C.F.R. § 64.1200(b) flow directly from the directives of Section 227(d)(3) of the TCPA. No. 3:1-16-9949, 2017 WL 2454325, at *4 (S.D. W. Va. June 6, 2017). The court noted that Sections 227(b)(3) and (c)(5) include language that explicitly states a plaintiff may bring "an action based on a violation of . . . the regulations prescribed under this subsection." *Id.* However, Section 227(d) does not contain this language. *Id.* The court held that "[w]ithout such language in Section (d), the Court is compelled to find that Congress did not intend private parties to enforce either Section 227(d) or the regulations prescribed pursuant to that section." *Id.* Counts 9-11, which improperly allege causes of action based on alleged violations of 47 C.F.R. § 64.1200(b), are dismissed.

### F. Counts 12-17

Finally, in Counts 12-17, Worsham alleges violations of the MDTCPA on the basis of alleged violation of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310.1 *et seq.* The MDTCPA provides that a person may not violate the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101 through 6108, as implemented by the Federal Trade Commission in the TSR. Md. Code Ann., Com. Law § 14-3201(1). (ECF No. 3 ¶¶ 63-68.) Specifically, Worsham alleges violations of TSR §§ 310.4(a)(8) (Count 12), 310.4(b)(1) (Count 13), 310.4(d)(1) (Count 14), 310.4(b)(1)(v) (Count 15), 310.8(a) (Count 16), and 310.3(a)(4) (Count 17). Worsham's claims in these counts fail to state a claim for relief.

As the Maryland Court of Special Appeals held in one of Worsham's previous cases, the MDTCPA has been interpreted to only provide a private right of action when a federal action already exists. *See Worsham v. Ehrlich*, 957 A.2d 161, 172 (Md. Ct. Sp. App. 2008). In order to bring a case under the TSR, a plaintiff must allege actual damages in excess of $50,000.

*See* 15 U.S.C. § 6104(a). Worsham alleges a total of $42,000 in statutory damages under Maryland law, and therefore he cannot meet the $50,000 threshold. (ECF No. 3 ¶ 76.) Further, he fails to plead facts that suggest Discount Power is a "telemarketer" or "seller," as defined in 16 C.F.R. § 310.2(dd) and (ff), for the same reasons that he fails to establish the calls constituted telemarketing or advertisements. The FCC defines "seller" as "any person who, in connection with a telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to the customer in exchange for consideration." 16 C.F.R. § 310.2(dd). Similarly, telemarketing is defined as "a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call." 16 C.F.R. § 310.2(ff). As explained above, the facts alleged do not support Worsham's conclusory allegations that the Defendant made the subject telephone calls, nor that the recorded messages sought to induce the purchase of any goods or services.

Even if the TSR was applicable in this case, a cursory review of Worsham's Complaint shows that he has not alleged facts to support the conclusory allegations made in Counts 12-17. For example, in Count 12, there are no facts asserted to support the claim that the Defendant failed to transmit complete Caller ID information—the Complaint in fact provides a number (ECF No. 3 ¶ 63), and the regulation does not always require a name of the telemarketer, 16 C.F.R. § 310.4(a)(8). *See Travel Options*, 2016 WL 4592373, at * 8. Similarly, in Count 16, Worsham fails to allege any facts that suggest the Defendant failed to pay the annual fee for the DNC list for his area code. (ECF No. 3 ¶ 67). In Count 17 he fails to assert what "misleading" statement was in fact made by the Defendant. (*Id.* ¶ 17.) And Count 13

14

fails because, as explained above, the subject phone number is not protected under the DNC registry. (*Id.* ¶ 13.)

Overall, Worsham's Complaint fails to state a claim for relief in Counts 12-17 of his Complaint, as he does not have a valid claim under the TSR. His claims must be dismissed.

### II. Plaintiff Is Not Entitled to Treble Damages or Attorney's Fees

Worsham claims in his Complaint that he is entitled to treble damages under 47 U.S.C. § 227(b) because the Defendant willfully or knowingly violated the TCPA or FCC regulations. (ECF No. 3 ¶ 71.) He also alleges he is entitled to reasonable attorney's fees as may apply under Md. Code Ann., Com. Law § 14-3202(b)(1). (*Id.* ¶ 75.) Neither of these claims have merit. Worsham has failed to plead any facts to support his allegations that Discount Power violated the TPCA willfully or knowingly. Additionally, he has filed this action "*pro se*," as he is a disbarred lawyer. Therefore, Worsham is not entitled to attorney's fees, as he is not a licensed attorney anywhere in the United States.

### CONCLUSION

For these reasons, the Defendant Discount Power's Motion to Dismiss (ECF No. 28) is GRANTED, and the Plaintiff's Complaint (ECF No. 3) is DISMISSED WITH PREJUDICE. Accordingly, the Plaintiff's Motion to Strike the Motion to Dismiss and Defendant's Exhibit A (ECF No. 31) is DENIED AS MOOT.

A Separate Order follows.

Dated: January 6, 2021

                                                    /s/

                                     Richard D. Bennett
                                     United States District Judge