UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL C. WORSHAM | * | |
| *Plaintiff* | * | |
| vs. | * | Case 1:20-cv-00008-RDB |
| DISCOUNT POWER, INC. | * | |
| *Defendant* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S MOTION TO DISQUALIFY OR RECUSE JUDGE

Plaintiff Michael C. Worsham moves to disqualify or recuse Judge Richard D. Bennett from hearing or deciding this case. Judge Bennett's extraordinary bias against Worsham and his claims, as demonstrated by his creating false facts about Worsham including that Worsham was engaged in the criminal practice of law without a license for several years, in order to justify dismissing this case, are so egregious that he should not be hearing or deciding this case any further. Worsham deserves an unbiased Judge.

## ARGUMENT

On October 15, 2020 Judge Bennett issued an Order (ECF 42) which stated that "No objections have been filed" to the Magistrate Judge Boardman's October 1, 2020 Report and Recommendation. In fact, Worsham had filed nine pages of Objections that very same day in ECF 41. This was the first instance of Judge Bennett ignoring Worsham's arguments, and rushing to a foregone conclusion. Judge Bennett tried to explain away his conduct as "an unintended ambiguity," ECF 44 at page 2, but there was no ambiguity. Judge Bennett did not even wait until the well established filing period had elapsed and Worsham had been given his opportunity, before filing his foregone conclusion.

1

The first example pales in comparison to Judge Bennett's January 6, 2021 Memorandum Opinion and Order (ECF 47 and 48) dismissing the entire case with prejudice.

This Opinion started out with Judge Bennett showing his bias, by making the point in footnote 1 of pointing out a case Worsham filed (*Worsham v. TSS Consulting Group, LLC*, Case #6:18-cv-1692, M.D. Fla.) which ended when the Defendants in that case filed for bankruptcy. That Florida case has absolutely nothing to do with the instant case.

However Judge Bennett went out of his way to cite it because in it Worsham was unsuccessful, albeit in filing an early Motion for a preliminary injunction in that case just days before those Defendants filed for bankruptcy and that case ended. In the same Opinion Judge Bennett failed to mention that the Defendant in this case, Discount Power, Inc., had been sued previously by Worsham, a fact which **is** relevant as evidence supporting the willful or knowing nature of the Defendant's violations in the instant case. Not only that, but Judge Bennett explicitly stated on page 15 in his January 6, 2021 Opinion that "Worsham has failed to plead any facts to support his allegations that Discount Power violated the TPCA (*sic*) willfully or knowingly." Judge Bennett thus went out of his way to find a case in which Worsham was unsuccessful, although in more difficult circumstances, and which was irrelevant, while ignoring undisputed facts that Worsham specifically plead in the instant case about this Defendant which are relevant. *See* Complaint (ECF 27-1) at ¶ 8, alleging the undisputed fact that "Defendant previously called Plaintiff's residential number 410-692-2749 on January 5, 2017, and for this Worsham sued in Case #901-1386-2017, which was settled in 2017."

In the remainder of Judge Bennett's Opinion, with no evidence whatsoever he tries and convicts Worsham of the crime of practicing law with a license, and of using his residential phone number 410-692-2749 as part that supposed illegal law practice, some six years after Worsham was

disbarred on October 3 2014 including disbarment from this very Court. *Attorney Grievance Comm'n of Md. v. Worsham*, 440 Md. 183 (2014). The wrongness of this was described in Worsham's Feb. 3, 2021 Motion to Alter or Amend (ECF 49), and of necessity is repeated below.

Despite stating on p.2 of its Opinion that the Court "accepts as true the facts alleged in the Plaintiff's Complaint," and the specific allegation in ¶ 1 that Worsham "has been the subscriber to the residential land line number 410-692-2749, which is on the National Do-Not-Call (DNC) list registry since July 15, 2006," Judge Bennett's entire Opinion disregarded these well-plead facts, but even worse, created new facts that are not in the record and have no basis in reality whatsoever:

1. Judge Bennett's first newly created 'fact' was that Worsham used his line as a business number: "*However, in his suit against TSS Consulting, he specifically provided the phone number 410-692-2749, the number he presently claims to be his residential landline, as the number for the "Law Office of Michael C. Worsham.*" Opinion at p. 4, citing Discount Power's Exhibit A, ECF 28-1.

2. Judge Bennett's second created 'fact' was that "*Worsham represents by his own federal filings in his suit against TSS Consulting in the Florida action that the subject 410-692-2749 number is a law firm's business telephone number, despite the fact he is not a licensed lawyer.*" *Id.* at 7, citing Exh. A, ECF 28-1.

3. Judge Bennett's third created 'fact' is that "*Worsham has registered the subject number as a law firm's number with a federal court.*" Opinion at 7, bottom.

4. Judge Bennett's fourth created 'fact' is that his 410-692-2749 number "*is also used for business.*" Opinion at 8, top.

5. Judge Bennett's fifth created 'fact' is that "*Worsham has held publicly that the subject phone number is a business phone number.*" Opinion at 9, middle, cited in dismissing Counts 1 and 5.

6. Judge Bennett's sixth created 'fact' is the reference to "*the hybrid nature of the subject telephone number*" on page 11, top, of the Opinion.

7. Judge Bennett's seventh created 'fact' relates to Defendant's calls, and is his reference to "*a discount or rebate on his already-purchased and paid for electrical services.*" Opinion at p. 11. This 'fact' that Worsham had already purchased and paid for service from the caller and Defendant is completely contradictory to the Complaint's well plead allegations, including that "Plaintiff had no business

3

relationship of any kind with, and did not gave any prior permission or consent to be solicited by any Defendant or any affiliates, agents, contractors or partners," Complaint (ECF 1-2) at ¶ 29, and that the callers identified themselves as Discount Power and were offering new discount rates, Complaint at ¶ 9 (*see* Calls #3, 4, 5 and 6). It is also contrary to the fact that even the Defendant does not claim Worsham is or ever was its customer.

None of these newly created but in reality non-existent 'facts', are in the record of the case. They were not plead in the Complaint, or part of documents incorporated into the complaint by reference. For the first six 'facts' above, the Court relied on Defendant's Exhibit A (ECF 28-1), which is not a part of the Complaint, and a hearsay document. Judge Bennett knows very well as an experienced Judge that he can not rely on such an Exhibit.

Judge Bennett's Opinion effectively tried and convicted Worsham of the crime of practicing law without a license in his Opinion. " Maryland Ann. Code, Business Occupations and Professions, § 10-601(a) (prohibiting the "practice, attempt to practice, or offer to practice law) and § 10-606 (subjecting violators to criminal penalties. *Id.* at ). In doing so Judge Bennett gave Worsham less due process than a person actually charged with a crime is given. Worsham is the victim here, not just of multiple annoying telemarketing calls from the same power company he already sued in 2017, but of a crime. Defendant's prerecorded voice messages calls are not just civil violations for which Worsham can seek statutory civil damages. They are also criminal violations of both the federal Truth in Caller ID Act, codified at 47 U.S.C. § 227(e)(5)(B) (providing for criminal fines for violations), and the Maryland Public Utility Companies (PUC) Article § 8-204(b) and (d) (making violations a misdemeanor and subject to fines for using "an automated dialing, push-button, or tone-activated address signaling system with a prerecorded voice to . . . solicit persons to purchase, lease, or rent goods or services"). Judge Bennett treated Worsham, the victim of the crimes, as the accused, and convicted him with no notice and no evidence.

Judges generally have judicial immunity for even the most incorrect rulings. But they don't have immunity from the creation of facts, especially false facts, because that is not a judicial function. Judge Bennett's Opinion is so egregious that it should not even be protected by judicial immunity. *Forrester v. White*, 484 U.S. 219, 227 (1988) (noting a "distinction between judicial acts and the administrative, legislative, or executive functions that judges may on occasion be assigned by law to perform"), *Thomas v. Sams*, 734 F.2d 185 (5th Cir. 1984) (judge's role in initiating criminal proceedings against the plaintiff were not part of the judicial function and were not cloaked in absolute immunity), *Rankin v. Howard*, 633 F.2d 844, 847 (9th Cir. 1980), *cert. denied,* 451 U.S. 939 (1981) (judge's private, prior agreement to decide in favor of one party is not a judicial act, and is not protected by judicial immunity).

WHEREFORE the Court should grant this Motion, and replace Judge Bennett with a Judge who is not biased against Worsham and/or the federal and Maryland Telephone Consumer Protection Acts.

Respectfully submitted,

/s/ Michael C. Worsham
Michael C. Worsham, Plaintiff, *Pro Se*
1916 Cosner Road
Forest Hill, Maryland 21050
410-557-6192
michael @ magicmichael.net

**CERTIFICATE OF SERVICE**

On March 3, 2021 this document and any Exhibits were filed for service through the Court's ECF system on all parties of record.

/s/ Michael C. Worsham
Michael C. Worsham