IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL C. WORSHAM, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-20-0008 |
| DISCOUNT POWER, INC. | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On January 6, 2021, this Court entered its Memorandum Opinion and Order dismissing Plaintiff's Complaint *with prejudice* for failure to state a claim and closed this case. (ECF Nos. 47, 48.)  Now pending are *pro se* Plaintiff Michael C. Worsham's ("Plaintiff" or "Worsham") Motion to Alter or Amend and Grant Relief from Judgment and Order (ECF No. 49) and Motion to Disqualify or Recuse Judge (ECF No. 51).  The submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2018).  There is no basis for the undersigned Judge to disqualify or recuse himself.  However, this Court will modify the previously entered dismissal so it is *without prejudice* and permit the Plaintiff to amend his Complaint.  Accordingly, for the reasons stated herein, Worsham's Motion to Alter or Amend and Grant Relief from Judgment and Order (ECF No. 49) is GRANTED and Worsham's Motion to Disqualify or Recuse Judge (ECF No. 51) is DENIED.

## BACKGROUND

The background of this case was discussed at length in this Court's January 6, 2021 Memorandum Opinion. (ECF No. 47.)  In brief, *pro se* Plaintiff Worsham filed a Complaint

1

against Defendant Discount Power, Inc. ("Defendant" or "Discount Power"), asserting various violations of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Maryland Telephone Consumer Protection Act ("MDTCPA"), Md. Code Ann., Com. Law § 14-3201, on the basis of seven calls allegedly made by the Defendant to Worsham's landline within a five-day period in November of 2019. (Compl., ECF No. 3.) Worsham asserted that he has been a subscriber to the residential landline number 410-692-2749, which has been on the National Do-Not-Call ("DNC") list registry since July 15, 2006. (*Id.* ¶ 1.) Defendant Discount Power is a Connecticut for-profit corporation, which Worsham claims has engaged "in concert" with a telemarketing call center and other persons in a civil conspiracy to call consumers, including numbers on the DNC list registry using an automatic telephone dialing system ("ATDS") to initiate and deliver telemarketing calls to solicit people to buy energy products and/or services. (*Id.* ¶¶ 2, 3.)

Worsham's suit stemmed from seven specific calls that he claims Discount Power made to his landline number in a five-day period in November of 2019. (*Id.* ¶ 9.) On the basis of these phone calls, Worsham asserted that the Defendant intentionally used robocalls and "lead generating telemarketers" to avoid individuals from being able to identify Discount Power and "get around" the requirements of the Telephone Consumer Protection Act ("TCPA"). (*Id.* ¶ 12.) Worsham originally filed his 17-count Complaint in the Circuit Court for Harford County, Maryland, alleging violations of the federal TCPA (Counts I-IV) as well as Maryland's Telephone Consumer Protect Act ("MDTCPA") (Counts V-XVII). *See Worsham v. Discount*

*Power, Inc.*, Case No. C-12-CV-19-001152.[1]  On January 3, 2020, Discount Power removed the case to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441.  (*See* ECF No. 1.)  Worsham sought $84,500 in damages, attorney's fees, costs, and injunctive relief.  (Compl. ¶¶ 72, 76.)

On January 6, 2021, this Court granted Defendant Discount Power's Motion to Dismiss, finding that Worsham's 17-Count Complaint failed to state a claim for relief and dismissing all of his claims with prejudice.  (ECF Nos. 47, 48.)  Specifically, the Court found that Worsham's claims failed because the telephone number in question was his business number and not his residential number.  (*Id.*)  Now pending before this Court are Worsham's Motion to Alter or Amend and Grant Relief from Judgment and Order (ECF No. 49) and Motion to Disqualify or Recuse Judge (ECF No. 51).

## ANALYSIS

### I.     Motion to Disqualify or Recuse Judge

Worsham seeks to disqualify the undersigned Judge from this action, alleging that the Court is biased against Worsham.  (ECF No. 51.)  The Court construes Worsham's Motion as one pursuant to 28 U.S.C. § 455(a), which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  *See Barnes v. United States*, Civil No. PJM-12-3474, Crim. No.

---

[1] This was not the first *pro se* Complaint Worsham has filed on the basis of phone calls.  Significantly, in *Worsham v. TSS Consulting Group, LLC*, No. 6:18-cv-01692, 2019 WL 7482221 (M.D. Fla. Sept. 18, 2019), Worsham asserted that he received unwanted calls from the defendant to his cell phone.  Worsham was disbarred by the State of Maryland in October 2014.  (*See* ECF No. 34 at 4.)  He has not been licensed to practice law anywhere since 2015.  (*Id.*)  However, in his suit against TSS Consulting, he specifically provided the phone number 410-692-2749, the number he presently claims to be his residential landline, as the number for the "Law Office of Michael C. Worsham."  (*See* Ex. A, PACER contact information from *TCC Consulting*, 2019 WL 7482221, ECF No. 28-1 at 21.)

PJM-06-0178, 2014 WL 1874985, at *2 (D. Md. May 8, 2014) (applying 28 U.S.C. § 455(a) to petitioner's motion to dismiss judge from case). Specifically, a judge shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). "The critical question presented by this subsection 'is not whether the judge is impartial in fact,' but rather whether another 'might reasonably question [the judge's] impartiality on the basis of all the circumstances.'" *Barnes*, 2014 WL 1874985, at *2 (quoting *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998)).

Issues of disqualification also implicate Canon 3C(1) of the Code of Conduct for United States Judges, which provides, in relevant part:

> A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which: (a)the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;…

*Guide to Judiciary Policy*, Code of Conduct for United States Judges Canon 3C(1) (Vol. 2, Mar. 3, 2021). Worsham argues that the undersigned Judge should be disqualified because of "extraordinary bias against Worsham and his claims, as demonstrated by his creating false facts about Worsham including that Worsham was engaged in the criminal practice of law without a license for several years." (ECF No. 51 at 1.) Worsham complains of the Court's correcting an "unintended ambiguity" so as to allow for consideration of Worsham's objections to a Magistrate Judge's Report and Recommendations in this matter. (*Id.*) In addition, he complains of this Court's noting previously filed cases by Worsham, of which it is entirely proper for a court to take judicial notice. Finally, Worsham asserts that the undersigned Judge

4

accused him of the crime of practicing law without a license when noting that Worsham has not been licensed to practice law since 2015. None of these assertions suggests any type of bias by the undersigned Judge. Accordingly, because Worsham has not articulated any actionable basis for the undersigned Judge's disqualification, Worsham's Motion to Disqualify or Recuse Judge (ECF No. 51) is DENIED.

## II.     Motion to Alter or Amend

Worsham moves to alter or amend the judgment pursuant to both Federal Rules of Civil Procedure 59(e) and 60(b). Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, while Rule 60 provides for relief from judgment. *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011). As this Court explained in *Cross v. Fleet Reserve Ass'n Pension Plan*, WDQ-05-0001, 2010 WL 3609530, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

(footnote omitted). Worsham filed his motion within 28 days of this Court's Order dismissing this case. Accordingly, Rule 59(e) governs this Court's analysis. *See, e.g.*, *Knott v. Wedgwood*, DKC-13-2486, 2014 WL 4660811, at *2 (D. Md. Sept. 11, 2014) ("Although Plaintiff purports to bring his motion for reconsideration under Rule 60(b)(1), because it was filed within twenty-eight days of entry of the underlying order, it is properly analyzed under Rule 59(e).")

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment may be amended under Rule 59(e) in only three circumstances: (1) to

5

accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g., Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008); *see also Fleming v. Maryland National Capital Park & Panning Commission*, DKC-11-2769, 2012 WL 12877387, at *1 (D. Md. Mar. 8, 2012). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *see also Kelly v. Simpson*, RDB-16-4067, 2017 WL 4065820, at *1 (D. Md. Jan. 26, 2017). Moreover, "[t]he district court has considerable discretion in deciding whether to modify or amend a judgment." *Fleming*, 2012 WL 12877387, at *1.

Plaintiff argues that the Court incorrectly concluded that the telephone number in question was a business number and not a residential number, as required to state a claim for relief under the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227(a), (b) and the Maryland Telephone Consumer Protection Act ("MDTCPA"), Md. Code Ann., Com. Law § 14-3201(2).[2] Worsham asserts that the Court did not "accept as true the facts alleged in" his Complaint and instead, took judicial notice from an allegedly incorrect PACER docket that the subscriber number was a business number rather than a residential number.

---

[2] Worsham also takes issue with the Court's noting that he is not licensed to practice law. (ECF No. 49 at 1.) He asserts that "the Court found without any evidence whatsoever that Worsham was engaged in the practice of law without a license in 2018…and further found he used his home number for this illegal activity." (*Id.*) The Court did not make such a finding in its Memorandum Opinion, instead simply noting that Worsham himself acknowledged that "in October 2014 [he] was disbarred in the State of Maryland" and "was not licensed to practice law anywhere by or since 2015." (January 6, 2021 Memorandum Opinion at 1, ECF No. 47.) Contrary to Worsham's assertion, these acknowledgements did not serve as the basis for the Court finding that the number in question was a business, rather than residential, number. Rather, the Court found that, regardless of Worsham's bar status, he had registered the subject number as a business number with a federal court, which precluded him from bringing an action pursuant to the TCPA and MDTCPA. (*Id.* at 7-8.)

Specifically, Worsham's Complaint alleged that Worsham "has been the subscriber to the residential land line number 410-692-2749, which is on the National Do-Not-Call (DNC) list registry since July 15, 2006." (Compl. ¶ 1.) However, the Court noted that in another case, *Worsham v. TSS Consulting Group, LLC*, No. 6:18-cv-01692, 2019 WL 7482221 (M.D. Fla. Sept. 18, 2019), of which this Court took judicial notice, Worsham specifically provided the phone number 410-692-2749, the number he presently claims to be his residential landline, as the number for the "Law Office of Michael C. Worsham." (*See* Ex. A, PACER contact information from *TCC Consulting*, 2019 WL 7482221, ECF No. 28-1 at 21.) Worsham argues that the information on the PACER sheet was incorrect.

While it was not legal error for this Court to take judicial notice of Worsham's representations in the *TSS Consulting Case*, it was error for this Court to dismiss Worsham's case with prejudice and not to allow him to amend his Complaint to allege that the PACER information in that case is incorrect and to adequately allege that the subject telephone number was a residential number, not a business number. Accordingly, Worsham's Motion to Alter or Amend and Grant Relief from Judgment and Order (ECF No. 49) is GRANTED pursuant to the specifications outlined below.

For the foregoing reasons, it is this 13th day of April, 2021, HEREBY ORDERED that:

1. Plaintiff's Motion to Disqualify or Recuse Judge (ECF No. 51) is DENIED; and
2. Plaintiff's Motion to Alter or Amend and Grant Relief from Judgment and Order (ECF No. 49) is GRANTED, pursuant to the following specifications:
    a. This Court's January 6, 2021 Memorandum and Opinion and Order are

    hereby AMENDED as follows:

     i. Plaintiff's Complaint (ECF No. 3) is DISMISSED WITHOUT PREJUDICE with leave to file an Amended Complaint within thirty days of this Memorandum Order, i.e., by May 13, 2021. If an Amended Complaint is not filed by May 13, 2021, the Clerk of the Court is directed to CLOSE this case with a DISMISSAL WITH PREJUDICE.

3. The Clerk of the Court transmit copies of this Memorandum Order to *pro se* Plaintiff and to counsel of record.

               _____/s/_____
               Richard D. Bennett
               United States District Judge