**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **MICHAEL C. WORSHAM,**<br>**Plaintiff,**<br>**v.**<br>**DISCOUNT POWER, INC.,**<br>**Defendant.** | **Case No. 1:20-CV-00008-RDB**<br><br>**JULY 23, 2021** |

**DISCOUNT POWER, INC.'S REPLY TO**
**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

Defendant Discount Power, Inc. ("DPI") respectfully submits this Reply Memorandum to Plaintiff Michael C. Worsham's Opposition to DPI's Motion to Dismiss the Amended Complaint (Doc. No. 72) ("Opposition"). Throughout his Opposition, Plaintiff repeats his opinion that DPI's arguments are "frivolous" or "false." Despite these contentions, Plaintiff failed to put forth any convincing legal bases to rebut the arguments that DPI made in support of its Motion to Dismiss. The fact is that the Amended Complaint fails to state a plausible claim for relief. Each of the seventeen (17) previously dismissed counts are again pleaded insufficiently, as they contain inadequate factual allegations. In addition, the regulatory violations alleged under the Telephone Consumer Protection Act ("TCPA") and the Maryland Telephone Consumer Protection Act ("MDTCPA") do not provide a private right of action. Accordingly, the Court should grant DPI's Motion to Dismiss and dismiss the case with prejudice.

## I. BRIEF SUMMARY

In the Amended Complaint, Plaintiff re-alleges all seventeen (17) counts from his original Complaint, claiming violations of the TCPA and MDTCPA. This Court previously dismissed all seventeen (17) counts with prejudice; however, it altered its judgment to a dismissal without

prejudice, stating that "it was error for this Court to dismiss Worsham's case with prejudice and not allow him to amend his Complaint to allege that the PACER information in that case is incorrect and to adequately allege that the subject telephone number was a residential number, not a business number." (Doc. No. 53 at 7.) The Court's ruling did not state that the regulatory counts brought under the TCPA and MDTCPA were incorrectly dismissed and, indeed, could not do so because there exists no private right of action under the regulations. The Court's altered judgment did not impact this legal conclusion in any way.

Nonetheless, Plaintiff attempts to re-plead all the claims even though each count fails as a matter of law and the Court's ruling on the Motion to Alter or Amend addressed only the claims involving the National Do Not Call ("DNC") list (i.e. Counts I and V only). Numerous other Courts in the Fourth Circuit and beyond—including in cases involving the same Plaintiff—have concluded that the very same regulatory claims that Plaintiff re-pleads here fail as there is no private right of action. Although Plaintiff may disagree with those Courts, such disagreement does not change the fact that the law does not provide a private right of action for the regulatory claims that Plaintiff attempts to bring. In addition, the factual allegations are wholly inadequate, and the bare conclusions Plaintiff added to the Amended Complaint do not make the Amended Complaint sufficient. There is nothing magical here – Plaintiff's Amended Complaint must be dismissed.

## II. REPLY ARGUMENT

Plaintiff's Opposition seems to be based on Plaintiff's mistaken belief that each and every statement in the Amended Complaint must be taken as true. As the Court is well aware, however, only the *well pleaded* facts are taken as true when considering a motion to dismiss. Well pleaded facts are precisely what the Amended Complaint is missing. Plaintiff failed to allege sufficient facts to state a claim for any of the seventeen counts included in the Amended Complaint, and his

Opposition does not show otherwise. Moreover, Plaintiff likewise has failed to make a rational argument that there exists a private cause of action for the regulatory claims brought pursuant to the TCPA and MDTCPA. Plaintiff can continue to opine on what he believes the law should be or how courts should have ruled on certain issues, but doing so does not rebut the arguments in favor of complete dismissal of the Amended Complaint.

**A. Several Counts Fail to Plead Sufficient Facts**

Despite Plaintiff's baseless arguments to the contrary, Counts I, IV, V, VIII, IX–XI, and XII–XVII of the Amended Complaint fail to set forth sufficient facts to state plausible claims for relief. As such, the Court should dismiss these counts of the Amended Complaint.

1. <u>Counts I and V</u>

Plaintiff argues that DPI "[m]ischaracterizes the [a]llegations in the Amended Complaint" by arguing that Plaintiff does not know who physically initiated the calls alleged and that the Amended Complaint shows that entities other than DPI initiated the calls. (*See generally* Doc. No. 72-1 at 7–10.) He adds that DPI made "impermissible arguments in a Rule 12(b)(6) Motion by contesting the allegations rather than accepting them as required." (*Id.* at 7.) Plaintiff's arguments ignore the plain language of allegations and misunderstands the standard for resolving 12(b)(6) motions.

Despite Plaintiff's weak attempts to argue otherwise, he has not put forth any facts establishing that DPI actually initiated the calls. The absence of such facts is fatal to Counts I and V (and all the other Counts) because liability under the TCPA only arises when a person or entity initiates a telephone call. To "initiate" a call means to "takes the steps necessary to physically place a telephone call, and generally does not include persons or entities, such as third-party retailers, that might merely have some role, however minor, in the casual chain that results in the

making of a telephone call." *Hossfeld v. Gov't Employees Ins. Co.*, 88 F. Supp. 3d 504, 510 (D. Md. 2015) (quoting *In re Joint Petition by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6583 (2013)). Therefore, "a seller is only directly liable when it places the call." *Id.*

Plaintiff has pleaded no facts to establish that DPI physically placed any of the seven telephone calls outlined in the Amended Complaint. Instead, he alleges that he did not answer call 1 and the caller did not leave a message. (Am. Compl. at ¶ 15.) Thus, Plaintiff has alleged no facts to show DPI initiated call 1. For calls 2 and 6, Plaintiff alleges that the calls came from the recipient's "electric utility," not DPI. (*See id.*) Likewise, he alleges that calls 3, 4, and 5 came from Baltimore Gas & Electric ("BG&E"), not DPI. (*See id.*) Plaintiff alleges that, during call 7, he spoke with the same person to whom he spoke during the calls from BG&E. (*See id.*) Moreover, the newly added paragraph 73 does not save Plaintiff's case. That paragraph alleges in conclusory fashion that the calls were "initiated . . . to deliver a prerecorded message, for the commercial purpose to induce Worsham to switch his electric service provider from being BG&E and to induce him to purchase DPI's electrical service . . . ." (*Id.* at ¶ 73.) Paragraph 73 does not allege any facts showing that DPI physically initiated the calls at issue.

Furthermore, Plaintiff's assertion that arguments related to agency "are misplaced and inapplicable to Counts 1 and 5" (Doc. No. 72-1 at 10) is incorrect. No allegations indicate that DPI itself placed any of the calls at issue and, thus, the only way to hold DPI liable would be to establish liability under federal common law principles of agency. *See Hossfeld*, 88 F. Supp. 3d at 510. The Amended Complaint, however, contains zero facts to allege sufficiently that DPI is vicariously liable for any of the seven calls. Because Plaintiff failed to plead adequate facts showing either that DPI initiated the calls or that DPI is vicariously liable for the alleged violations

of the TCPA, Counts I and V must be dismissed.[1]

2. Counts IV and VIII

Plaintiff maintains that he sufficiently stated a claim for relief in Counts IV and VIII. (*See* Doc. No. 72-1 at 28–32.) Plaintiff is wrong. Plaintiff relies on paragraph 73 of the Amended Complaint to try to save these Counts, and asserts that "DPI does not even understand ¶ 73 of the [Amended Complaint]." (*Id.* at 31.) However, as discussed *supra* in Part II.A.1, paragraph 73 is a conclusory statement that fails to plead adequate facts and, therefore, cannot save the Amended Complaint from complete dismissal. In addition, the conclusory statements in paragraph 73 that DPI initiated the calls contradict what Plaintiff represents was stated on the calls in paragraph 15.

Plaintiff has not and cannot allege any plausible facts to show that DPI actually initiated call 1. The Amended Complaint provides that Plaintiff did not answer call 1 and there was no message left. (Am. Compl. at ¶ 15.) Therefore, Plaintiff cannot show who initiated the call, and he certainly should not be able to speculate about what the purpose or contents of the call might have been.

Nor has Plaintiff alleged sufficient facts to show that DPI initiated calls 2–6. The Amended

[1] In the section of his Opposition addressing Counts I and V, Plaintiff argues that "DPI's continued baseless accusations that Worsham engaged in the criminal practice of law without a license deserves Rule 11 sanctions." (Doc. No. 72-1 at 6.) Footnote 2 of DPI's opening Memorandum of Law seems to be the basis of Plaintiff's argument. (*See id.*) Plaintiff's demand for Rule 11 sanctions is truly frivolous. First, neither DPI nor its counsel have accused Plaintiff of engaging in the criminal practice of law. Second, this Court has already declined to sanction DPI's counsel, concluding that "[i]t was not unreasonable for Discount Power to take the position that it relied on the federal court docket as a representation that either the number was a law firm number or Mr. Worsham had consented to use of his telephone number as a law firm number." (Doc. No. 40 at 6; *see also* Doc. No. 44 (adopting as Order of the Court Magistrate Judge's Report and Recommendation (Doc. No. 40).) Plaintiff himself also failed to comply with Rule 11. Plaintiff's insistence that the Court issue sanctions is inappropriate and, quite frankly, offensive, especially given the wasted time by Defendant and this Court on this meritless case and the fact that this Court and the *Direct Energy* Court already rejected the issuance of sanctions that Plaintiff sought because of DPI's and Direct Energy's reliance on the federal court docket reflecting Plaintiff's phone number as a law firm number. (*See* Doc. Nos. 40 and 44; *see also Worsham v. Direct Energy Servs., LLC*, No. 1:20-CV-00193 (SAG), 2021 WL 948819, at *1 n.1 (denying Worsham's motion for sanctions against Direct Energy because "Direct Energy appears to have accurately represented the court record and is making a potentially valid point that could extinguish its TCPA liability.")) The fact that DPI raised a reasonable argument that Plaintiff disagrees with is not sanctionable. Plaintiff's actions and filings (in this case and others) are nothing short of abusive and harassing.

Complaint asserts that calls 2 and 6 came from Plaintiff's "electric utility," and that calls 3–5 came from BG&E. (*See id.*) This Court concluded previously that Plaintiff pleaded insufficient facts to support his claim that DPI initiated calls 2–6 (Doc. No. 47 at 12), and it should do so again here. Plaintiff believes that paragraph 73 saves the day; however, it does nothing more than restate the bare-bones conclusory statements made elsewhere in the Amended Complaint. Without adequate facts establishing that DPI initiated calls 2–6, Counts IV and VIII must be dismissed again.

Further, as argued in DPI's opening Memorandum of Law, the Court should dismiss these counts for the third reason that, as discussed *supra* in Part IV.A, Plaintiff has not properly alleged beyond threadbare assertions and legal conclusions that Defendant used an ATDS to make the calls. To the extent he has alleged adequately that DPI even initiated the calls at issue—which he has not—his failure to provide any factual support concerning the use of an ATDS is fatal to his claims.

3. Counts IX–XI

There is no private right of action for the alleged regulatory violations claimed in Counts IX–XI and, thus, Counts IX–XI should be dismissed solely for that reason. *See infra* Part II.B.1. Alternatively, Plaintiff has pleaded zero facts to establish that DPI violated the regulations cited in Counts IX–XI. Counts IX and XI make only bare assertions of a violation, which are insufficient to survive this Motion to Dismiss. Moreover, Count X must be dismissed because the allegations make clear that the calls came from Plaintiff's "electric utility" and/or BG&E. (*See* Am. Compl. at ¶ 15.) At most, Plaintiff makes conclusory statements that DPI violated the cited regulations but, as the Court is well aware, Plaintiff must plead *facts* to state a claim. Because he has not done so, and nothing in Plaintiff's Opposition shows otherwise, the Court should dismiss Counts IX–XI.

4. Counts XII–XVII

As discussed in the opening Memorandum of Law, and *infra* at Part II.B.2, no private right of action exists for the regulatory violations alleged in Counts XII–XVII. In addition to that reason for dismissal, Counts XII–XVII can also be dismissed because Plaintiff has not pleaded any facts to support these claims. In his Opposition, Plaintiff does not even attempt to rebut the arguments DPI made in its opening memorandum regarding the inadequate factual allegations except to call them "mischaracterizations." (*See* Doc. No. 72-1 at 35.) Plaintiff can use colorful language to express his opinion of DPI's arguments; however, such language does not rebut DPI's arguments in support of dismissal.

For instance, Plaintiff does not rebut the argument related to Count XII that the Amended Complaint identifies a dialer number for the calls at issue and, more importantly, that the regulation does not always require that the name of the caller be provided. *See* 16 C.F.R. § 310.4(a)(8); *see also Worsham v. Travel Options, Inc.*, JKB-14-2749, 2016 WL 4592373, at *8 (D. Md. Sept. 2, 2016). Nor does Plaintiff rebut the argument that, even taking the inadequate allegations as true for purposes of this Motion only, the Amended Complaint asserts that BG&E and/or DPI sought to sell energy services, thereby satisfying the requirements in the regulation. *See id.* Thus, Plaintiff's allegations are in no way indicative of a violation of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310.1, *et seq.* Counts XII–XVII fail to state plausible claims for relief and, therefore, the Court should dismiss them.

**B. There is No Private Right of Action for Counts II, III, VI, IX–XVII**

Despite substantial case law to the contrary, Plaintiff insists that he can bring claims for which there does not exist a private right of action. Counts II, III, VI, and IX–XVII attempt to allege various regulatory violations; however, multiple courts have dismissed identical claims—

brought by this same Plaintiff—reasoning that no private right of action exists. Plaintiff may disagree with the case law, but that does not change the reality of what the law is.

1. Counts II, III, VI, and IX–XI

In its opening Memorandum of Law, DPI cited numerous instances in which courts, including courts in this District, concluded that there is no private right of action under 47 C.F.R. §§ 64.1200(d)(4), 64.1601(e)(1), or 64.1200(b)(1)-(3). (*See* Doc. No. 64-1 at 8, 9, 12.) Plaintiff argues in his Opposition that these cases were decided wrongly and that a private cause of action does exist under these regulations. (*See* Doc. No. 72-1 at 12–28, 32–34.) However, Plaintiff's argument, which he has rehashed over and over only to be rejected over and over, ignores that none of the cases holding that no private right of action exists—including those from this District—have been reversed on appeal or otherwise invalidated.[2] Plaintiff has set forth no binding or persuasive authority to establish that the above-cited regulations provide a private right of action or that the courts that have decided otherwise were wrong. Counts II, III, VI, and IX–XI fail as a matter of law because there do not exist a private right of action for any of the claims pleaded in those counts and, therefore, this Court should dismiss those Counts from the Amended Complaint.

2. Counts XII–XVII

The allegations contained in the Amended Complaint clearly and unambiguously establish that Plaintiff has no private right of action under the Telemarking Sales Rules, 16 C.F.R. § 301.1, *et seq*. ("TSR"). Nonetheless, Plaintiff maintains that he had pleaded adequately claims under the TSR. Plaintiff is wrong.

Plaintiff argues that the $50,000 damages threshold is irrelevant (*see* Doc. No. 72-1 at 34), but that argument is contrary to the law. In order to have a private right of action under the TSR,

[2] This is precisely the abusive and harassing conduct—repeatedly advancing frivolous arguments—referenced in note 1, *supra*.

Plaintiff must have alleged actual damages in excess of $50,000. That is the law, regardless of whether Plaintiff likes it or not. The Amended Complaint clearly and unambiguously alleges *at most*, a total of $36,500 in damages under the MDTCPA. The alleged damages, therefore, fall far short of what is necessary to claim a private right of action under the TSR. Because Plaintiff's alleged damages fail to meet the statutory requirements, Counts XII–XVII fail as a matter of law and must be dismissed.

### C. Plaintiff has Not Alleged Knowing or Willful Conduct by DPI

Plaintiff maintains that DPI's argument that he did not plead willful or knowing conduct is "very frivolous," and relies on the allegations related to his 2017 lawsuit against DPI as support for his contention. (*See* Doc. No. 72-1 at 35.) However, the fact that Plaintiff sued DPI previously does not establish that, in this instance, DPI committed knowing or willful violations of the TCPA or MDTCPA. Indeed, the Amended Complaint does not even allege adequately that DPI committed violations of the TCPA or MDTCPA, let alone "willful" or "knowing" violations. Because Plaintiff has not alleged knowing or willful conduct, he cannot be entitled to treble damages under the TCPA or MDTCPA. Moreover, *pro se* Plaintiffs are not entitled to attorneys' fees and, even if Plaintiff retains an attorney, he would not be able to recover attorneys' fees especially given the inadequacy of the Amended Complaint.

## III. CONCLUSION

Plaintiff fails in his Opposition to make any reasonable and convincing argument against dismissal of the Amended Complaint. Then again, how could he make such arguments? The Amended Complaint lacks any facts to support the essential elements that Plaintiff is required to prove, and there is no private right of action for the regulatory violations that Plaintiff asserts in the Amended Complaint. Plaintiff's claims of frivolity and mischaracterizations are utterly

baseless and serve only to waste this Court's time instead of substantively responding to DPI's arguments in favor of dismissal. All seventeen of the re-pleaded counts in the Amended Complaint remain deficient and, therefore, the Court should grant DPI's Motion to Dismiss with prejudice.

Dated: July 23, 2021

Respectfully submitted,

DEFENDANT,
DISCOUNT POWER, INC.

*<u>/s/ Thomas C. Blatchley</u>*
Thomas C. Blatchley (*Pro Hac Vice*)
Gordon & Rees LLP
95 Glastonbury Boulevard, Suite 206
Glastonbury, CT 06033
Phone: (860) 494-7525
Fax: (860) 560-0185
Email: tblatchley@grsm.com

Brian A. Scotti (Bar # 18249)
Gordon & Rees LLP
1101 King St., Suite 520
Alexandria, VA 22314
Phone: (202) 399-1009
Fax: (202) 800-2999
Email: bscotti@grsm.com
Counsel for Discount Power, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.

*/s/ Thomas C. Blatchley*
Thomas C. Blatchley