IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL C. WORSHAM, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-20-0008 |
| DISCOUNT POWER, INC. | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

*Pro se* Plaintiff Michael C. Worsham ("Plaintiff" or "Worsham") has filed an Amended Complaint against Defendant Discount Power, Inc. ("Defendant" or "Discount Power"), asserting various violations of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Maryland Telephone Consumer Protection Act ("MDTCPA"), Md. Code Ann., Com. Law § 14-3201, on the basis of seven calls allegedly made by the Defendant to Worsham's landline within a five-day period in November of 2019. (Am. Compl., ECF No. 54.) Presently pending before this Court is the Defendant's Motion to Dismiss Plaintiff's Amended Complaint.[1] (ECF No. 64.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, the Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 64) is GRANTED IN PART and DENIED IN PART. Specifically, Defendant's Motion is GRANTED as to

---

[1] Also pending is the Plaintiff's Motion for Summary Judgment. (ECF No. 67.) On June 24, 2021, this Court granted an extension of time for Defendant to respond to Plaintiff's Motion for Summary Judgment until after this Court's ruling on Defendant's Motion to Dismiss. (ECF No. 71.)

Counts 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17, and those Counts are DISMISSED WITH PREJUDICE.  Defendant's Motion is DENIED as to Counts 1 and 5.

## BACKGROUND

This Court accepts as true the facts alleged in the Plaintiff's Amended Complaint (ECF No. 54).  *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).  The background of this case was discussed at length in this Court's January 6, 2021 Memorandum Opinion. (ECF No 47.)  In brief, *pro se* Plaintiff Worsham filed a Complaint against Defendant Discount Power, Inc. ("Defendant" or "Discount Power"), asserting various violations of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Maryland Telephone Consumer Protection Act ("MDTCPA"), Md. Code Ann., Com. Law § 14-3201, on the basis of seven calls allegedly made by the Defendant to Worsham's landline within a five-day period in November of 2019. (Compl., ECF No. 3.)  Worsham asserted that he has been a subscriber to the residential landline number 410-692-2749, which has been on the National Do-Not-Call ("DNC") list registry since July 15, 2006.  (*Id.* ¶ 1.)  Defendant Discount Power is a Connecticut for-profit corporation, which Worsham claims has engaged "in concert" with a telemarketing call center and other persons in a civil conspiracy to call consumers, including numbers on the DNC list registry using an automatic telephone dialing system ("ATDS") to initiate and deliver telemarketing calls to solicit people to buy energy products and/or services. (*Id.* ¶¶ 2, 3.)

Worsham's suit stemmed from seven specific calls that he claims Discount Power made to his landline number in a five-day period in November of 2019.  (*Id.* ¶ 9.)  On the basis of these phone calls, Worsham asserted that the Defendant intentionally used robocalls and "lead

generating telemarketers" to avoid individuals from being able to identify Discount Power and "get around" the requirements of the Telephone Consumer Protection Act ("TCPA"). (*Id.* ¶ 12.) His 17-count Complaint, originally filed in the Circuit Court for Harford County, Maryland, alleged violations of the federal TCPA (Counts 1-4) as well as Maryland's Telephone Consumer Protect Act ("MDTCPA") (Counts 5-17) and sought $84,500 in damages, attorney's fees, costs, and injunctive relief. (*Id.* ¶¶ 72, 76.) On January 3, 2020, Discount Power removed the case to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441. (*See* ECF No. 1.)

On January 6, 2021, this Court granted Defendant Discount Power's Motion to Dismiss, finding that Worsham's 17-Count Complaint failed to state a claim for relief and dismissing all of his claims with prejudice. (ECF Nos. 47, 48.) Specifically, the Court found that Worsham's claims under Section 227(a) of the TCPA failed because Worsham asserted no facts to support his allegation that the calls "were all initiated and made with an 'automated telephone dialing system ("ATDS"),'" as required to state a claim under 47 U.S.C. § 227(a). (ECF No. 47 at 6.) The Court also dismissed Worsham's claims under Section 227(b), finding that the telephone number in question was Worsham's business number and not his residential number. (*Id.* at 6-7.)

On February 3, 2021, Worsham moved to Alter or Amend this Court's Judgment and Order, arguing that the Court incorrectly concluded that the telephone number in question was a business number and not a residential number. (ECF No. 49.) Worsham asserted that the Court took judicial notice from an allegedly incorrect PACER docket that the subscriber number was a business number rather than a residential number. *See Worsham v. TSS Consulting*

*Group, LLC*, No. 6:18-cv-01692, 2019 WL 7482221 (M.D. Fla. Sept. 18, 2019). In the *TSS Consulting* case, Worsham specifically provided the phone number 410-692-2749, the number he presently claims to be his residential landline, as the number for the "Law Office of Michael C. Worsham." *Id.* On April 13, 2021, this Court granted Worsham's Motion to Alter or Amend in this case, finding that while it was not error for the Court to take judicial notice of Worsham's representations in the *TSS Consulting* case, it was error for this Court to dismiss Worsham's case with prejudice and not to allow him to amend his Complaint to allege that the PACER information in the *TSS Consulting* case was incorrect and to adequately allege that the subject telephone number was a residential number, not a business number. (ECF No. 53.)

On May 13, 2021, Worsham filed his Amended Complaint, re-alleging the same 17 Counts and adding more information regarding the subject telephone number. (Am. Compl., ECF No. 54.) Worsham also amended his damages claim from $84,500 to $77,000. (*Id.*) On June 10, 2021, Discount Power filed the pending Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 64).

**STANDARD OF REVIEW**

The Defendant Discount Power moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), under which the Plaintiff's pleading is subject to dismissal if it "fails to state a claim upon which relief can be granted." Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the

merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

This Court is mindful of its obligation to liberally construe the pleadings of *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**ANALYSIS**

Worsham's Amended Complaint re-alleges the same 17 counts from his original Complaint, with some additional information regarding the subject telephone number. Worsham's Amended Complaint does not, however, cure many of the deficiencies noted by this Court in its January 6, 2021 Memorandum Opinion. Only Counts 1 and 5, which this Court dismissed based on its determination that Worsham's subject number was a business number, shall survive. Counts 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 shall be dismissed with prejudice.

Worsham generally asserts that Discount Power violated Sections 227(a) and (b) of the federal Telephone Consumer Protection Act ("TPCA"), 47 U.S.C. § 227(a) and (b), and by extension, the Maryland Telephone Consumer Protection Act ("MDTCPA"), Md. Code Ann., Com. Law § 14-3201(2), which provides that a person may not violate the federal TCPA. (*See* ECF No. 54 ¶¶ 46, 47.) With respect to Section 227(a), Worsham alleges that Discount Power calls "were all initiated and made with an 'automated telephone dialing system' ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200(f)(2)." (*Id.* ¶ 46.) However, Worsham again fails to assert any facts to support this allegation that Discount Power used an ATDS. Accordingly, to the extent that Plaintiff's claims are based on Section 227(a), those claims must be dismissed with prejudice.

With respect to Worsham's claims on the basis of Section 227(b), this Court finds that Worsham has adequately alleged that the subject telephone number is "residential." Section 227(a) of the TCPA provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

6

> . . .
> (B) to initiate any telephone call to any *residential* telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed or guaranteed by the United States, or is exempted by rule or order by the Commission under paragraph (2)(B); . . . .

*See* 47 U.S.C. § 227(b)(1)(B). In his Amended Complaint, Worsham now alleges the subject telephone number was not a business line and that "Plaintiff never at any time identified his law practice as 'Law Office of Michael C. Worsham' or any name starting with 'Law Office of…' to any person or court." (Am. Compl. ¶ 43.) He further alleges that the federal filings in his suit against TSS Consulting in the Florida action "fooled a federal Judge" into believing the number was a business number, and not a residential number. (*Id.* ¶ 41.) Accepting Worsham's allegations as true, this Court finds that there is not clear evidence that the phone line was used only or primarily as a business line, and Worsham's claims under Section 227(b) may be viable. *See Smith v. Truman Road Development, LLC*, No. 4:18-cv-00670-NKL, 2020 WL 2044730, at *11 (W.D. Mo. Apr. 28, 2020) (when clear evidence that a cell phone line is used only or primarily as a business line, summary judgment granted to the defendants); *Mattson v. Quicken Loans Inc.*, No. 3:18-CV-00989-YY, 2019 WL 7630856, at *5 (D. Or. Nov. 7, 2019) (same).

### I. Counts 1 and 5

Worsham alleges in Counts 1 and 5 that the phone calls to his number violated the TCPA and FCC regulation 47 C.F.R. § 64.1200(c)(2), and by extension the MDTCPA, because his number was on the National Do-Not-Call ("DNC") registry. (Am. Compl. ¶¶ 68, 74.) Given that Worsham has now adequately alleged that the subject phone number was

residential and that he never registered the number as a law firm's number with a federal court, Worsham has sufficiently pled claims for violations of the TCPA and FCC regulation 47 C.F.R. § 64.1200(c)(2), and by extension the MDTCPA, because he alleges his residential number was on the National Do-Not-Call ("DNC") registry. In the January 6, 2021 Memorandum Opinion, this Court had dismissed these claims because it determined that Worsham had registered the subject number as a law firm's number with a federal court in the *TSS Consulting case*. (ECF No. 47 at 7-8.) In his Amended Complaint, however, Worsham now asserts that he "never at any time identified his law practice as 'Law Office of Michael C. Worsham' or any name starting with 'Law Office of…' to any person or court." (Am. Compl. ¶ 43.) Accordingly, accepting Worsham's allegations as true at this juncture, Counts 1 and 5 shall survive.

## II.  Counts 2 and 6

With respect to Counts 2 and 6, Worsham's Amended Complaint still fails to state a claim for relief. In these counts, Worsham claims Discount Power violated the TCPA and FCC regulation 47 C.F.R. § 64.1200(d)(4), which requires a telemarketer "to provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and the telephone number or address at which the person or entity may be contacted." In *Worsham v. Travel Options, Inc.*, this Court rejected Worsham's same argument in a separate TCPA action: Chief Judge Bredar of this Court noted that "§ 64.1200(d)(4) is more appropriately viewed as setting procedural standards and, therefore, within the realm of the TCPA's subsection *d*, for which no private right of action exists." No. JKB-14-2749, 2016 WL 4592373, at *7 (Sept. 2, 2016) (citing *Burdge v. Assn. Health Care Mgmt., Inc.*, No. 1:10-cv-

00100, 2011 WL 379159, at *3 (S.D. Ohio Feb. 2, 2011)). This Court concluded that Worsham did not possess a private right of action as to an alleged violation of 47 C.F.R. § 64.1200(d)(4), and by extension the MDTCPA, and thus held that he failed to state claims for relief for TCPA and MDTCPA violations. *Travel Options*, 2016 WL 4592373, at * 7. For the same reasons, Counts 2 and 6 fail to state a claim and must be dismissed with prejudice.

### III. Counts 3 and 7

This Court's opinion in *Travel Options* also rejected the sort of claims made by Worsham in Counts 3 and 7. In these counts, Worsham alleges that Discount Power violated the TCPA for allegedly failing to transmit complete Caller ID information with name and number in violation of FCC regulation 47 C.F.R. § 64.1601(e)(1). (ECF No. 54 ¶¶ 71, 76[2].) As this Court explained in *Travel Options*, a violation of § 64.1601(e)(1) is a violation of technical and procedural standards under subsection (d), and as discussed above, no private right of action exists under that subsection of the TCPA. 2016 WL 4592373, at * 7. For this reason, both Counts 3 and 7 fail to state a claim for relief and must be dismissed with prejudice.

### IV. Counts 4 and 8

In Counts 4 and 8 Worsham alleges that Discount Power violated the TCPA, and by extension the MDTCPA, when it violated FCC regulation 47 C.F.R. § 64.1200(a)(3). (ECF No. 54 ¶¶ 72, 73, 77.) Section 64.1200(a)(3) prohibits a person from initiating:

> any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party, unless the call;
> (i)     Is made for emergency purposes;

---

[2] While Worsham includes a Count 7 in his Amended Complaint, he concedes that "Defendant's violations in Count 3 do not violate the MD-TCPA and [he] does not seek any damages for Count 7." (Am. Compl. ¶ 76.)

  (ii)  Is not made for a commercial purpose;
  (iii)  Is made for a commercial purpose but does not include or introduce an advertisement or constitute telemarketing;
  (iv)  Is made by or on behalf of a tax-exempt nonprofit organization;
  (v)  Or delivers a "health care" message made by, or on behalf of, a "covered entity" or its "business associate," as those terms are defined in the HIPPA Privacy Rule, 45 CFR § 160.103.

47 C.F.R. § 64.1200(a)(3). Again, Worsham has failed to properly plead facts that the calls in this case do not fall within (iii), where a call is made "for a commercial purpose but does not include or introduce an advertisement or constitute telemarketing." FCC regulations define advertisement as "any material advertising the commercial availability or quality of any property, goods, or services." 47 C.F.R. § 64.1200(f)(1). Similarly, they define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12). Worsham fails to state a plausible claim with respect to a discount or rebate on his already-purchased and paid-for electrical services and how this constitutes an advertisement or telemarketing within the meaning of these definitions. Courts have held that coupons and discounts may be "advertisements" within the meaning of the TCPA where they "plausibly appear to both advertise the availability and of and encourage the purchase of particular goods," *Larson v. Harman Mgmt. Corp.*, No. 1:16-cv-00219-DAD-SKO, 2016 WL 6298528, at *4 (E.D. Cal. Oct. 27, 2016), but Worsham has not alleged any facts to support his claim that the messages encouraged purchase of any products or services.

  Further, Worsham's Amended Complaint does not provide well-pleaded allegations that Discount Power actually initiated the calls to his telephone number. With respect to the first call Worsham claims he received from the Defendant, he asserts that he did not answer

10

the call and that there was no message. (Am. Compl. ¶ 15.) As the Complaint asserts, two of the calls stated that the call was from the recipient's "electric utility," and three others were seemingly from Baltimore Gas & Electric. (*Id.*) The prerecorded messages did not include any statement that the calls were from Discount Power. Instead, Worsham contends that when he dialed "1" as instructed, he was connected to live representatives. (*Id.*) He further asserts that with respect to two of these calls he could not get the representative to provide a name of his or her employer or a number for that employer. (*Id.*) With respect to the others, Worsham asserts that either the representative said he or she worked for Discount Power, or that he asked if the representative worked for Discount Power and he or she responded yes. (*Id.*) These facts alleged do not support Worsham's conclusory allegations that Defendant Discount Power initiated the prerecorded calls—which he also conclusory alleges constituted telemarketing or advertisements. Counts 4 and 8 fail to state a claim for relief and must be dismissed with prejudice.

## V.   Counts 9-11

Worsham alleges in Counts 9-11 that Discount Power's calls violated the TCPA and FCC regulation 47 C.F.R. § 64.1200(b)(1), (b)(2), and (b)(3), as well as the MDTCPA, for: (1) failing to provide an automated interactive voice or key activated opt out mechanism (Count 9); (2) failing to state clearly the identity of the business, individual or entity responsible for initiating the call (Count 10); and (3) failing to state clearly the telephone number of the business or individual (Count 11). (Am. Compl. ¶¶ 78-80.) In *Hurley v. Wayne County Board of Education*, the court held that provisions of 47 C.F.R. § 64.1200(b) flow directly from the directives of Section 227(d)(3) of the TCPA. No. 3:1-16-9949, 2017 WL 2454325, at *4 (S.D.

11

W. Va. June 6, 2017). The court noted that Sections 227(b)(3) and (c)(5) include language that explicitly states a plaintiff may bring "an action based on a violation of . . . the regulations prescribed under this subsection." *Id.* However, Section 227(d) does not contain this language. *Id.* The court held that "[w]ithout such language in Section (d), the Court is compelled to find that Congress did not intend private parties to enforce either Section 227(d) or the regulations prescribed pursuant to that section." *Id.* Counts 9-11, which improperly allege causes of action based on alleged violations of 47 C.F.R. § 64.1200(b), are dismissed with prejudice.

### VI. Counts 12-17

Finally, in Counts 12-17, Worsham alleges violations of the MDTCPA on the basis of alleged violation of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310.1 *et seq.* The MDTCPA provides that a person may not violate the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101 through 6108, as implemented by the Federal Trade Commission in the TSR. Md. Code Ann., Com. Law § 14-3201(1). (Am. Compl. ¶¶ 81-87.) Specifically, Worsham alleges violations of TSR §§ 310.4(a)(8) (Count 12), 310.4(b)(1) (Count 13), 310.4(d)(1) (Count 14), 310.4(b)(1)(v) (Count 15), 310.8(a) (Count 16), and 310.3(a)(4) (Count 17). Worsham's claims in these counts again fail to state a claim for relief.

As the Maryland Court of Special Appeals held in one of Worsham's previous cases, the MDTCPA has been interpreted to only provide a private right of action when a federal action already exists. *See Worsham v. Ehlrich*, 957 A.2d 161, 172 (Md. Ct. Sp. App. 2008). In order to bring a case under the TSR, a plaintiff must allege actual damages in excess of $50,000. *See* 15 U.S.C. § 6104(a). Worsham now alleges a total of $36,500 in statutory damages under

Maryland law, and therefore he cannot meet the $50,000 threshold. (Am. Compl. ¶ 95.) Further, he fails to plead facts that suggest Discount Power is a "telemarketer" or "seller," as defined in 16 C.F.R. § 310.2(dd) and (ff), for the same reasons that he fails to establish the calls constituted telemarketing or advertisements. The FCC defines "seller" as "any person who, in connection with a telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to the customer in exchange for consideration." 16 C.F.R. § 310.2(dd). Similarly, telemarketing is defined as "a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call." 16 C.F.R. § 310.2(ff). As explained above, the facts alleged do not support Worsham's conclusory allegations that the Defendant made the subject telephone calls, nor that the recorded messages sought to induce the purchase of any goods or services.

Even if the TSR was applicable in this case, a review of Worsham's Amended Complaint shows that he has not alleged facts to support the conclusory allegations made in Counts 12-17. For example, in Count 12, there are no facts asserted to support the claim that the Defendant failed to transmit complete Caller ID information—the Amended Complaint in fact provides a number (Am. Compl. ¶ 15), and the regulation does not always require a name of the telemarketer, 16 C.F.R. § 310.4(a)(8). *See Travel Options*, 2016 WL 4592373, at * 8. Similarly, in Count 16, Worsham fails to allege any facts that suggest the Defendant failed to pay the annual fee for the DNC list for his area code. (Am. Compl. ¶ 85). In Count 17 he fails to assert what "misleading" statement was in fact made by the Defendant. (*Id.* ¶ 86.)

13

Overall, Worsham's Amended Complaint fails to state a claim for relief in Counts 12-17, as he does not have a valid claim under the TSR. These claims must be dismissed with prejudice.

### VII. Plaintiff Is Not Entitled to Treble Damages or Attorney's Fees

Worsham again claims in his Amended Complaint that he is entitled to treble damages under 47 U.S.C. § 227(b) because the Defendant willfully or knowingly violated the TCPA or FCC regulations. (ECF No. 54 ¶ 90.) He also alleges he is entitled to reasonable attorney's fees as may apply under Md. Code Ann., Com. Law § 14-3202(b)(1). (*Id.* ¶ 95.) Again, neither of these claims have merit. Worsham has failed to plead any facts to support his allegations that Discount Power violated the TPCA willfully or knowingly. Additionally, he has filed this action "*pro se*," as he is a not a licensed lawyer. (*See* Am. Compl. ¶ 42 ("Plaintiff practiced law until mid 2014, and has not identified himself as a lawyer since then.").) Therefore, Worsham is not entitled to attorney's fees, as he is not a licensed attorney anywhere in the United States.

### CONCLUSION

For these reasons, the Defendant Discount Power's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 64) is GRANTED IN PART and DENIED IN PART. Specifically, Defendant's Motion is GRANTED as to Counts 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17, and those Counts are DISMISSED WITH PREJUDICE. Defendant's Motion is DENIED as to Counts 1 and 5.

A Separate Order follows.

Dated: July 29, 2021

/s/
Richard D. Bennett
United States District Judge

15