**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **MICHAEL C. WORSHAM,**<br>**Plaintiff,**<br>**v.**<br>**DISCOUNT POWER, INC.,**<br>**Defendant.** | **Case No. 1:20-CV-00008-RDB**<br><br>**AUGUST 26, 2021** |

**DISCOUNT POWER, INC.'S OPPOSITION TO**
**PLAINTIFF'S MOTION FOR RECONSIDERATION**

Federal Rule of Civil Procedure 60 sets out the bases for seeking relief from a Court's judgment or order, not one of which is the losing party's disappointment or disagreement with the Court's adverse decision. If a losing party does not satisfy any of the specific grounds for reconsideration enumerated in Fed. R. Civ. P. 60(b)(1)–(5), he must show that extraordinary circumstances exist to obtain relief under Fed. R. Civ. P. 60(b)(6). Plaintiff Michael C. Worsham ("Plaintiff") fails to satisfy any grounds for this Court to reconsider its decision on Defendant Discount Power Inc.'s ("DPI") Motion to Dismiss Plaintiff's Amended Complaint. Plaintiff's Motion for Reconsideration should be denied.

The Court granted in part and denied in part the DPI's Motion to Dismiss Plaintiff's Amended Complaint. A combination of inadequate factual allegations and attempts to assert claims for which no private right of action exist lead to the Court dismiss with prejudice fifteen of the seventeen causes of action asserted in the Amended Complaint. Unhappy with the Court's decision, Plaintiff now moves for reconsideration of, and relief from that ruling. However, Plaintiff has not made even a minimal showing that reasons exist entitling him to relief from the Court's order dismissing with prejudice Counts II, III, IV, VI, VII, VIII, IX, X, XI, XII, XIII, XIV,

XV, XVI, and XVII of the Amended Complaint. His rehashing the same arguments that the Court rejected during its consideration of DPI's Motion to Dismiss, introducing case law that was readily available to him at the time he submitted his opposition to DPI's Motion, and baseless pontificating on what the law should be does not suffice for relief under Rule 60(b)(6). Additionally, DPI would suffer significant prejudice if the Court granted Plaintiff's Motion, as it has already been burdened with having to respond to Plaintiff's baseless motion. Accordingly, the Court should deny Plaintiff's Motion for Reconsideration.

## I. PROCEDURAL BACKGROUND

Plaintiff initially filed this lawsuit on November 25, 2019, and DPI removed the case to this Court on January 2, 2020. (*See* Doc. No. 1.) On June 17, 2020, DPI filed a Motion to Dismiss the Complaint in its entirety, which the Court granted on January 6, 2021, dismissing all seventeen counts of the Complaint with prejudice. (*See* Doc. Nos. 28, 47, and 48.) Plaintiff then filed a Motion to Alter or Amend and Grant Relief from Judgment and Order, which the Court granted in part, altering the judgment to a dismissal without prejudice. (*See* Doc. Nos. 49 and 53.) Plaintiff then filed his Amended Complaint, in which he re-asserted all seventeen previously dismissed causes of action, again failing to allege adequate facts to support his claims. (*See* Doc. No. 54.) DPI subsequently moved to dismiss the Amended Complaint in its entirety, and the Court granted in part and denied in part DPI's Motion to Dismiss on July 29, 2021. (*See* Doc. Nos. 64, 74, and 75.) Specifically, the Court dismissed with prejudice Counts II–IV and VI–XVII of the Amended Complaint, but allowed Counts I and V to remain. (*See* Doc. Nos. 74 and 75.) On August 12, 2021, Plaintiff filed the instant Motion for Reconsideration, demanding once again that this Court reverse itself and allow his claims to proceed. (*See* Doc. No. 80.)

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 60(b), the Court may relieve a party from an adverse judgment or order "if the party shows that the motion is timely, that it has a meritorious defense to the action, that the opposing party would not be unfairly prejudiced by having the judgment set aside, and that one or more of the six grounds set forth in Rule 60(b) is satisfied." *Peria v. Wash. Metro. Area Transit Auth.*, No. GJH-20-0121, 2021 WL 1926880, at *3 (D. Md. May 12, 2021) (citing *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1986)). The six grounds enumerated in Rule 60(b) include:

> (1) mistake, inadvertence surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

"Although the language of Rule 60(b) is facially broad, its context requires that it may be invoked in only extraordinary circumstances." *Peria*, 2021 WL 1926880, at *3 (quoting *Tyler v. AMTRAK*, No. PJM-15-1666, 2016 WL 6170509, at *1 (D. Md. Oct. 24, 2016)) (additional citation and internal quotation marks omitted). "The Fourth Circuit has noted that a narrow construction of Rule 60(b)(6) is 'essential if the finality of judgments is to be preserved.'" *Id.* (quoting *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011)). "Motions for reconsideration are an extraordinary remedy which should be used sparingly." *AGV Sports Grp., Inc. v. Protus IP Sols., Inc.*, No. RDB-08-3388, 2010 WL 1529195, at *2 (D. Md. Apr. 15, 2010) (quoting *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)) (internal quotations marks omitted). "As a general

matter, however, this Court has stated that a motion to reconsider is not license to reargue the merits or present new evidence that was previously available to the movant." *Doe v. Chesapeake Med. Sols., LLC*, No. CV SAG-19-2670, 2020 WL 917061, at *3 (D. Md. Feb. 26, 2020) (citation and internal quotation marks omitted).[1] As discussed below, Plaintiff's displeasure with this Court's order is not a proper basis to rehash the same arguments previously rejected by this Court (and others).

## III. ARGUMENT

Plaintiff moves this Court to reverse its decision dismissing with prejudice fifteen of the seventeen causes of action asserted in the Amended Complaint. Plaintiff's Motion is meritless. Plaintiff's Motion does not even attempt to argue that it satisfies Rule 60(b)(1)–(5) and, indeed, it would be in bad faith for Plaintiff to argue that any of those sections apply. Plaintiff's only option is to argue that there exists some reason justifying relief under Fed. R. Civ. P. 60(b)(6). Plaintiff does not provide this Court with any new case law or argument that was unavailable at the time he submitted his opposition to DPI's Motion; nor has he shown that any extraordinary circumstances exist to warrant relief from the Court's judgment. Instead, Plaintiff repeats the same arguments this Court rejected in ruling on DPI's Motion to Dismiss. "Where the motion is nothing more than a request that the district court changes its mind . . . it is not authorized by [Rule 60]." *McDonald v. SDR Restaurants, Inc.*, No. 19-CV-03101-JMC, 2020 WL 1529015, at *2 (D. Md. Mar. 31, 2020) (quoting *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982)). Additionally, DPI

[1] Plaintiff presents his Motion as one pursuant to Fed. R. Civ. P. 60(b). However, to the extent the Motion is more properly brought pursuant to Fed. R. Civ. P. 59(e), Plaintiff has not shown he is entitled to relief under Rule 59. The Court's judgment may be amended under Rule 59(e) in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Peria v. Wash. Metro. Area Transit Auth.*, No. GJH-20-0121, 2021 WL 1926880, at *2 (D. Md. May 12, 2021) (quoting *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)). None of those factors are met here and, therefore, to the extent Plaintiff should have brought his Motion under Rule 59(e), the outcome should be the same—the Motion should be denied.

would suffer significant prejudice if the Court reconsidered its decision and relieved Plaintiff from the dismissal of fifteen causes of action. There is no magic trick that can save the dismissed counts. The Court should therefore deny Plaintiff's Motion for Reconsideration.

**A. Willful Or Knowing Conduct**

In its decision on the Motion to Dismiss, the Court concluded that "Worsham has failed to plead any facts to support his allegations that Discount Power violated the TCPA willfully or knowingly." (Doc. No. 74 at 14.) Plaintiff takes issue with this determination (*see* Doc. No. 80 at 3–7), but does nothing more except repeat paragraphs from the Amended Complaint that include conclusory words such as "intentional," "knowing," "aware," or "willful." (*See id.* at 3–6.) Plaintiff ignores that passing assertions or mere reference to "willful and knowing" conduct fail to adequately state claim. Plaintiff needs facts to support his assertions, not just conclusions – he failed to do that even with a second bite of the apple through an amended complaint. The Court properly found that Plaintiff failed to plead any facts, and the paragraphs quoted in Plaintiff's Motion only serve to highlight the absence of any *factual* allegations. Plaintiff has not shown any extraordinary circumstances that would justify relief from the Court's conclusion that he failed to plead sufficiently that DPI' alleged conduct was willful or knowing. Therefore, the Court should not reconsider its decision.

**B. Counts II and VI**

Like the other arguments in Plaintiff's Motion, his argument for reconsideration of dismissal of Counts II and VI does nothing more than rehash the same arguments Plaintiff made in his opposition to DPI's Motion to Dismiss. When the Court issued its ruling on the Motion to Dismiss, it did so after considering the arguments of both parties and the relevant, applicable case law. Plaintiff may not agree with the outcomes of cases such as *Worsham v. Travel Options, Inc.*,

No. JKB-14-2749, 2016 WL 4592373 (D. Md. Sept. 2, 2016) and *Burdge v. Assn. Health Care Mgmt., Inc.*, No. 1:10-CV-00100, 2011 WL 379159 (S.D. Ohio Feb. 2, 2011), but such disagreement is not grounds for the extraordinary relief of reconsideration. In relying on these cases, the Court relied on valid, persuasive, on point case law. Plaintiff has not provided any authority to the contrary. Although he states that he "found" *Cunningham v. Matrix Fin. Servs., LLC*, No. 4:19-CV-00896 (ALM) (CAN), 2021 WL 1233466 (E.D. Tex. Feb. 12, 2021), that case was readily available to him prior to his filing his opposition brief and, thus, should not be considered at this late stage. This is especially so, given that there exists case law from within this District that the Court properly relied on. Not to mention, the decision Plaintiff cites to was a Report and Recommendation of a Magistrate Judge, which the presiding District Judge rejected. *See Cunningham v. Matrix Fin. Servs., LLC*, __ F. Supp. 3d __, 2021 WL 1226681 (E.D. Tex. Mar. 31, 2021). The Court properly dismissed Counts II and VI with prejudice, as no private right of action exists for those claims and, thus, it should not reconsider its decision.

**C. Counts IV and VIII**

The Court dismissed Counts IV and VIII for two reasons: first, Plaintiff failed to plead facts showing that the calls were made to introduce an advertisement or constituted telemarketing; and second, Plaintiff failed to plead sufficient facts showing that DPI actually initiated the calls at issue. (Doc. No. 74 at 10–11.) The Plaintiff takes issue with the Court's conclusions. (*See* Doc. No. 80 at 10–19.)

The Court undertook a thorough analysis of the allegations relating to Counts IV and VIII, and Plaintiff has not identified any error in the Court's conclusion beyond his baseless opinion that the Court was wrong. Plaintiff failed to allege any facts or provided any authority showing that a discount or rebate on a previously purchased service qualifies as an advertisement or

telemarketing, and his Motion for Reconsideration is of no help. Plaintiff repeats the allegations from the Amended Complaint that refer to what was said during the calls; however, he does not provide any authority establishing that what was said fits the definition of "advertisement" or "telemarketing" as defined by the TCPA. Again, Plaintiff may disagree with the Court's analysis, but such disagreement is not grounds for reconsideration or relief from the Court's ruling.

Moreover, Plaintiff's Motion for Reconsideration fails to put forth any new argument or facts establishing that DPI actually initiated the calls in question. Plaintiff reiterates the same arguments made in his opposition—the same arguments this Court rejected in dismissing Counts IV and VIII. The Court went through same allegations that Plaintiff refers to in his Motion and explained that "[t]hese facts alleged do not support Worsham's conclusory allegations that Defendant Discount Power initiated the prerecorded calls[.]" (Doc. No. 74 at 11.) Plaintiff's request that the Court reconsider its decision regarding Counts VI and VIII is baseless and, thus, the Court should deny Plaintiff's Motion.

**D. Counts XII–XVII**

In dismissing Counts XII–XVII with prejudice, the Court noted several reasons why those counts could not survive DPI's Motion to Dismiss. (*See* Doc. No. 74 at 12–14.) Plaintiff failed to allege damages in excess of $50,000, plead any facts establishing that DPI is a "seller" or "telemarketer," and plead sufficient facts to show that DPI initiated the calls in question. (*See id.* at 12–13.) The Court also explained why the factual allegations were insufficient even if the Telemarketing Sales Rule ("TSR") applied, which it does not. (*See id.* at 13.) In his Motion for Reconsideration, Plaintiff claims that "[t]he Court's dismissal of Counts 12–17 alleging violations of the Maryland TCPA for underlying conduct with [sic] violated the FTC's TSR repeated the same errors in its first Opinion dismissing the case, and is inexplicable given the simplicity of the

MDTCPA." (Doc. No. 80 at 19.)

First, Plaintiff's Motion does not even attempt to argue that the Court should reconsider its conclusion that Plaintiff cannot meet the $50,000 statutory threshold for stating a claim. This is likely because the damages alleged in the Amended Complaint make clear that Plaintiff has no way of satisfying the statutory threshold. Based on this deficiency alone, the Court should decline Plaintiff's request that it reconsider its decision with respect to Counts XII–XVII. Second, Plaintiff's Motion only rehashes the same arguments that Plaintiff made in his opposition to DPI's Motion to Dismiss. Plaintiff adds nothing new and fails to demonstrate the existence of some extraordinary circumstance that would justify reconsideration of the Court's ruling. For this additional reason, the Court should deny Plaintiff's Motion for Reconsideration.

**E. Counts Not Addressed By Plaintiff**

Plaintiff asks this Court to reconsider its dismissal with prejudice of Counts II, III, IV, VI, VII, VIII, IX, X, XI, XII, XIII, IVX, XV, XVI, and XVII; however, he fails to address Counts III, VII, IX, X, and XI in his Motion. Because Plaintiff has not even attempted to articulate grounds for reconsideration of these Counts, the Court should not reconsider its decision on those Counts.[2]

**F. DPI Will Suffer Significant Prejudice If The Motion Is Granted**

If the Court grants Plaintiff's Motion for Reconsideration, DPI will face substantial prejudice. The Amended Complaint contained seventeen counts, fifteen of which this Court dismissed because there were inadequate factual allegations and/or no private right of action for the claims Plaintiff asserted. If DPI is forced to defend against any of the dismissed counts, it will

[2] Plaintiff submitted a supplemental authority, *Worsham v. Carney*, No. 2137, 2021 WL 3508659 (Md. Ct. Spec. Apps. Aug. 10, 2021). (*See* Doc. No. 84.) It is unclear, however, how the supplemental authority is at all relevant to this Motion for Reconsideration. *Worsham v. Carney* involved alleged violations of the Do-Not-Call ("DNC") list regulations. *See id.* at *1. The Court denied DPI's Motion to Dismiss the counts of the Amended Complaint alleging violations of the DNC regulations. (*See* Doc. No. 74 at 7–8.) Therefore, *Worsham v. Carney* adds no value to Plaintiff's arguments in favor of reconsideration, and that case should not influence this Court's decision on the Motion for Reconsideration.

expend significant resources attempting to craft a defense to claims for which it does not know the factual bases and for which there does not exist a private right of action. DPI should not be forced to expend these resources and the Court should deny Plaintiff's Motion.

## IV. CONCLUSION

Plaintiff's Motion for Reconsideration has no merit and does nothing more than list out Plaintiff's disagreement with the Court's ruling on DPI's Motion to Dismiss. Plaintiff simply repeats the same tired arguments he made in opposition to DPI's Motion, all of which the Court rejected when it dismissed with prejudice Counts II–IV and VI–XVII. Nothing in Plaintiff's Motion shows the existence of a valid reason for the Court to reconsider its ruling and relieve Plaintiff from the dismissal of fifteen counts. Plaintiff's disagreement with the Court's decision is not a valid reason entitling him to relief. Moreover, DPI would be substantially prejudiced if the Court reconsidered its decision, as it would then be required to defend against Plaintiff's claims for which there are no adequate factual allegations and, for many counts, no private right of action. Accordingly, the Court should deny Plaintiff's Motion for Reconsideration.

Respectfully submitted,

DEFENDANT,
DISCOUNT POWER, INC.

*/s/ Thomas C. Blatchley*
Thomas C. Blatchley (*Pro Hac Vice*)
Gordon & Rees LLP
95 Glastonbury Boulevard, Suite 206
Glastonbury, CT 06033
Phone: (860) 494-7525
Fax: (860) 560-0185
Email: tblatchley@grsm.com

Brian A. Scotti (Bar # 18249)
Gordon & Rees LLP
1101 King St., Suite 520
Alexandria, VA 22314
Phone: (202) 399-1009
Fax: (202) 800-2999
Email: bscotti@grsm.com
Counsel for Discount Power, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.

*/s/ Thomas C. Blatchley*
Thomas C. Blatchley