UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

**MICHAEL C. WORSHAM**   *

    *Plaintiff*   *

vs.   *

    Case 1:20-cv-00008-RDB

**DISCOUNT POWER, INC.**   *

    *Defendant*   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### PLAINTIFF'S REQUEST FOR RULING ON MOTION TO COMPEL ARMSTRONG TELECOMMUNICATIONS, INC.

In light of today's referral to Magistrate Judge Coulson all discovery matters and scheduling, and the filing two days ago of Defendant's cross-Motion for Summary Judgment, Plaintiff requests a ruling on his May 19, 2020 Motion to Compel Armstrong Telecommunications, Inc. To Respond Fully to Subpoena (ECF 26), which has been pending for over 15 months.

Given the 90 ECF filings as of the instant filing, Magistrate Judge Coulson may not be aware that Worsham's Motion to Compel Armstrong has yet been ruled on yet, or of it importance.

The Motion to Compel seeks to have Armstrong provide Worsham the necessary identification of several carriers so that subpoenas can be issued. Carrier identification and subsequent subpoenas are necessary to complete the call traceback process, in which the originating source of a call or calls is traced by subpoenaing each communications carrier in the chain from where the call originated through to where it terminated (at Worsham's residential number). Armstrong responded to the Subpoena, but the carriers for the seven calls alleged in this suit were only identified in Armstrong's "Source" field as Metaswitch XML, Perimeta, NT EMI, and Verizon EMI. *See* ECF 26-2 at page 2 (table of calls). These names and acronyms are insufficient identification to enable a Subpoena to be issued.

The importance of completing the call traceback process increased with the filing two days ago of Defendant's cross-Motion for Summary Judgment. The Motion included an Affidavit (ECF 86-4) attempting to contend that none of Defendant's telemarketers called Worsham's number. The call traceback process is important as it should enable identification of the actual originating caller(s), and prove or disprove this contention.

The requirement upon Armstrong for simple identifying information is very minimal. Defendant did not take a position on the Motion to Compel when it was filed some 15 months ago, and so did not oppose the Motion.

As a *pro se*, Worsham must get Court approval for each Subpoena, which the Clerk's office processes and sends to Worsham via U.S. mail, which adds up to a week to receive each subpoena. There is thus a need to move the call traceback process along as quickly as possible. Worsham does not anticipate that a motion will be required as it was for Armstrong for the subpoenas to each carrier (other than his request for the Court to approve his *pro se* subpoena, which technically is probably considered a motion).

WHEREFORE the Court should rule on and grant Plaintiff's Motion to Compel Armstrong Telecommunications, Inc.

    Respectfully submitted,

    /s/ *Michael C. Worsham*
    Michael C. Worsham, Plaintiff
    1916 Cosner Road
    Forest Hill, Maryland 21050
    410-557-6192
    michael @ magicmichael.net

## **CERTIFICATE OF SERVICE**

On August 30, 2021 this document was filed electronically for service on all parties and counsel of record.

    /s/ *Michael C. Worsham*
    Michael C. Worsham