**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MICHAEL C. WORSHAM** | * | |
| *Plaintiff* | * | |
| vs. | * | Case 1:20-cv-00008-RDB |
| **DISCOUNT POWER, INC.** | * | |
| *Defendant* | * | |

* * * * * * * * * * * * *

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO RECONSIDER ORDER DISMISSING COUNTS 2-4 AND 6-17 OF THE AMENDED COMPLAINT**

Plaintiff Michael C. Worsham replies to Defendant Discount Power, Inc.'s (DPI's) Opposition (ECF 85) to his Motion under L.R. 105.10 for reconsideration of, and under FRCP 60(b) for relief from, the Court's July 29, 2021 Order (ECF 75) and accompanying Memorandum Opinion (ECF 74) (Opinion), which dismissed the willful and knowing allegations for Count 1, and dismissed Counts 2-4 and 6-17 of the May 13, 2021Amended Complaint (AC) (ECF 54) with prejudice.

DPI's Opposition consists primarily of generic and repetitive assertions of variations of an argument that the plaintiff or Motion fails to satisfy any grounds to reconsider, rehashes arguments, adds nothing new, etc., but completely failed to address and in some cases even mention specific points raised in Worsham's Motion. The Motion therefore should be granted.

**Procedure and Standard for a Motion to Reconsider**

The Court's Local Rule L.R. 105.10 explicitly allows Motions to Reconsider filed within 14 days of an Order. Worsham's Motion satisfied this Rule, having been filed on August 12, 2021 (the February 3, 2021 date on the Motion's Certificate of Service is incorrect) to reconsider the Court's July 29, 2021 Order and Opinion. Motions to reconsider are not part of or expressly allowed by the federal rules, but are part of and allowed by the Local Rules, and do not completely depend on all of the standards of the federal rules that DPI cites.

**1. DPI's Willful or Knowing Conduct and Violations.**

DPI failed to respond in a meaningful way, and for numerous allegations of the AC, to respond at all, regarding the facts supporting its allegedly willful and knowing violations.

DPI failed to address Worsham's 2017 lawsuit which demonstrates knowledge as alleged in ¶¶ 7-12, the other 2018 lawsuit against DPI alleged in ¶¶ 13-14, DPI's repeated conduct in calling as alleged in ¶ 15, allegations in ¶ 19 that DPI intentionally avoided identifying itself, DPI's full awareness of the TCPA alleged in ¶ 20, awareness of how its leads are generated alleged in ¶ 21, was aware or consciously avoided knowing that the law was being violated alleged in ¶ 25, allegations of intentional conduct in ¶ 29, DPI's knowledge that it lacked express permission to call alleged in ¶ 38, DPI's knowledge that it was calling Worsham's residential number alleged in ¶ 40, DPI's personal participation in arranging the calls alleged in ¶ 50, DPI's knowledge that the calls were being made into Maryland alleged in ¶ 54, DPI's willful and knowing ignoring of the national Do Not Call (DNC) list alleged in ¶ 56, and several other allegations made in ¶¶ 58-60, 63, 64 and 66.

DPI completely failed to address the allegations in the AC in ¶¶ 5, 6, 12, 13, 14, 15, 19, 20, 21, 25, 29, 38, 40, 50, 54, 56, 58, 59, 60, 63, 64, 66, all of which were raised and cited in the Motion. In particular, DPI failed to address ¶ 56 of the AC which alleged that DPI willfully and knowingly ignored the national DNC list, which are part of the claims in Counts 1 and 5 alleging DNC list violations and which the Court has allowed to go forward:

**¶ 56 "Defendant willfully and knowingly ignores the national DNC list registry."**

DPI's Opposition also completely failed to address a fact allegation (AC at ¶ 58) specifically highlighted in the Motion, where DPI's knowledge of the TCPA violations was linked to its feedback from consumers and call recipients, and its awareness from this suit:

**¶ 58 "Defendant was aware of actual or potential TCPA violations, through feedback from consumers and call recipients, separate its awareness from Plaintiff's suits."**

The Court's ignoring of Worsham's numerous specific fact allegations of DPI's awareness and knowledge of its actions, and dismissing the AC's allegations and claims that DPI's violations were done willfully or knowingly, is a clear and extraordinary error under FRCP 60(b)(6) that should be corrected now, before discovery progresses much further.

**COUNTS 2 and 6[1] : Failure to identify a telemarketer and their telephone number**

DPI argues that the Magistrate Judge's opinion in *Cunningham v. Matrix Fin. Servs.*, 2021 U.S. Dist. LEXIS 63794 at *43-44 (E.D. Tex., Feb. 12, 2021) was "readily available" to Worsham, and therefore should not be considered.

DPI is incorrect. Worsham does not have the legal search services, and ability to immediately obtain cases reported unofficially through Lexis or Westlaw, the way DPI's counsel has. The U.S. District Judge who on March 31, 2021 rejected the Magistrate Judge's recommendation in *Cunningham,* did so entirely on subject matter jurisdiction grounds[2]. That Judge did not consider or decide the issue regarding a private right of action under the TCPA for violations of 47 C.F.R. § 64.1200(d)(4) for which Worsham cited *Cunningham*.

DPI failed to address that this Court's Opinion contradicts the Maryland state appellate court, which recognized a private right of action under the previous numbered section for 47 C.F.R. § 64.1200(d), which was at § 64.1200(e) until 2003. *Worsham v. Nationwide Ins. Co.*, 138 Md. App. 487, 491 (2001). DPI failed to even mention the *Nationwide* case.

---

[1] In briefing DPI's counsel repeatedly and incorrectly changes the numbering of the Counts in the AC from arabic to roman numerals.

[2] The March 31, 2021 Opinion in *Cunningham* rejecting the Magistrate Judge's recommendation is here: https://casetext.com/case/cunningham-v-matrix-fin-servs-llc-2

**COUNTS 4 & 8: Initiating a call using a prerecorded voice without prior express consent**

DPI completely failed to respond to the squarely raised point that "The Court's conclusion that the AC did not adequately allege that Discount Power initiated the robocall messages also contradicts the Court's separate conclusion and decision to permit Counts 1 and 5 to proceed." Mot. to Reconsider at p. 12. This logical problem is important and unresolved.

DPI only repeated the same arguments made through its response about "Worsham's conclusory allegations" and as noted *supra*. DPI contradicted its own arguments, arguing on page 6 that "Plaintiff failed to plead facts showing that the calls were made to introduce and advertisement or constituted telemarketing," while simultaneously arguing at the top of page 7 that "Plaintiff repeats the allegations from the Amended Complaint that refer to what was said during the calls," when the content of the calls readily and obviously reveals that they were telemarketing calls to advertise DPI's electric power, and not some other kind of call.

DPI failed to adequately respond to the Motion, and Counts 4 and 8 should be reinstated.

**COUNTS 12-17 - Violations of the FTC's Telemarketing Sales Rule**

DPI spends most of its Opposition discussing the completely irrelevant point that the AC did not meet the $50,000 threshold to bring a claim directly under the FTC rule, which is a claim Worsham did not bring. DPI then makes its generic "rehashes the same argument" and "adds nothing new" arguments on page 8. DPI did not even mention the *Ehrlich* case, and how *Ehrlich* never even addressed FTC violations brought under the Maryland TCPA. Accordingly, the Court should reinstate Counts 12-17.

In footnote 7 DPI argues that Worsham's Supplemental authority, *Worsham v. Carney*, (Md. Ct. Of Spec. Appeals, August. 10, 2021) "adds no value" to Worsham's Motion. This decision first off demonstrates that a hurried or premature dismissal of an entire complaint without a hearing is subject to reversal. Second, DPI's argument that *Carney* "involved alleged

violations of the Do-Not-Call ("DNC") list regulations" is incorrect and incomplete. The *Worsham v. Carney* Amended Complaint, attached as ECF 84-2, which was dismissed but reinstated after Worsham's successful appeal, has 18 Counts including most of the same Counts as the Amended Complaint in this case.

**Worsham will suffer prejudice if the Motion is not granted**

DPI's final argument is that it will suffer significant prejudice. DPI argues as if this is something special or new that deserves consideration. A lawsuit, including reinstated claims that were incorrectly or hurriedly dismissed, is by definition prejudicial to the party being sued.

Worsham has already been prejudiced by having to repeatedly argue about many claims, including even willful and knowing allegations, all of which he should not have had to. He will be further prejudiced, particularly by the Court's dismissal of willful and knowing claims, because even the limited claims under Counts 1 and 5 going forward will have to be re-litigated, if the Courts' seemingly unprecedented ruling to not allow willful and knowing claims is reversed.

WHEREFORE the Court should grant the Motion, and reconsider and change its July 29, 2021 Opinion and Order dismissing almost this entire case with prejudice, and should permit Worsham to submit a disk with audio recordings of the telemarketing calls at issue.

Respectfully submitted,
/s/ Michael C. Worsham

Michael C. Worsham, Plaintiff, *Pro Se*
1916 Cosner Road
Forest Hill, Maryland 21050
410-557-6192
michael @ magicmichael.net

**CERTIFICATE OF SERVICE**

On September 9, 2021 this document and any Exhibits were filed for service through the Court's ECF electronic filing system on all parties of record.

/s/ Michael C. Worsham

Michael C. Worsham