IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MICHAEL C. WORSHAM,**<br><br>    **Plaintiff,**<br>  v.<br><br>**DISCOUNT POWER, INC.,**<br><br>    **Defendant.** | Case No. 1:20-CV-00008-RDB |

**DEFENDANT'S OPPOSITION AND OBJECTION TO PLAINTIFF'S
MOTION TO DENY DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, EXTEND TIME TO RESPOND, AND DEFER RULING**

Defendant Discount Power, Inc. ("DPI") respectfully opposes and objects to Plaintiff Michael C. Worsham's Motion to Deny Defendant's Motion for Summary Judgment, Extend Time to Respond, and Defer Ruling (Doc. No. 92). Plaintiff's Motion is essentially an opposition to DPI's Cross Motion for Summary Judgment that complains that DPI sought summary judgment without first providing Plaintiff an adequate amount of time to conduct discovery. Plaintiff seeks several forms of relief: denial of DPI's Cross Motion, an extension of time to respond to DPI's Cross Motion, and deferral of the Court's ruling on DPI's Cross Motion. Plaintiff's Motion, though, overlooks the fact that Plaintiff himself has moved for summary judgment on the same factual record that provides the basis for DPI's Cross Motion. With his summary judgment motion pending, Plaintiff cannot now seek to expand the factual record by conducting additional discovery, particularly where, as here, Plaintiff has multiplied the proceedings with baseless motions/pleadings and burdened this Court and Defendant. No extension of time or deferral is necessary, and the Court should not deny DPI's Cross Motion for Summary Judgment. Accordingly, the Court should sustain DPI's objection and deny Plaintiff's Motion.

1

**I.     DPI'S CROSS MOTION DOES NOT RELY ON HEARSAY**

In his Motion, Plaintiff asks the Court to deny DPI's Cross Motion for Summary Judgment because it "contains a hearsay Affidavit (ECF 86-4) of one of its employees, attempting to swear to 'facts' supposedly obtained from purported contractors of DPI," "contains statements of belief of DPI's Affiant," and "depends on a hearsay page from an erroneous and outdated docket of a Florida case printed over a year ago on June 11, 2020 (ECF 86-3)." (Doc. No. 92 at 1–2.)

Plaintiff is incorrect that the Declaration of Kenneth Flood, which was submitted in support of DPI's Cross Motion for Summary Judgment, contains hearsay. Instead, Mr. Flood's Declaration contains factual statements based on his thorough personal knowledge of DPI and, more specifically, his personal knowledge of DPI's investigation into Plaintiff's allegations. Mr. Flood's declaration contains no statements from other sources being offered for their truth and, in fact, Plaintiff does not even identify the allegedly inadmissible statements. Mr. Flood's Declaration fits perfectly the requirements for affidavits or declarations found in Fed. R. Civ. P. 56(c)(4), that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Mr. Flood's Declaration is based on his personal knowledge, sets forth only admissible facts, and sets the foundation necessary to show that Mr. Flood is competent to testify. Plaintiff does not, and cannot, show otherwise.

Plaintiff is likewise incorrect that the Declaration contains statements based on Mr. Flood's "information and belief." Instead, Mr. Flood's Declaration contains statements based on his personal knowledge of DPI's operations, its investigation into Plaintiff's claims, and the results of that investigation. DPI's investigation into Plaintiff's allegations revealed that neither it nor its third-party dialers called the subject telephone number on the dates alleged in the Amended

Complaint.  (*See* Doc. No. 86-4 at ¶ 9.)  Based on that results of its investigation, DPI determined there was no reason to believe it or any of its dialers violated the TCPA or MDTCPA.  Nothing in Mr. Flood's Declaration is based on "information and belief."  Again, Plaintiff fails to even identify what statements in the Declaration are purportedly based on Mr. Flood's information and belief.  Therefore, Plaintiff's argument is meritless.

Plaintiff is also incorrect in his assertion that the docket sheet that DPI attached to its Cross Motion for Summary Judgment, from the case *Worsham v. TSS Consulting Grp., Inc.*, No. 6:18-CV-01692 (RBD)(LRH) (M.D. Fla.), is hearsay.  DPI is not offering the docket sheet for the truth of its contents.  Instead, it offers the docket sheet to show that the subject telephone number was held out to be associated with the Law Office of Michael C. Worsham, i.e., as proof of fact that the statement was made.  This is a permissible, non-hearsay purpose for admitting a statement into evidence.  *See United States v. Samuel*, 431 F.3d 610, 613 (4th Cir. 1970), *cert. denied*, 401 U.S. 946 (1971).  Moreover, this Court can take judicial notice of a federal docket (e.g., PACER) that, as matter of fact, reflects publication of the subject number to the world.  DPI's Cross Motion for Summary Judgment is not based on hearsay and, therefore, the Court should not grant Plaintiff's Motion to Deny DPI's Cross Motion.

## II.     NO EXTENSION OF TIME OR DEFERRAL OF A RULING ARE NECESSARY

Plaintiff argues that he should be given an extension of time to respond to DPI's Cross Motion for Summary Judgment, or the Court should defer it ruling on said Motion, because he has not had an opportunity to conduct discovery to explore certain material facts and the Court has not yet ruled on his Motion to Submit Disc of Audio Recordings.  (*See* Doc. No. 92 at 2–5.)  The Court should reject this contention for several reasons.

First, Plaintiff is not entitled to expand the factual record at this stage of the case.  Before

DPI filed its Cross Motion, Plaintiff filed his own Motion for Summary Judgment. With summary judgment pending, Plaintiff should not now be allowed to change the factual record. Plaintiff chose to file summary judgment without completing any discovery and, with the factual record as it stood, DPI opposed Plaintiff's Motion and filed its Cross Motion. There is no reason to delay consideration of DPI's Motion and allow Plaintiff to obtain discovery it could have obtained at any time during the pendency of this litigation.

Second, Plaintiff apparently does not need any additional time to oppose DPI's Cross Motion for Summary Judgment, as he appears to map out his opposition arguments through this procedurally improper Motion. Part of this Motion is a "Motion to Deny Defendant's Motion for Summary Judgment." Though confusingly crafted, this Motion is, in essence, an opposition to DPI's Cross Motion for Summary Judgment. Therefore, Plaintiff has made his arguments in opposition and there is no need for this Court to grant Plaintiff an extension of time or defer its ruling so Plaintiff can conduct additional discovery. Nor should Plaintiff be given a second chance to oppose DPI's Cross Motion.

Third, whether the audio recordings of the calls are admitted or not will not make a difference on summary judgment and, thus, the pending motion concerning the discs is no reason to delay consideration of DPI's Motion. Plaintiff quotes the contents of each call in the Amended Complaint. It is unclear what more can be added through the recordings themselves. In other words, the recordings have limited probative value. Additionally, there are significant evidentiary issues with the recordings that should preclude their admission into evidence even if they do have more than a minimal probative value. Thus, the pending motion to submit the audio recordings is not a basis for delaying consideration of DPI's Motion.

### III. <u>CONCLUSION</u>

Plaintiff's Motion to Deny Defendant's Motion for Summary Judgment is baseless, as DPI's Cross Motion does not rely upon hearsay or the "information and belief" of DPI. Importantly, Plaintiff essentially uses this Motion to oppose DPI's Cross Motion and, therefore, he should not be provided extra time (or another chance) to do so. Plaintiff's Motion for Extension of Time to Respond to DPI's Cross Motion and to Defer the Court's Ruling is baseless, as there does not exist a valid reason for granting Plaintiff the relief he seeks. Plaintiff chose to proceed to summary judgment on this factual record and he should not be allowed to expand it now. Accordingly, the Court should sustain DPI's objection and deny Plaintiff's Motion to Deny Defendant's Motion for Summary Judgment, Extend Time to Respond, and Defer Ruling.

Dated: September 9, 2021                    Respectfully submitted,

                                            DEFENDANT,
                                            DISCOUNT POWER, INC.

                                            */s/ Thomas C. Blatchley*
                                            Thomas C. Blatchley (*Pro Hac Vice*)
                                            Gordon & Rees LLP
                                            95 Glastonbury Boulevard, Suite 206
                                            Glastonbury, CT 06033
                                            Phone: (860) 494-7525
                                            Email: tblatchley@grsm.com

                                            Brian A. Scotti (Bar # 18249)
                                            Gordon & Rees LLP
                                            1101 King St., Suite 520
                                            Alexandria, VA 22314
                                            Phone: (202) 399-1009
                                            Fax: (202) 800-2999
                                            Email: bscotti@grsm.com

                                            *Counsel for Discount Power, Inc.*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on September 9, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this document through the court's CM/ECF System.

                */s/ Thomas C. Blatchley*
                Thomas C. Blatchley