IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL C. WORSHAM | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:20-CV-00008-RDB |
| DISCOUNT POWER, INC. | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**REPORT AND RECOMMENDATION**

Pro se Plaintiff filed a Second Motion for Sanctions under Federal Rule of Civil Procedure Rule 11 on August 29, 2021. (ECF No. 87). On September 16, 2021, in accordance with 28 U.S.C. § 636 and Local Rule 301, Judge Bennett referred this motion to me for a Report and Recommendation. (ECF No. 98). I find that a hearing is unnecessary. *See* Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6. For the reasons set forth below, I recommend that Judge Bennett deny Plaintiff's Second Motion for Sanctions.

**I.    FACTUAL AND PROCEDURAL HISTORY**

This Report adopts the factual background of the case as discussed in Judge Boardman's Report and Recommendation. (ECF No. 40). In brief, Plaintiff is a former attorney who has filed an action against Defendant based on alleged telemarketing calls. (Am. Compl., ECF No. 54 at 3). During the first iteration of the suit, Plaintiff filed a Motion for Sanctions (ECF No. 37) to preclude Defendant from referring to him as an attorney. Since Plaintiff's first Motion for Sanctions (ECF No. 37) was denied (ECF No. 44), Plaintiff's case was dismissed without prejudice (ECF No. 53). Plaintiff filed an Amended Complaint (Am. Compl., ECF No. 54) alleging that

Defendant illegally solicited Plaintiff's personal landline number, thereby providing an appropriate factual basis to contend that Defendant violated the Telephone Consumer Protection Act (TCPA). (Am. Compl. at 3). Defendant denies a TCPA violation because Plaintiff's telephone number was categorized in PACER as a business number affiliated with a law firm, and the TCPA prohibits residential telephone solicitations. (ECF No. 79).

In the instant Motion for Sanctions (ECF No. 87), Plaintiff's first argument merely rephrases his first Motion for Sanctions (ECF No. 37). Plaintiff argues that Defendant intentionally refers to the phone number at issue as affiliated with a law firm despite Plaintiff's disbarment. (ECF No. 87, Ex. 1 at 2). Plaintiff asserts that Defendant's argument is not supported by substantial evidence and perpetuates the notion that Plaintiff is illegally practicing law. *Id.* Under this rationale, Plaintiff ultimately claims that Defendant's argument accuses Plaintiff of criminal conduct. *Id.*

Plaintiff's second argument accuses Defendant of continuously advancing "false arguments about what the A[mended] C[omplaint] alleges." *Id.* at 6. More specifically, Plaintiff argues that Defendant's Motion to Dismiss (ECF No. 64) and its Reply (ECF No. 73) misconstrue a statement made in the Amended Complaint that mentions phone calls with individuals identifying themselves as Baltimore Gas & Electric (BG&E) representatives. Plaintiff contends that such individuals were not actual BG&E representatives, but were working for Defendant (ECF Nos. 54 & 87), whereas Defendant restates those allegations in a way that, Plaintiff argues, wrongly implies that BG&E, not Defendant, contacted Plaintiff. (ECF No. 87, Ex. 1 at 5-7). Plaintiff argues therefore that Defendant is advancing information without evidentiary support, rendering Defendant's actions sanctionable. *Id.* at 7.

## II.     LEGAL ANALYSIS

### A.     Federal Rule of Civil Procedure Rule 11 Sanctions Standard

Rule 11 primarily serves "to punish violators and deter parties and their counsel from pursuing unnecessary or unmeritorious litigation." *Scott v. Lori*, No. ELH-19-2014, 2020 WL 906351, at *2 (D. Md. Feb. 24, 2020) (quoting *Moody v. Arc of Howard Cty.*, Inc., 474 F. App'x 947, 950 (4th Cir. 2012)). The Court has the discretion to impose sanctions for Rule 11 violations but does so "sparingly." *Id.* (quoting *Jacobs v. Venali, Inc.*, 596 F. Supp. 2d 906, 914 n.10 (D. Md. 2009)). Rule 11 requires that attorneys "conduct[] a reasonable inquiry and . . . determine[] that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.'" *Chaudhry v. Gallerizzo*, 174 F.3d 394, 410 (4th Cir. 1999) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)); *see also Morris v. Wachovia Sec., Inc.*, 448 F.3d 268, 277 (4th Cir. 2006) (noting that allegations cannot be "unsupported by any information obtained prior to filing"); *Scott*, 2020 WL 906351, at *2 (same). In other words, an attorney violates Rule 11 if "applying a standard of objective reasonableness, it can be said that a reasonable attorney in like circumstances could not have believed his actions to be legally justified." *Scott*, 2020 WL 906351, at *2 (quoting *Morris*, 448 F.3d at 277); *see also Mitchell v. U.S. Bank Nat'l Ass'n as Tr. for Mastr Asset Backed Sec. Tr. 2005-FRE1*, No. TDC-19-2225, 2020 WL 3050739, at *12 (D. Md. June 8, 2020).

### B.     Plaintiff's Second Motion for Sanctions Should be Denied

Plaintiff's first contention rehashes his principal argument from his original Motion for Sanctions. (ECF No. 37). Judge Deborah Boardman (then Magistrate Judge) of this Court has already thoroughly addressed Plaintiff's argument in her Report and Recommendations (ECF No.

40) which was subsequently adopted by Judge Bennett. (ECF No. 44). There is no basis to revisit Plaintiff's recycled argument here.

Plaintiff's second argument, requesting sanctions based on his assessment that Defendant mischaracterizes the allegations of his Amended Complaint (ECF No. 54), falls substantially short of approaching the standard for Rule 11 sanctions. Such arguments should have been addressed, as they were in part, in Plaintiff's Opposition to Defendant's Motion to Dismiss Amended Complaint. (ECF No. 72). As expressed in its Reply (ECF No. 73), Defendant has correctly quoted the allegations of the Amended Complaint to emphasize its argument that Plaintiff had failed to allege sufficient facts for his conclusion that the calls he claims were, essentially, Defendant disguising itself as BG&E. (ECF No. 73).

As this is Plaintiff's second unsuccessful motion for sanctions, Plaintiff is reminded "[t]he Court expects that motions for sanctions will not be filed as a matter of course" and "will consider in appropriate cases imposing sanctions upon parties who file unjustified sanctions motions." Loc. R. 105.8(a); see *Scott*, 2020 WL 906351, at *2 ("[A] pro se plaintiff who improperly files motions for sanctions may himself draw the Court's ire.") (noting that Fed. R. Civ. P. 11 Advisory Committee Notes (1993) "advis[e] that 'Rule 11 motions should not be made or threatened for minor, inconsequential violations' of Rule 11(b)"). Plaintiff should carefully consider this reminder prior to filing any future motions for sanctions.

### III.   CONCLUSION

For the foregoing reasons, I respectfully recommend that upon expiration of the time to take exception to this Report and Recommendation, the Court enter an Order DENYING Plaintiff's Second Motion for Sanctions (ECF No. 87). Any objections to this Report and Recommendation

must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

## IV. NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report. Such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

September 20, 2021  /s/
Date  J. Mark Coulson
 United States Magistrate Judge