IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL C. WORSHAM, | * | |
| Plaintiff, | * | |
| v. | * | |
| | | Civil Action No. RDB-20-0008 |
| DISCOUNT POWER, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

In this case, *pro se* Plaintiff Michael C. Worsham ("Worsham") claims that Defendant Discount Power, Inc. ("Discount Power") violated state and federal telephone consumer protection statutes by placing repeated calls to his residential phone with an automatic dialer. (Am. Compl. ¶¶ 1–6, 12, ECF No. 54.) On July 29, 2021, this Court entered a Memorandum Opinion and Order granting in part and denying in part Discount Power's Motion to Dismiss. (ECF Nos. 74, 75.) Specifically, this Court dismissed with prejudice all Counts of the Amended Complaint other than Counts 1 and 5, which relate to the presence of Worsham's residential number on the national Do Not Call list. (ECF No. 75.) The case has proceeded into discovery on those Counts. (*See* Scheduling Order, ECF No. 76.)

Now pending is Worsham's Motion for Reconsideration, in which he seeks to reinstate the fifteen Counts of his Amended Complaint that were dismissed with prejudice on July 29, 2021. (ECF No. 80.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons stated herein, Worsham's Motion for Reconsideration is GRANTED IN PART and DENIED IN PART. Specifically, this motion

is GRANTED with regards to Counts 2 and 6 of the Amended Complaint, and those Counts are reinstated. This Motion is DENIED with respect to all remaining Counts.

## BACKGROUND

The factual and procedural background of this case was discussed at length in this Court's July 29, 2021 Memorandum Opinion. *See Worsham v. Discount Power*, No. RDB-20-0008, 2021 WL 3212589, at **1–2 (D. Md. Jul. 29, 2021). (Mem. Op., ECF No. 74.) Plaintiff Michael C. Worsham ("Worsham") alleges that Defendant Discount Power, Inc. ("Discount Power") violated assorted provisions of the federal Telephone Consumer Protection Act ("TCPA") and the Maryland Telephone Consumer Protection Act ("MTCPA") by placing seven calls to his landline in a five-day period during November 2019. (Mem. Op. 1.) Worsham claims that Discount Power conspired with a telemarketing call center and other entities to use an automatic telephone dialing system to call consumers—including individuals with numbers on the National DNC List—in order to solicit purchases of energy-related products and services. (*Id.* at 2.) He further claims Defendant used robocalls and "lead generating telemarketers" to prevent consumers from discerning its identity, and to subvert the requirements of the TCPA and MTCPA. (*Id.* at 2–3.)

Worsham's 17-count Complaint (ECF No. 3), filed in the Circuit Court for Harford County, Maryland, sought $84,500 in damages, attorney's fees, costs, and injunctive relief for four putative violations of the federal TCPA (Counts 1-4), and 13 violations of the MTCPA (Counts 5-17). *Id.* (*See* Compl. ¶¶ 72, 76, ECF No. 3.) On January 2, 2020, Discount Power removed the case to this Court on the basis of diversity of citizenship, (ECF No. 1), and on January 6, 2021, this Court granted Discount Power's first Motion to Dismiss, dismissing the

Complaint with prejudice. (ECF Nos. 47, 48.) On February 3, 2021, Worsham moved to Alter or Amend this Court's Judgment and Order, insisting that the Court took judicial notice of a PACER docket entry that incorrectly listed his telephone number as a business number—rather than a residential number, as required by his claims. (ECF No. 49.) This Court granted that motion, converting the dismissal to one without prejudice, and affording Worsham the opportunity to amend his Complaint. (ECF No. 53.)

Worsham filed his Amended Complaint on May 13, 2021, incorporating additional information regarding his telephone number. (ECF No. 54.) Worsham's Amended Complaint reduced his claimed damages from $84,500 to $77,000—$ 40,500 in statutory damages for the alleged TCPA violations, and $ 36,500 in statutory damages for the alleged MTCPA violations. (*Id.* ¶¶ 91, 95.) Discount Power responded with a second Motion to Dismiss. (ECF No. 64.) By Memorandum Opinion and Order dated July 29, 2021, this Court granted that motion as to Counts 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17, and dismissed those Counts with prejudice. (Mem. Op. 1–2.) This Court denied that motion as to Counts 1 and 5, concluding that Worsham's Amended Complaint plausibly pled that his telephone number is residential; that his number was on the National Do-Not-Call List; and that he did not register his number as belonging to a law firm. (*Id.* at 1–2; 7–8.) Through the pending Motion for Reconsideration (ECF No. 80), Worsham asks this Court to reconsider the portion of its July 29, 2021 opinion dismissing the other Counts of his Amended Complaint.

**STANDARD OF REVIEW**

Two rules enable a court to reconsider a final judgment: Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, while Rule 60 provides for relief from

judgment. *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011). As this Court explained in *Cross v. Fleet Reserve Ass'n Pension Plan*, WDQ-05-0001, 2010 WL 3609530, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

(footnote omitted). In either case, motions for reconsideration are "an extraordinary remedy which should be used sparingly." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009); *Peckey v. Bank of Am.*, No. RDB-14-433, 2016 WL 6951940, at *1 (D. Md. Nov. 28, 2016); *accord Siple v. First Franklin Fin. Corp.*, No. RDB-14-2841, 2015 WL 6163791, at *2 (D. Md. Oct. 19, 2015) ("Where a party seeks reconsideration on the basis of manifest error, the earlier decision cannot be 'just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." (quoting *TFWS*, 572 F.3d at 194)).

Worsham stylizes the pending Motion for Reconsideration as one under Rule 60(b).[1] However, Worsham filed his motion on August 12, 2021, fourteen days after this Court's July 29, 2021 Order granting Discount Power's Motion to Dismiss. (ECF No. 24.) Accordingly, Rule 59(e) governs this Court's analysis. *See, e.g., Knott v. Wedgwood*, DKC-13-2486, 2014 WL 4660811, at *2 (D. Md. Sept. 11, 2014) ("Although Plaintiff purports to bring his motion for

---

[1] Worsham also insists that his motion is authorized by Local Rule 105.10, and insists that motions pursuant to this rule "do not completely depend on all of the standards of the federal rules." (Repl. in Supp. 1.) This is incorrect as a matter of law. Local Rule 105.10 provides in full: "Except as otherwise provided in Fed. R. Civ. P. 50, 52, 59, or 60, any motion to reconsider any order issued by the court shall be filed within the Clerk not later than fourteen (14) days after the entry of the order." L.R. 105.10. This rule does not provide a separate vehicle to file a Motion for Reconsideration—and does not supplant the requirements of the Federal Rules of Civil Procedure.

4

reconsideration under Rule 60(b)(1), because it was filed within twenty-eight days of entry of the underlying order, it is properly analyzed under Rule 59(e).").

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment[2] may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g.*, *Gagliano v. Reliance Std. Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008); *accord Fleming v. Maryland Nat'l Cap. Park & Planning Comm'n*, DKC-11-2769, 2012 WL 12877387, at *1 (D. Md. Mar. 8, 2012). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *see also Kelly v. Simpson*, RDB-16-4067, 2017 WL 4065820, at *1 (D. Md. Jan. 26, 2017); *Lynn v. Monarch Rec. Mgmt, Inc.*, 953 F. Supp. 2d 612, 620 (D. Md. 2013). "The district court has considerable discretion in deciding whether to modify or amend a judgment." *Fleming*, 2012 WL 12877387, at *1.

**ANALYSIS**

Worsham faces a "high bar . . . to succeed on a Motion for Reconsideration." *Harvey v. Cable News Network, Inc.*, No. RDB-20-3068, 2021 WL 1516009, *2 (D. Md. Apr. 16, 2021). With the exception of Counts 2 and 6, Worsham largely retreads the contentions set forth in his Amended Complaint and his Opposition to Discount Power's Motion to Dismiss, and emphasizes his disagreement with this Court's opinion. (*See* Mem. in Supp. 1, ECF No. 80.)

---

[2] Rule 59(e) applies only to final judgments. *See Fayetteville Inv. v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991).

To the extent that Worsham merely "relitigates" his prior contentions, this is not a proper use of Rule 59(e). Nevertheless, Worsham also contends that this Court's opinion rests on an erroneous interpretation of the TCPA. *Pac. Ins. Co.*, 148 F.3d at 403 (holding that a judgment may be amended under Rule 59(e) "to correct a clear error of law"). Accordingly, this Court will address the merits of Worsham's arguments.

## I. Counts 2 and 6 – Failure to Identify Caller

With respect to Counts 2 and 6, Worsham alleges an error of law, and his argument is supported by a recent opinion of the Court of Special Appeals of Maryland. Counts 2 and 6 allege that Discount Power's calls violated 47 C.F.R. § 64.1200(d)(4) by failing to identify "the individual caller, company name, and a contact telephone number or address." (Am. Compl. ¶¶ 69–70, 75.) FCC regulations require telemarketers to implement the following standards:

> Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

47 C.F.R. § 64.1200(d)(4). This Court dismissed these counts by concluding that 47 C.F.R. § 64.1200(d)(4) does not provide a private right of action. (Mem. Op. 8–9.)[3]

Whether 47 C.F.R. § 64.1200(d)(4) includes a private right of action turns on whether the regulation was promulgated pursuant to § 227(c) or § 227(d) of the TCPA. Section 227(c) requires the FCC to issue regulations "to protect residential telephone subscribers' privacy

---

[3] Count 2 alleges a violation of this regulation through the TCPA, while Count 6 alleges the same violation as incorporated in the MTCPA. (Am. Compl. ¶¶ 69–70, 75.)

rights to avoid receiving telephone solicitations to which they object," and authorizes litigants to bring an action to enforce these regulations "if otherwise permitted by the laws or rules of court of a State." 47 U.S.C. § 227(c)(1), (5). Section 227(d) requires the agency to "prescribe technical and procedural standards for systems that are used to transmit any artificial or prerecorded voice message via telephone," and does not provide any private right of action. 47 U.S.C. § 227(d)(3). The text of 47 C.F.R. § 64.1200(d) does not specify whether this rule was promulgated pursuant to § 227(c) or § 227(d). In *Worsham v. Travel Options, Inc.*, No. JKB-14-2749, 2016 WL 4592373 (D. Md. Sept. 2, 2016), this Court determined that 47 C.F.R. § 64.1200(d)(4) is best characterized as a "technical and procedural" rule issued under § 227(d). 2016 WL 4592373, at *7; *accord Worsham v. Direct Energy Servs., LLC*, No. SAG-20-00193, 2021 WL 948819, at *3 (D. Md. Mar. 12, 2021); *Wilson v. PL Phase One Ops. L.P.*, 422 F. Supp. 3d 971, 981–82 (D. Md. 2019). Worsham insists that this finding is erroneous.

As the MTCPA is a state statute, it is subject to interpretation by the Maryland courts. Additionally, while the TCPA is a federal statute, § 227(c) expressly confers a cause of action where permitted by "the laws or rules of court of a State." *See* 47 U.S.C. § 227(c)(5).[4] As both statutes are interrelated with state law, decisions of the Maryland appellate courts interpreting their scope "'should be attributed some weight.'" *See Koch v. Specialized Care Servs., Inc.*, 437 F. Supp. 2d 362, 374 (D. Md. 2005) (quoting *C.I.R. v. Bosch's Estate*, 387 U.S. 456, 465 (1967)); *accord United States v. King*, 673 F.3d 274, 279 (4th Cir. 2012). Worsham argues the Maryland courts have "recognized a private right of action under [§ 227(c)] for 47 C.F.R. § 64.1200(d),

---

[4] This language does not affect this Court's subject matter jurisdiction. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) ("[F]ederal and state courts have concurrent jurisdiction over private suits arising under the TCPA.").

which was at § 64.1200(e) until 2003," and observes that the history and structure of this regulation indicate that it was not issued pursuant to § 227(d). (Worsham's Mem. Supp. 8–10.) Although the cases Worsham originally cited are inapposite,[5] recent authority by the Court of Special Appeals of Maryland supports his argument. Finding this authority persuasive, and in the interests of comity, this Court will reconsider the corresponding portion of its opinion.

This past month,[6] in *Worsham v. Lifestation, Inc.*, No. 661, Sept. Term, 2020, 2021 WL 5358876 (Md. Ct. Spec. App. Nov. 17, 2021), the Court of Special Appeals of Maryland reversed a grant of summary judgment to the defendant on a complaint alleging violations of 47 C.F.R. § 64.1200(d)(4). 2021 WL 5358876, at *15. Distinguishing this Court's reasoning in *Travel Options*, Chief Judge Fader observed that 47 C.F.R. § 64.1200 was promulgated prior to the national Do Not Call list, creating "an alternative scheme that required companies to create and maintain their own do-not-call lists for the same purpose: protecting the privacy rights of individual telephone subscribers to avoid receiving unwanted telephone solicitations." *Id.*; *accord In re Rules and Regulations Implementing the TCPA of 1991*, 7 FCC Rcd. 8752, 8765 (1992)

---

[5] Worsham primarily references *Worsham v. Nationwide Insurance Co.*, 138 Md. App. 487 (2001), in which the Court of Special Appeals of Maryland reviewed a grant of summary judgment on a seven-count TCPA complaint arising out of two telemarketing calls. 138 Md. App. at 491. (Worsham's Mem. Supp. 9–10.) On appeal, the *Nationwide* Court affirmed summary judgment on all counts arising from the first telemarketing call, and reversed on the second, finding that the caller's status as an independent contractor did not insulate Nationwide from TCPA liability. *Id.* at 501–05. *Nationwide* does little to help Worsham's case: Although the effect of its holding was to remand a case that included § 64.1200(d)(4) allegations, the court primarily ruled on the agency issue, and did not address the issue of whether § 64.1200(d)(4) was issued under § 227(c) or § 227(d).

Worsham also cites *Cunningham v. Matrix Fin. Servs.*, No. 4:19-CV-00896-ALM-CAN, 2021 WL 1233466, at *16 (E.D. Tex. Feb. 12, 2021), for the proposition that the TCPA creates a private right of action for violations of § 64.1200(d)(4). (Worsham's Mem. Supp. 9.) However, Worsham cites to the Report and Recommendations of a Magistrate, which were subsequently rejected by the District Court judge. *Cunningham v. Matrix Fin. Servs.*, 531 F. Supp. 1164, 1168, 1181 (E.D. Tex. 2021) (determining that the court lacked subject matter jurisdiction). Even were this Report persuasive, it provides only marginal support for Worsham's claim: The magistrate recommended against finding a right of action as the calls in question were made to a cellphone, rather than a residential landline. 2021 WL 1233466, at *16.

[6] Worsham does not cite this opinion, as it was issued on November 17, 2021—well after the briefing schedule for the instant motion was completed.

8

("[T]he company-specific do-not-call list alternative is the most effective and efficient means to permit telephone subscribers to avoid unwanted telephone solicitations."). The Chief Judge further noted that while § 227(d) governs procedures for "artificial or prerecorded" messages, 47 C.F.R. § 64.1200(d) is expressly addressed to "all telemarketing calls, whether prerecorded or live and whether made individually or through a system." *Lifestation*, 2021 WL 5358876, at *15. Accordingly, "Section 64.1200(d) provides a procedure for the creation of a do-not-call list that offers substantive protections for the privacy rights of subscribers, not a technical standard for the operation of a telemarketing system." *Id.*

Chief Judge Fader's position aligns with several federal courts which have concluded that 47 C.F.R. § 64.1200(d) imposes "minimum procedures for maintaining a do-not-call list," and that Congress clearly intended to authorize a consumer "to recover for the telemarketer's failure to institute [those] minimum procedures." *Charvat v. NMP, LLC*, 656 F.3d 440, 449 (6th Cir. 2011); *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1265 (11th Cir. 2019). As the United States District Court for the Western District of Missouri recently observed:

> [T]he substance of 47 C.F.R. § 64.1200(d) more directly corresponds to the substance of § 227(c) of the TCPA rather than § 227(d). The TCPA's § 227(c) requires the FCC to initiate rulemaking proceedings to evaluate, among other issues, the potential use of 'industry-based or company-specific "do not call" systems.' Section 227(d), however, directs the FCC to revise regulations setting technical and procedural standards for telephone facsimile machines and artificial or prerecorded voice systems and does not address internal, company-specific do-not-call procedures.
>
> . . .
>
> [T]he regulatory record indicates that when the internal do-not-call standards were first promulgated in 1992, they were promulgated pursuant to § 227(c). For example, § 227(c) is entitled 'Protection of subscriber privacy rights,' and the 1992 FCC Order establishing [47 C.F.R. § 64.1200(d)] states that '[t]he comments persuade us that we must mandate procedures for establishing company-specific do-not-call lists to ensure effective compliance with and

9

enforcement of the requirements for protecting consumer privacy,' which is then followed by a citation to the internal do-not-call standards.

*Hand v. Beach Ent. KC, LLC*, 456 F. Supp. 3d 1099, 1124–25 (W.D. Mo. 2020); *see, e.g.*, *Bilek v. Nat'l Congress of Emp., Inc.*, 470 F. Supp. 3d 857, 862–63 (N.D. Ill. 2020); *Stevens-Bratton v. TruGreen, Inc.*, 437 F. Supp. 3d 648, 654–55 (W.D. Tenn. 2020); *Shelton v. Fast Advance Funding, LLC*, 378 F. Supp. 3d 356, 363–64 (E.D. Pa. 2019).

These decisions are persuasive. Collectively, their review of the regulatory history of 47 C.F.R. § 64.1200(d) and its place in the statutory scheme suggests that the regulation at issue is best construed as a privacy protection that was originally promulgated pursuant to § 227(c). Moreover, as Count 6 brings a claim under state law, and Count 2 alleges a cause of action under a federal provision that references state law, this Court will accord weight to the decision of the Maryland Court of Special Appeals. *See Koch*, 437 F. Supp. at 374; *King*, 673 F.3d at 279. Accordingly, this Court respectfully departs from its prior decision in *Travel Options* and adopts Chief Judge Fader's reasoning articulated in *Lifestation*. Worsham's Motion for Reconsideration is therefore **GRANTED** with regards to Counts 2 and 6.

## II. Counts 4 and 8 – Initiating Call Using Prerecorded Voice Without Prior Express Consent

Second, Worsham argues that Court erred in dismissing Counts 4 and 8, which allege Discount Power violated 47 C.F.R. § 64.1200(a)(3) by making advertising or telemarketing calls "to [his] residential telephone line using an artificial or prerecorded voice without [his] prior express consent." (*See* Am. Compl. ¶¶ 72, 77.)[7] The FCC defines "advertisement" as "any

---

[7] As relevant, 47 C.F.R. § 64.1200(a)(3) provides that "[n]o person or entity may . . . [i]nitiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the

10

material advertising the commercial availability or quality of any property, goods, or services," 47 C.F.R. § 64.1200(f)(1), and defines "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(13). This Court dismissed these Counts by finding that Discount Power's calls could not be considered advertisements or telemarketing, as "Worsham has not alleged any facts to support his claim that the messages encouraged purchase of any products or services." (Mem. Op. 9–11.)

In his argument addressing these counts, Worsham restates his assertion that these definitions should apply, reiterating several of the arguments made in opposition to Discount Power's Motion to Dismiss. (Worsham's Mem. Supp. 10–18.) As discussed above, this is not a proper basis for a Motion for Reconsideration. *Pac. Ins. Co.*, 148 F.3d at 403. Even if Worsham's contentions were proper, his argument remains unavailing. Courts have held that calls "whose purpose is to facilitate, complete, or confirm a commercial transaction that the recipient has previously entered into with the sender are not advertisements." *Aderhold v. car2go N.A. LLC*, No. 14-35208, 668 F. App'x 795, 796 (9th Cir. 2016) (citing *In re Rules & Regs. Implementing the TCPA of 1991*, 21 FCC Rcd. 3787, 3812 ¶ 49 (Apr. 6, 2006)); *accord Smith v. Blue Shield of Cal. Life & Health Ins. Co.*, 228 F. Supp. 3d 1056, 1065 (C.D. Cal. 2017) (finding that calls regarding changes to insurance plan that were "discussed as part of a retention strategy" and "written by the marketing team" were not advertisements). As this Court already observed, Worsham has only pled that the calls placed by Discount Power offered discounts and rebates

---

prior express written consent of the called party, unless the call . . . (iii) is made for a commercial purpose but does not include or introduce an advertisement or constitute telemarketing."

11

on "already-purchased and paid-for electrical services." (Mem. Op. 10.) Regardless of whether these calls were intended to encourage customer retention, Worsham has not plausibly pled that they advertised further purchases. Accordingly, this Court declines to disturb its dismissal of these counts.

### III. Counts 12 through 17 – Maryland Telephone Consumer Protection Act

Worsham also challenges this Court's dismissal of Counts 12 through 17, which bring several claims under the MTCPA for violations of the federal Telemarketing Sales Rule (TSR), 16 C.F.R. § 310.1 *et seq.* (*See* Am. Compl. ¶¶ 81–87.) The MTCPA declares any violation of the Telemarketing Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101 *et seq.*, which incorporates the TSR, to be an unfair or deceptive trade practice pursuant to Maryland law. Md. Code, Com. Law §§ 14-3201, 14-3202. As this Court observed in its prior opinion, "the [MTCPA] has been interpreted to only provide a private right of action when a federal action already exists." (Mem. Op. 12.) *See Worsham v. Ehrlich*, 181 Md. App. 711, 730 (2008) ("The MDTCPA does not describe conduct that constitutes a violation of the Maryland statute. It references whatever constitutes a violation of the TCPA."). The federal TSR requires a plaintiff to allege actual damages in excess of $50,000.00 in order to bring a claim. 15 U.S.C. § 6104(a). Even applying Worsham's claim for treble damages, Worsham's Amended Complaint alleges a sum total of $ 19,000.00 in damages for Counts 12 through 17, or $ 36,500.00 in damages for all thirteen MTCPA counts. (Am. Compl. ¶ 95.) This is insufficient to state a claim under the TSR, as applied through the MTCPA.

Worsham contends that *Ehrlich* was incorrectly decided, and that an independent cause of action exists under Maryland law for MTCPA violations. (Worsham's Mem. Supp. 19–20.)

12

He alternatively insists that *Ehrlich* is distinguishable, as it only addressed the interplay between the MTCPA and the TCPA, rather than the MTCPA and the TSR. (*Id.* at 20.) Neither assertion is persuasive. This Court "is obliged to give due regard to decisions of the state intermediate appellate court as an indication of how the state's highest court would decide the issue," and will not depart from *Ehrlich* in this case. *Koch*, 437 F. Supp. 2d at 374; *In re Wallace & Gale Co.*, 284 B.R. 557, 559 (D. Md. Sep. 18, 2002), *aff'd* 385 F.3d 820 (4th Cir. 2004). In either case, the logic employed in *Ehrlich* is dispositive: The MTCPA treats the TSR no differently than the TCPA, defining its state-level prohibitions by reference to federal law. *See* Md. Code, Com. Law §§ 14-3201(1) (TSR); 14-3201(2) (TCPA). Accordingly, the distinction that Worsham highlights is immaterial, and does not provide a basis for reconsideration.

## IV. Treble Damages

Finally, Worsham challenges this Court's rejection of his claim for treble damages. (Worsham's Mem. Supp. 7.) In an action under TCPA § 227(c), "[i]f the court finds that the defendant willfully or knowingly violated . . . the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available." 47 U.S.C. § 227(c)(5). As this Court has previously observed, "[t]he Federal Communications Commission has interpreted 'willful or knowing' under the Telecommunications Act (of which the TCPA is a part), as not requiring bad faith, but only that the person have reason to know, or should have known, that his conduct would violate the statute." *Maryland v. Univ. Elections, Inc.*, 862 F. Supp. 2d 457, 463 (D. Md. 2012) (quoting *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 899 (W.D. Texas 2001)).

This Court dismissed Worsham's claim for treble damages by observing that "Worsham has failed to plead any facts to support his allegations that Discount Power violated the [TCPA] willfully or knowingly." (Mem. Op. 14.) Worsham insists that this was clear error, pointing to twenty-two paragraphs of the Amended Complaint in which he alleges Discount Power committed "willful or knowing" violations of the TCPA. (Worsham's Mem. Supp. 7.) This contention misses the point: Worsham's allegations, where they have factual support, only indicate that Discount Power was aware these calls were occurring—not that Discount Power "should have known" that the calls violated the TCPA.

Paragraph 58, highlighted in Worsham's instant motion, demonstrates this deficiency. Worsham insists that Discount Power was aware of potential violations "through feedback from customers." (Am. Compl. ¶ 58.) He reinforces this claim with an assertion that "the 800notes.com complaint site" includes complaints from other customers who received similar calls in 2014 and 2016. (*Id.* at ¶ 11–12, 16.) Accepting these allegations as true, they nonetheless fail to satisfy the TCPA's knowledge requirement. Even assuming that Discount Power was aware of complaints placed on 800notes.com, said complaints only suggest Discount Power was aware that telemarketing calls were occurring and that its consumers were dissatisfied.[8] They do not demonstrate a knowing violation of the TCPA. Accordingly, Worsham provides no basis for this Court to reconsider its dismissal of his treble damages claim.

---

[8] Worsham also insists that Discount Power's "awareness of Plaintiff's suits" is sufficient to demonstrate knowledge. (Worsham's Mem. Supp. 7.) Specifically, Worsham notes that he has previously sued Discount Power over a telemarketing call on January 5, 2017, and that another plaintiff filed a TCPA class action on April 27, 2018. (Am. Compl. ¶¶ 7–14.) *See Abramson v. Discount Power, Inc.*, No. 3:18-cv-00728 (D. Conn. 2017). However, Worsham's prior suit settled before the Circuit Court of Howard County, and the above-referenced class action ended in a stipulation of dismissal. As neither case resulted in a determination that Discount Power violated the TCPA, Discount Power's knowledge of this litigation is insufficient to establish that it "should have known" its conduct was prohibited. *Cf. Univ. Elections, Inc.*, 862 F. Supp. 2d at 463.

## CONCLUSION

For the foregoing reasons, it is this 1st day of December, 2021, hereby **ORDERED** that:

1. Plaintiff's Motion for Reconsideration (ECF No. 80) is **GRANTED** with respect to Counts 2 and 6 of the Amended Complaint, and **DENIED** with respect to all other Counts; and

2. This Court's July 29, 2021 Memorandum Opinion and Order (ECF Nos. 74, 75) are hereby **AMENDED** as follows:

    a. Defendant's Motion is **GRANTED** as to Counts 3, 4, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17, and those Counts are **DISMISSED WITH PREJUDICE**; and

    b. Defendant's Motion is **DENIED** as to Counts 1, 2, 5, and 6.

3. The Clerk of the Court shall transmit a copy of this Memorandum Order to counsel of record.

_____/s/_____
Richard D. Bennett
United States District Judge