**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **MICHAEL C. WORSHAM,**<br><br>**Plaintiff,**<br>**v.**<br><br>**DISCOUNT POWER, INC.,**<br><br>**Defendant.** | **Case No. 1:20-CV-00008-RDB**<br><br><br><br>**DECEMBER 29, 2021** |

**DISCOUNT POWER, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S ORDER ON HIS PREVIOUS MOTION FOR RECONSIDERATION (DOC NO. 157)**

Plaintiff is once again requesting that the Court either reconsider or alter one of its Orders. Federal Rule of Civil Procedure 60 sets forth multiple bases for seeking relief from a Court's judgment or order. The losing party's disappointment or disagreement with the Court's decision is not one of them. If a losing party does not satisfy any of the specific grounds for reconsideration enumerated in Fed. R. Civ. P. 60(b)(1)-(5), he must show that extraordinary circumstances exist to obtain relief under Fed. R. Civ. P. 60(b)(6), which Plaintiff also fails to satisfy. Fed. R. Civ. P. 59(e) allows amendment of a judgement in three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Plaintiff also fails to satisfy this standard. Simply put, Plaintiff Michael C. Worsham ("Plaintiff") fails to satisfy any grounds under either Rule 59 or 60 for this Court to reconsider its reconsideration of its decision on Defendant Discount Power Inc.'s ("DPI") Motion to Dismiss Plaintiff's Amended Complaint. Plaintiff's Second Motion for Reconsideration should be denied.

The Court granted in part and denied in part Plaintiff's First Motion for Reconsideration

of the Court's order on DPI's Second Motion to Dismiss Plaintiff's Amended Complaint. A combination of inadequate factual allegations and attempts to assert claims for which no private right of action exists lead to the Court dismiss fifteen of the seventeen causes of action asserted in the Amended Complaint with prejudice. Upon filing his prior motion for reconsideration, the Court reinstated Counts II and VI. Unhappy with the Court's decision, Plaintiff now moves for reconsideration of, and relief from that ruling. However, Plaintiff has not made even a minimal showing that reasons exist entitling him to relief from the Court's order dismissing with prejudice Plaintiffs claims for treble damages. His rehashing the same arguments that the Court rejected during its consideration of DPI's Motion to Dismiss and denial of the First Motion for Reconsideration, introduction of case law that was readily available to him at the time he submitted both, and wishes as to what he believes the law should be does not suffice for relief under Rule 60(b) or Rule 59(e). Additionally, DPI would suffer significant prejudice if the Court granted Plaintiff's Motion, as it has already been briefed this issue repeatedly. Accordingly, the Court should deny Plaintiff's Second Motion for Reconsideration.

## I. PROCEDURAL BACKGROUND

Plaintiff initially filed this lawsuit in State Court on November 25, 2019, and DPI removed the case to this Court on January 2, 2020. (*See* Doc. No. 1.) On June 17, 2020, DPI filed a Motion to Dismiss the Complaint in its entirety, which the Court granted on January 6, 2021, dismissing all seventeen counts of the Complaint with prejudice. (*See* Doc. Nos. 28, 47, and 48.) Plaintiff then filed a Motion to Alter or Amend and Grant Relief from Judgment and Order, which the Court granted in part, altering the judgment to a dismissal without prejudice. (*See* Doc. Nos. 49 and 53.) Plaintiff then filed his Amended Complaint, in which he re-asserted all seventeen previously dismissed causes of action, again failing to allege adequate facts to support his claims. (*See* Doc.

No. 54.) DPI subsequently moved to dismiss the Amended Complaint in its entirety, and the Court granted in part and denied in part DPI's Motion to Dismiss on July 29, 2021. (*See* Doc. Nos. 64, 74, and 75.) Specifically, the Court dismissed with prejudice Counts II–IV and VI–XVII of the Amended Complaint, but allowed Counts I and V to remain. (*See* Doc. Nos. 74 and 75.) On August 12, 2021, Plaintiff filed his First Motion for Reconsideration, demanding once again that this Court reverse itself and allow his claims to proceed. (*See* Doc. No. 80.) On December 1, 2021, the Court granted the First Motion for Reconsideration as to Counts II and VI and denied the remainder. (*See* Doc. No. 137). Plaintiff nonetheless brought the pending Second Motion for Reconsideration, asking the Court to reconsider its reconsideration of Plaintiff's claims for treble damages. (*See* Doc. No. 157).

## II. LEGAL STANDARDS

### A. Fed. R. Civ. P. 59

Plaintiff has not shown that he is entitled to relief under Fed. R. Civ. P. 59(e). The Court's judgment may be amended under Rule 59(e) in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Peria v. Wash. Metro. Area Transit Auth.*, No. GJH-20-0121, 2021 WL 1926880, at *2 (D. Md. May 12, 2021) (quoting *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)). None of those factors are met here and, therefore regardless of which provision the Motion is considered, the outcome should be the same—the Motion should be denied.

### B. Fed. R. Civ. P. 60

Under Fed. R. Civ. P. 60(b), the Court may relieve a party from an adverse judgment or order "if the party shows that the motion is timely, that it has a meritorious defense to the action,

that the opposing party would not be unfairly prejudiced by having the judgment set aside, and that one or more of the six grounds set forth in Rule 60(b) is satisfied." *Peria v. Wash. Metro. Area Transit Auth.*, No. GJH-20-0121, 2021 WL 1926880, at *3 (D. Md., May 12, 2021) (citing *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1986)). The six grounds enumerated in Rule 60(b) include:

(1) mistake, inadvertence surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"Although the language of Rule 60(b) is facially broad, its context requires that it may be invoked in only extraordinary circumstances." *Peria*, 2021 WL 1926880, at *3 (quoting *Tyler v. AMTRAK*, No. PJM-15-1666, 2016 WL 6170509, at *1 (D. Md. Oct. 24, 2016)) (additional citation and internal quotation marks omitted). "The Fourth Circuit has noted that a narrow construction of Rule 60(b)(6) is 'essential if the finality of judgments is to be preserved.'" *Id.* (quoting *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011)). "Motions for reconsideration are an extraordinary remedy which should be used sparingly." *AGV Sports Grp., Inc. v. Protus IP Sols., Inc.*, No. RDB-08-3388, 2010 WL 1529195, at *2 (D. Md. Apr. 15, 2010) (quoting *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)) (internal quotations marks omitted). "As a general

matter, however, this Court has stated that a motion to reconsider is not license to reargue the merits or present new evidence that was previously available to the movant." *Doe v. Chesapeake Med. Sols., LLC*, No. CV SAG-19-2670, 2020 WL 917061, at *3 (D. Md., Feb. 26, 2020) (citation and internal quotation marks omitted).

**C. <u>Reconsideration</u>**

The Local Rules of this Court permit the filing of a motion for reconsideration within fourteen days of issuance of the order that is the subject of the motion, unless otherwise provided for in Fed. R. Civ. P. 50, 52, 59, or 60. See L.R. 105.10. The rule contains no standard for its application. In the widely cited case of *Above the Belt, Inc. v. Bohannon Roofing, Inc.*, 99 F.R.D. 99 (E.D. Va. 1983), the court noted that it was improper to "ask the Court to rethink what the Court had already thought through – rightly or wrongly." *Id*. at 101.

## III. ARGUMENT

**A. <u>Plaintiff Has Not Met His Burden Pursuant to Fed. R. Civ. P. 59</u>**

Plaintiff's Motion should be denied because the motion fails to demonstrate that any of the "very narrow circumstances" warranting reconsideration under Rule 59(e) apply. *In re Pella Corp. Architect and Designer Series Windows Mktg., Sales Practices & Prods. Liab. Litig*., 269 F. Supp. 3d 685, 691 (D.S.C. 2017) (citing *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002)). Plaintiff does not demonstrate that previously unavailable or "substantially different" evidence has come to light; that there has been an intervening change in law since the Memorandum and Opinion and Order were issued; or that the Court committed a clear error causing manifest injustice.

Instead, Plaintiff simply rehashes the arguments he has already made as part of the voluminous briefing in this case. The Court did not misapply any facts or law here. Plaintiff's unhappiness with this Court dismissing his claims is not a basis to rehash his previously rejected

arguments. In fact, it is improper for Plaintiff to continue to burden this Court with his arguments. It is hard to imagine a less efficient means to expedite the resolution of cases than to allow parties, like the Plaintiff here, unlimited opportunities to seek the same relief simply by conjuring up a new reason to ask for it.

Plaintiff argues that "[t]he Amended Complaint easily met the pleading standard that Defendant's violations were done willfully or knowingly. The Court should reconsider that portion of the Court's Order . . . and reinstate and allow discovery for Worsham's claims for violations done willfully or knowingly in Counts 1 and 2." (*See* Doc. No. 157 at p. 1). However, Plaintiff again fails to show why this must be done: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Plaintiff's Motion should therefore be denied.

**B. <u>Plaintiff has not met his Burden Pursuant to Fed. R. Civ. P. 60</u>**

Plaintiff has repeatedly argued that this Court incorrectly decided the Motion to Dismiss. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. Here, the Court's well-reasoned and lengthy decisions properly dismissed Plaintiff's claims. Again unhappy with this decision, Plaintiff improperly moves this Court pursuant to Rule 60 to reconsider its partial denial of his First Motion for Reconsideration, attempting to take what is essentially a third bite of the apple.[1] Plaintiff's First Motion for Reconsideration addressed willfulness at length in pages 2-7. (*See* Doc. No. 80). Plaintiff further expanded his arguments in a Reply filed September 9, 2021. (*See* Doc. No. 94). The Court denied these arguments in Section IV of its Order. (*See* Doc. No. 137). The Court should not consider Plaintiff's Second Motion for Reconsideration given that it essentially seeks to have the Court change its mind on the same

[1] Indeed, Plaintiff moves for reconsideration pursuant to Rule 60 despite citing the Court's Order stating that such motion was to be made pursuant to Rule 59. (*See* Doc. No. 157 at p. 2).

arguments and issues addressed numerous times before. *See Rembrandt Data Techs., LP v. AOL, LLP*, No. 1:08CV1009 (GBL), 2009 WL 10687907, at *1 (E.D. Va. June 26, 2009) ("A review of the Motion to Reconsider leads to the conclusion that [Movant] merely seeks a second bite at the apple in an effort to reargue its position hoping for a more favorable outcome.").

"A motion to reconsider is not an opportunity to reargue a point previously decided against the movant. [Movant] has not only failed to demonstrate that it is entitled to the requested relief based on any of the aforementioned grounds, it has neglected to even acknowledge the limitations of a motion to reconsider." *Id.* Plaintiff seeks only to retread old ground in the hopes that the Court will suddenly reverse position without introducing new controlling authority or any other justification. *See French v. King*, 14 F.3d 594 (4th Cir. 1993) (stating that the appellee's motion for reconsideration was properly denied because it merely "attempt[ed] to reargue the merits of her case); *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (stating that a motion for reconsideration "may not be used to relitigate old matters.").

When a movant's motion for reconsideration "is simply an effort to have the Court rethink its decision . . . such a motion is improper if the only goal is to ask the Court to rethink what the Court had already thought—rightly or wrongly. Plaintiff has failed to meet any of the requirements for relief under Rule 59(e), and his Motion will therefore be denied." *Wimbush v. United States*, No. 5:02-CR-00037-RLV-11, 2012 WL 2884984, at *1 (W.D.N.C. July 13, 2012).

As to the substance of Plaintiff's argument, that "willfulness" is essentially the application of but-for causation as grounds for treble damages, the Supreme Court has rejected such arguments in an analogous context. 47 U.S.C. § 227(b)(3) allows the imposition only "[i]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection . . . ." When the Supreme Court considered the meaning of "willful" in the

statutory context regarding Section 523(a)(6) of the Bankruptcy Code, it found it notable that "willful modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead 'willful acts that cause injury.'" *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S. Ct. 974, 977, 140 L. Ed. 2d 90 (1998). Here, Plaintiff essentially argues that any act which is taken willfully and results in a violation gives rise to treble damages, rather than a willful violation. The Court's Order applied the court standard for willfulness in the Fourth Circuit. Willfulness requires that "the person have reason to know, or should have known, that his conduct would violate the statute." *Maryland v. Universal Elections*, Inc., 862 F. Supp. 2d 457, 463 (D. Md. 2012), *aff'd*, 729 F.3d 370 (4th Cir. 2013); *see also Krakauer v. Dish Network L.L.C., No.* 1:14-CV-333, 2017 WL 2242952, at *9 (M.D.N.C., May 22, 2017) ("While a finding of willfulness does not require bad faith, it does require that the caller have reason to know, or should have known, that his conduct would violate the statute.")

## IV. <u>CONCLUSION</u>

For the reasons discussed above and in the Court's well-reasoned decisions, this Court should deny Plaintiff's Reconsideration Motion to Reconsider the Memorandum Order (Doc. No. 157).

Respectfully submitted,

DEFENDANT,
DISCOUNT POWER, INC.

*/s/ Thomas C. Blatchley*
Thomas C. Blatchley (*Pro Hac Vice*)
Gordon & Rees LLP
95 Glastonbury Boulevard, Suite 206
Glastonbury, CT 06033
Phone: (860) 494-7525
Fax: (860) 560-0185
Email: tblatchley@grsm.com

Brian A. Scotti (Bar # 18249)
Gordon & Rees LLP
1101 King St., Suite 520
Alexandria, VA 22314
Phone: (202) 399-1009
Fax: (202) 800-2999
Email: bscotti@grsm.com
Counsel for Discount Power, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.

*/s/ Thomas C. Blatchley*
Thomas C. Blatchley