**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MICHAEL C. WORSHAM** | * | |
| *Plaintiff* | * | |
| vs. | * | Case 1:20-cv-00008-RDB |
| **DISCOUNT POWER, INC.** | * | |
| *Defendant* | * | |

* * * * * * * * * * * * *

**PLAINTIFF'S REPLY TO OPPOSITION TO MOTION TO RECONSIDER THE MEMORANDUM ORDER DISMISSING WILLFUL OR KNOWING CLAIMS WITH PREJUDICE**

Plaintiff Michael C. Worsham replies in support of his Motion under Local Rule 105.10 for this Court to reconsider, under Fed. R. Civ. Proc. (FRCP) 59(e) to alter or amend judgment, and under FRCP 60(b) to grant relief from a judgment, for its December 1, 2021 Memorandum Order (ECF 137) and accompanying Order (ECF 138) dismissing with prejudice Worsham's claims for treble damages for violations done willfully or knowingly in Counts 1 and 2 of the May 13, 2021 Amended Complaint (ECF 54).

Almost all of Defendant DPI's Opposition (ECF 170) addresses procedure and whether Worsham's Motion met the applicable standards for the Court to entertain the Motion under FRCP 50 and 60, and L.R. 105.10 for a Motion to Reconsider. This indicates DPI is concerned about the merits of the Motion. Worsham is satisfied that the Motion meets the standards for the Court to consider.

In particular, DPI only cited a federal Virginia case in a weak attempt to assert that the Motion can not be filed under L.R. 105.10, in which DPI did not actually argue that the Motion was improper under L.R. 105.10. That case, *Above the Belt, Inc. v. Bohannon Roofing, Inc.*, 99 F.R.D. 99 (E.D. Va. 1983) is easily distinguished. That case dealt with an improperly filed Motion to reconsider. *Id.* at 101 (plaintiff has "misused the pleading plaintiff has called

a motion for reconsideration."). In *Above the Belt, Inc.* there was no local Rule that explicitly allowed for a Motion to Reconsider. This Court has such a Rule in L.R. 105.10.

Regarding the substance of Worsham's argument regarding his claims for willful or knowing violations of the TCPA, at pages 7-8 of its Opposition, DPI discusses the meaning of "willful" in section 523(a)(6) of the Bankruptcy code, which is not the standard under the TCPA at 47 U.S.C. §§ 227(b)(3) and (c)(5).

The short remainder of DPI's Opposition furthers the blurring of the separate and distinct standards for willful violations, and knowing violations, which Worsham's Motion clarified. 47 U.S.C. § 227(b)(3) (distinguishing between violations done willfully or knowingly with the disjunctive "or").

WHEREFORE the Court should grant this Motion to Reconsider, and reinstate Worsham's claims in Counts 1 and 2 for violations that were done willfully or knowingly, and allow discovery on these claims, including a reasonable extension of discovery as may be necessary.

Respectfully submitted,

/s/ Michael C. Worsham

Michael C. Worsham, Plaintiff, *Pro Se*
1916 Cosner Road
Forest Hill, Maryland 21050
410-557-6192
michael @ magicmichael.net

**CERTIFICATE OF SERVICE**

On January 12, 2022 this document was filed through the Court's ECF system for service on all parties and counsel of record.

/s/ Michael C. Worsham

Michael C. Worsham