IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL C. WORSHAM                    *

      Plaintiff,                              *

v.                                                  *          Case No. 1:20-CV-00008-RDB

DISCOUNT POWER, INC.                  *

      Defendant.                            *

              *          *          *          *          *          *

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion for Sanctions (ECF No. 187) based on Defendant's alleged lack of compliance with this Court' previous Order (ECF No. 144) that granted in part and denied in part Plaintiff's previously-filed motion to compel. The Court has considered Plaintiff's Motion, Defendant's Opposition (ECF No. 213), and Plaintiff's Reply (ECF No. 214). No hearing is necessary. Loc. R. 105.6 (D. Md. 2021). For the following reasons, Plaintiff's Motion for Sanctions (ECF No. 187) is DENIED.

By way of background, Plaintiff has sued Defendant Discount Power, Inc. ("DPI") based on seven telemarketing calls he received between November 11 and November 15, 2019, allegedly made by or on behalf of DPI. (Amended Complaint, ECF No. 54 at 3-5). Based on these calls, Plaintiff alleges violations of the federal Telephone Consumer Protection Act, and its Maryland equivalent. *Id.* at 10-11. More specifically, Plaintiff's claims are founded on DPI's failure to respect the national "Do Not Call" registry ("DNC") and 47 C.F.R. § 64.1200(d)(4) which requires that, "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is

being made, and a telephone number or address at which the person or entity may be contacted." *Id.* DPI's chief defense is that it did not make the calls at issue. (ECF No. 139 at 2-3).

As noted above, the present motion is based on DPI's alleged noncompliance with a previous discovery Order from this Court. Specifically, on December 6, 2021, this Court entered an Order granting in part and denying in part Plaintiff's Motion to Compel Defendant Discount Power, Inc. ("DPI") to further respond to Plaintiff's written discovery requests. (ECF No. 144). Plaintiff's response to that Order has been somewhat contradictory. On the one hand, Plaintiff objected to the Order, an objection now pending before Judge Bennett as the presiding District Court Judge. (ECF No. 163). On the other hand, Plaintiff filed the instant Motion for Sanctions complaining that DPI has failed to comply with the undersigned's Order. The Court will interpret this procedural juxtaposition as Plaintiff objecting to that part of the Court's Order that denied his previous motion to compel, but seeking to enforce that part of his motion to compel that was granted.

With that understanding, the Court will deny Plaintiff's Motion for Sanctions (ECF No. 187). In its prior discovery Order to DPI, this Court painstakingly described the supplementation required from DPI. (ECF No. 144 at 2-3). The Court is satisfied that DPI has, to the best of its ability, supplemented its responses in accordance with that Order. DPI has since responded to yet a fourth round of written discovery. Quite simply, DPI cannot produce what it does not possess, and the Court has no information before it to conclude that DPI or its counsel has run afoul of Federal Rule of Civil Procedure 26(g). As for Plaintiff insisting on additional details of conversations between DPI and third parties, the Court notes that Plaintiff is scheduled to take deposition(s) of DPI that will no doubt allow Plaintiff to clarify that supplementation further.

Every discovery device has strengths and weaknesses, and the additional detail Plaintiff seeks is better suited for a deposition than a written discovery response.

Finally, the Court notes that Plaintiff included third-party Hound Energy in its Motion for Sanctions for failure to respond to a third-party subpoena. This Court has already addressed that issue, finding that the subpoena in question was not properly served in accordance with Federal Rule of Civil Procedure 45. (ECF No. 189).

For the foregoing reasons, Plaintiff's Motion for Sanctions (ECF No. 187) is DENIED.

February 9, 2022                                                 /s/
Date                                                      J. Mark Coulson
                                                          United States Magistrate Judge

3