IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MICHAEL C. WORSHAM** | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:20-CV-00008-RDB |
| **DISCOUNT POWER, INC.** | * | |
| Defendant. | * | |

\* \* \* \* \* \*

## MEMORANDUM AND ORDER

On February 14, 2022, Plaintiff filed a Third Motion for Extension of Time to Complete Discovery and Renewed Motion for Sanctions. (ECF No. 222). Defendant has filed its Opposition. (ECF No. 226). Plaintiff has filed a Reply (ECF No. 233). The Court finds that no hearing is necessary. Loc. R. 105.6 (D. Md. 2021). As set forth more fully below, Plaintiff's Motion is DENIED.

Plaintiff's chief argument both for extending discovery and for sanctions stems from the February 2022 deposition of Kenneth Flood, Defendant's corporate designee, pursuant to Rule 30(b)(6). According to Plaintiff, Mr. Flood revealed for the first time that one of Defendant's two telemarketing contractors, Hound Energy, LLC, sent recordings of all telemarketing calls made on behalf of Defendant to Defendant for quality control and compliance purposes. (ECF No. 222 at 1-2). As a result, those recordings would include any calls made on Defendant's behalf during November of 2019 when Plaintiff received the calls at issue. *Id.* Further, because of the large volume of calls made and recordings received, Mr. Flood testified that he would typically review only about 5% of the recordings and could not recall if he reviewed calls specifically from November of 2019. Thus, Plaintiff posits, if Defendant's contractor made the calls at issue, "it is

entirely possible that [Defendant] has recordings of the same calls that [Plaintiff] alleges in this suit and which [Plaintiff] provided his own recordings of to [Defendant] and filed with the Court." *Id*. at 2. Such recordings, Plaintiff argues, would clearly be responsive to previously-filed discovery, and would contradict Defendant's earlier representation that it had provided all responsive discovery (which, in turn, led the Court to deny one of Plaintiff's earlier motions seeking discovery sanctions (ECF Nos. 187, 219)). *Id*.

Relatedly, according to Plaintiff, discovery needs to be extended to require Defendant to produce *all* recordings made to *anyone* for all of the days in November of 2019 when Plaintiff received unwanted telemarketing calls. (ECF No. 222 at 2). Plaintiff additionally argues that the failure to produce these potential recordings is worthy of sanction. *Id*. at 2-3.

Of course, all of these arguments hinge on whether Defendant (or its two contractors) made any or all of the calls at issue. If no such calls were made, obviously no responsive recordings exist such that there is no sanctionable discovery failure on Defendant's part. Additionally, there would be no reason to order a discovery extension because any recordings other than ones made to Plaintiff are outside the scope of discovery.[1]

Defendant has steadfastly denied that it made the calls at issue throughout this litigation. Most recently, Defendant insists, "[c]ontrary to Plaintiff's assertions, DPI does not have any of the alleged call recordings that are the subject of Plaintiff's sanctions motion." (ECF No. 226 at 2). Defendant's assertion is consistent with its discovery produced to date. Mr. Flood, by way of affidavit, has represented that his investigation uncovered no evidence of such calls, and that his

---

[1] Plaintiff argues that calls to others during this period are relevant "*inter alia* to testing Mr. Flood's assertion in his Declaration at ¶ 12 that 'DPI had no reason to believe that any of its dialers were violating any portions of the TCPA or the MDTCPA.'" (ECF No. 222 at 2). The Court declines to open the door to a series of mini-trials as to whether unrelated calls to persons other than the Plaintiff did or did not meet applicable regulations merely to allow potential impeachment of one tangential statement in Mr. Flood's deposition, especially given the paucity of evidence suggesting Defendant or its contracts made the calls at issue in this lawsuit.

2

communications with Defendant's two contractors confirmed same. (ECF 86, Ex. 4 at ¶¶ 8-12). Defendant's interrogatory answers reflect the same. (ECF Nos. 187, Ex. 1 at 2). Documents produced by Defendant and others also support its defense, including correspondence with its contractors Hound Energy and AGR. (ECF No. 217, Ex. 1) (correspondence between Defendant and Hound Energy indicating no calls were made to Plaintiff); (ECF No. 187, Ex. 3 at 1-11) (verification that Defendant added Plaintiff to its do not call list in March of 2018, and documents from AGR to Defendant that no calls were made to Plaintiff). Further, AGR itself corroborated this defense in its own response to Plaintiff's third-party subpoena, which Plaintiff appears to accept as to AGR. (ECF Nos. 148 and 178).[2]

Moreover, Defendant now has even more evidence that neither it nor its contractors made the telemarketing calls at issue. Specifically, while reviewing the parties' respective submissions in this case, the Court ordered production of Mr. Flood's deposition transcript to review, *inter alia*, his specific testimony regarding Defendant's possible possession of recordings of telemarketing calls during the time period at issue. (ECF No. 234). As a result of that review, the Court found a reasonable basis to conclude that: (1) Hound Energy forwarded recordings of *all* calls made on Defendant's behalf to Defendant in real time; (2) Defendant's business practice was to review only a small percentage of those calls for quality assurance; (3) Defendant may still have recordings of all calls made by Hound Energy on its behalf during the relevant time period; and, (4) Defendant had not yet searched those recordings to rule in or rule out whether it possessed recordings of the calls at issue.[3] (ECF No. 235).

---

[2] Plaintiff did not properly serve the other contractor, Hound Energy, and its response to a replacement subpoena served by sheriff on March 17, 2022, remains pending. That said, correspondence between Defendant, Hound Energy, and Hound Energy's contractor (Xtra Source) was produced by Defendant and verifies that no calls were made by either entity to Plaintiff on the dates in question. (ECF No. 217, Ex. 1).

[3] To be clear, given the other evidence and information that Defendant had produced indicating that neither it nor its contractors made the calls at issue, the Court did not conclude that Defendant's failure to search through hundreds of records for information that seemed unlikely to be there was unreasonable.

Accordingly, the Court ordered Defendant to review the recordings, determine if it still had recordings for the relevant time period, and, if so, verify that none of those recordings were of the calls at issue. *Id*. Defendant has now completed that review. (ECF No. 240). By way of verification submitted by Mr. Flood, Defendant *does* have recordings of the calls made during the period at issue, but a review of each of the recordings for the days in question shows *no* calls were made to Plaintiff. (ECF No. 240 at 2). This, of course, is consistent with all other evidence that Defendant and its contractors have already produced in the case. As such, there is no basis to sanction Defendant nor to extend discovery due to these recordings.

Plaintiff also argued that discovery should be extended because Judge Bennett has not yet ruled on his objection to a portion of the undersigned's ruling on his previously-filed motion for sanctions. (ECF No. 163). However, Judge Bennett recently issued that ruling and upheld the undersigned's ruling, which ultimately renders this argument moot.

Finally, Plaintiff urges discovery should be extended beyond April 1, 2022 (the date recently set by Judge Bennett in light of the June trial date) because he is still awaiting responses to third-party subpoenas sent to one of Defendant's two contractors, Hound Energy, and some telecommunications carriers who may have handled parts of the calls at issue on their networks. (ECF No. 222 at 3). As to the former, as noted above, Defendant has already produced correspondence from Hound Energy, including correspondence between Hound Energy and *its* contractor, Xtra Source,[4] indicating that they did not make the calls at issue. Further, as detailed above, Defendant has now reviewed recordings of all calls made on its behalf by Hound Energy during the relevant time period, and no calls were made to Plaintiff. Any subpoena response from Hound Energy is therefore likely to be cumulative on this point. While the Court will not preclude

---

[4] Xtra Source is a call center located in Pakistan with whom Hound Energy apparently contracted to make telemarketing calls and is beyond the subpoena power of this Court.

any information produced from Hound Energy in response to the subpoena finally served on March 17, 2022, it will not extend discovery beyond the current April 1, 2022, deadline to accommodate any further discovery from Hound Energy.

As for the third-party telecommunications carriers, none has, to date, raised the discovery deadline as a reason not to respond to Defendant's subpoena. The April 1, 2022, discovery deadline should be more than ample time for any such remaining responses to be produced. If any such response remains outstanding beyond that date, the Court can determine whether a further accommodation is warranted depending on the proposed timeframe, relevance of the outstanding discovery, whether such information is cumulative of other information already produced, and the position taken by the third-parties themselves.

Ultimately, for the reasons set forth above, Plaintiff's Third Motion for Extension of Time to Complete Discovery and Renewed Motion for Sanctions (ECF No. 222) is DENIED.

| | |
|---|---|
| March 28, 2022 | /s/ |
| Date | J. Mark Coulson |
| | United States Magistrate Judge |