**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MICHAEL C. WORSHAM** | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:20-cv-00008-RDB |
| **DISCOUNT POWER, INC.** | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*

**MEMORANDUM AND ORDER AND CERTIFICATION OF CIVIL CONTEMPT**

This case was referred to the undersigned for all discovery and related scheduling matters pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland. (ECF No. 88). On April 1, 2022, Plaintiff filed a combined Motion for Sanctions and Motion to Compel Non-Party Hound Energy, LLC. (ECF No. 245). In addition to requesting certain discovery and scheduling relief (which is DENIED as explained below), Plaintiff also requests that Hound Energy be held in contempt, which must be addressed by Judge Bennett. As to Plaintiff's discovery and scheduling requests, the Court finds that no hearing is necessary. Loc. R. 105.6 (D. Md. 2021). Relating to Plaintiff's request that Hound Energy be held in contempt, this Memorandum shall simultaneously function as a certification of that issue to Judge Bennett.

Section 636(e) of Title 28 of the United States Code sets forth the civil contempt authority that a United States magistrate judge may exercise. In civil cases in which a magistrate judge presides with the consent of the parties under 28 U.S.C. § 636(c), the judge "may exercise the civil contempt authority of the district court." 28 U.S.C. § 636(e)(4). Where the magistrate judge presides over a civil case without the consent of the parties, such as by discovery referral from a

district judge, the magistrate judge does not have the authority to enter civil contempt, but must instead "certify the facts to a district judge" and serve an order requiring the named party "to appear before a district judge upon a day certain to show cause why that person shall not be adjudged in contempt by reason of the facts so certified." 28 U.S.C. § 636(e)(6)(B)(iii).

Although the undersigned may address within the scope of the current referral that portion of Plaintiff's Motion seeking to extend discovery and compel a subpoena response and deposition from Hound Energy, the undersigned also certifies the following facts to the Honorable Richard D. Bennett, Senior United States District Judge. The purpose of the certification of these facts is for Judge Bennett to consider that portion of Plaintiff's Motion seeking to hold Hound Energy in contempt, along with recommendation for an appropriate sanction should Judge Bennett ultimately find Hound Energy in contempt.

With the Court's prior approval, Plaintiff has issued a series of third-party subpoenas to various entities that may have been involved in placing or facilitating the telemarketing calls underlying this suit, including subpoenas to the two telemarketing contractors used by Defendant during the period at issue in this case, AGR Group, LLC ("AGR"), and Hound Energy, LLC ("Hound Energy"), on November 3, 2021. (ECF Nos. 127 and 128). Although AGR responded to Plaintiff's subpoena, Hound Energy did not, resulting in Plaintiff's Motion to Compel on December 3, 2021. (ECF No. 142). On December 17, 2021, however, Plaintiff filed a Corrected Certificate of Service, indicating that its original motion had been mailed to the wrong address, but that a copy was mailed to Hound Energy at the correct address that day. (ECF No. 159).

On January 3, 2022, Plaintiff filed a motion requesting a ruling on its previously-filed motion to compel, indicating that Hound Energy had not responded to Plaintiff's subpoena nor the motion to compel. (ECF No. 173). On January 4, 2022, this Court entered an Order directing

Hound Energy to respond to Plaintiff's Motion to Compel by January 14, 2022, and directing the Clerk's office to mail the Order to Hound Energy at the correct address. (ECF No. 176).

On January 20, 2022, the Court denied Plaintiff's previously-filed motion to compel against Hound Energy, holding that Plaintiff did not properly serve Hound Energy. (ECF No. 189 at 3).[1] On January 27, 2022, Plaintiff moved to serve an updated subpoena and deposition notice on Hound Energy. (ECF No 202). On January 31, 2022, the Court granted Plaintiff's motion, subject to certain revisions restricting the scope. (ECF No. 205). The Court also extended the discovery deadline to February 25, 2022, for the limited purpose of accommodating the subpoena and deposition notice. *Id.* That same day, Plaintiff refiled his motion, but failed to abide by the Court's revisions. (ECF No. 207). Accordingly, the Court denied Plaintiff's motion. (ECF No. 209). Plaintiff re-submitted his motion on February 1, 2022, with the Court's previously-ordered revisions, and the Court simultaneously granted Plaintiff's motion. (ECF Nos. 210 and 211). On February 9, 2022, the Court declined to extend the discovery deadline beyond the previously-granted limited purpose extensions, including the above-referenced extension for the Hound Energy subpoena response and deposition. (ECF No. 220).

On March 2, 2022, Judge Bennett set a final discovery deadline of April 1, 2022, to accommodate then-outstanding discovery. (ECF No. 228). Judge Bennett also set a trial date of June 13, 2022. *Id.* On March 3-4, 2022, Plaintiff filed yet another motion, as well as supplementations, to subpoena Hound Energy based on another failure of service that had occurred on February 14, 2022. (ECF Nos. 229-331). On March 7, 2022, in addressing Plaintiff's motion, the Court noted that Plaintiff had been unsuccessfully attempting to obtain third-party discovery

---

[1] Though not the basis for the Court's ultimate ruling, the Court also noted various assertions by Plaintiff in earlier pleadings calling into question whether Hound Energy of Florida was an appropriate source of third-party discovery. (ECF No. 189 at 2-3).

3

since November of 2021. (ECF No. 232 at 2-3). The Court found that due to a series of logistical errors on Plaintiff's part (some of which are detailed above), such discovery had never been properly served. *Id.* The Court also observed that Judge Bennett's March 2, 2022, Order could fairly be read as precluding yet another attempt at serving Hound Energy, as it prohibited "new" discovery. *Id.* at 2. Though the Court allowed the subpoena and deposition notice, it made clear that it was only appropriate because the return dates were within the April 1, 2022, discovery deadline. *Id.*

> The Court added another important qualification to its Order:
>
> Plaintiff should take note however that, should that production be incomplete or that deposition not go forward within the current discovery schedule, the Court is not inclined to further accommodate this third-party discovery request. This inclination is based both on the practicalities demanded by the current deadlines and trial date, but also the Court's assessment that this particular discovery is cumulative of other discovery already provided in the case, discovery that makes it less likely that Hound Energy possesses additional responsive information of significant import.

*Id.* That "other discovery" included Defendant's denials that it made, or caused to be made, the calls at issue in its interrogatory answers and affidavit of Kenneth Flood (Defendant's employee who investigated the calls). (ECF No. 86, Ex. 4 at ¶¶ 8-12; ECF No. 187, Ex. 1 at 2). Other discovery also included documents produced by Defendant, which were not only documents showing that Plaintiff was placed on its "do not call" list in March of 2018, well before the November 2019 calls at issue, but also documents from both Hound Energy (and its contractor, Xtra Source) and AGR indicating same. (ECF No. 187, Ex. 3 at 1-11; ECF No. 217, Ex. 1). Discovery also included AGR's own response to a third-party subpoena which similarly included documents again verifying same. (ECF Nos. 148 and 178). Thus, Plaintiff's motion was granted "with the caveat that the April 1, 2022, discovery deadline [would] not further be extended to

4

accommodate additional efforts to secure discovery from Hound Energy" since such discovery was likely to be cumulative at that point. (ECF No. 232 at 3).

Since then, there is yet additional evidence that makes it even more likely that any information from Hound Energy at this late stage would be, at best, cumulative. On February 14, 2022, Mr. Flood revealed at his deposition that Defendant required Hound Energy to send to Defendant recordings of all calls made on its behalf, which Mr. Flood indicated he had not yet reviewed. Consequently, on March 14, the Court ordered Defendant to: (1) verify whether or not it still had recordings from Hound Energy for the relevant period in November 2019; and (2) if so, review those recordings from the particular days at issue to determine whether any calls had been placed by Hound Energy to Plaintiff. (ECF No. 235). On March 25, 2022, Defendant submitted a sworn declaration that after locating and reviewing recordings from Hound Energy for the dates at issue, no calls to Plaintiff were found. (ECF No. 240). Relying on this, the Court denied Plaintiff's Third Motion to Extend Discovery to, in part, allow for discovery from Hound Energy. (ECF No. 242 at 4-5). That Order stated "[w]hile the Court will not preclude any information produced from Hound Energy in response to the subpoena finally served on March 17, 2022, it will not extend discovery beyond the current April 1, 2022, deadline to accommodate any further discovery from Hound Energy." *Id.*

Now, according to Plaintiff, Hound Energy was finally served[2] by sheriff on March 17, 2022, with the subpoena and deposition notice, but did not provide documents or appear for deposition by the March 30, 2022, deadline. (ECF No. 245 at 2). On April 1, 2022, the discovery

---

[2] Service was not effected on Craig Johnson, Hound Energy, LLC's resident agent, but was apparently served on his wife, Diane Johnson.  Both Mr. Johnson and his wife are designated as "managers" in the Florida Department of State record for Hound Energy. *See* https://search.sunbiz.org/Inquiry/CorporationSearch, last visited 04/15/22. For purposes of deciding the present Motion, the Court will assume without deciding that Ms. Johnson's role as "manager" renders her an officer of the company and that service was therefore proper under Rule 45.

deadline, Plaintiff filed the instant Motion for Sanctions and to Compel Hound Energy. *Id.* Plaintiff seeks an order from the Court to amend the schedule and deadlines yet again, and to compel Hound Energy to respond to his subpoena and appear for deposition. *Id*. at 7.  Plaintiff also seeks to hold Hound Energy in contempt.

Regarding that part of Plaintiff's Motion which seeks a discovery extension and an order to compel Hound Energy to respond to the subpoena and produce documents, the Court has been clear that the discovery deadline will not be extended to accommodate further efforts to obtain information from Hound Energy at this late date. Putting aside Plaintiff's inability to effect appropriate service for months, any information from Hound Energy at this late date is very likely to be cumulative as detailed above. This assessment is especially true given the Court's previous Order—at Plaintiff's urging—that Defendant review all tapes from Hound Energy of the dates at issue for any calls to Plaintiff, and no calls were found. Therefore, Plaintiff's Motion to Compel is denied to that extent.

As for that portion of Plaintiff's Motion seeking to hold Hound Energy in contempt, such decision is for Judge Bennett as noted above. To that end, this Order shall also act as certification of the facts herein to Judge Bennett for consideration of whether an order of contempt is appropriate for Hound Energy's noncompliance with this Court's subpoena and failure to appear for deposition. The undersigned's recommendation to Judge Bennett in this regard is that, should Judge Bennett find contempt is appropriate, Judge Bennett limit any accompanying sanction to $193.95, the cost incurred by Plaintiff for the most recent service by sheriff and aborted deposition.[3]

---

[3] Palm Beach Sheriff's Office of $88.95 plus Irwin Court Reporters $105.00, for a total of $193.95. (ECF No. 252).

6

Accordingly, Plaintiff's Motion is DENIED to the extent it seeks to extend the discovery deadline and compel a subpoena response and deposition from Hound Energy. Plaintiff's request to hold Hound Energy in contempt is certified to Judge Bennett.


April 18, 2022 /s/
Date J. Mark Coulson
United States Magistrate Judge