IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL C. WORSHAM,                          *

     Plaintiff,                                   *

     v.                                           *

                            Civil Action No. RDB-20-0008

DISCOUNT POWER, INC.,                        *

     Defendant.                                   *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM ORDER

In this case, *pro se* Plaintiff Michael C. Worsham ("Worsham") claims that Defendant Discount Power, Inc. ("Discount Power") violated state and federal telephone consumer protection statutes by placing repeated calls to his residential phone using an automatic dialer. (Am. Compl. ¶¶ 1–6, 12, ECF No. 54.) On July 29, 2021, this Court entered a Memorandum Opinion and Order granting in part and denying in part Discount Power's Motion to Dismiss. (ECF Nos. 74, 75.) Specifically, this Court dismissed with prejudice all Counts of the Amended Complaint other than Counts 1 and 5, which relate to the presence of Worsham's residential number of the Do-Not-Call List. (ECF No. 75.) The case has proceeded into discovery on those Counts. (*See* Scheduling Order, ECF No. 76.)

On August 12, 2021, Worsham filed a Motion for Reconsideration, seeking to reinstate the fifteen Counts of his Amended Complaint that were dismissed with prejudice. (First Mot. Reconsid., ECF No. 80.) On December 1, 2021, this Court issued a memorandum order granting in part and denying in part Worsham's First Motion for Reconsideration (ECF No. 137). This Court amended its July 29, 2021 Memorandum Opinion and Order to reinstate

Counts 2 and 6, which collectively allege that Discount Power failed to provide identifying information required by 47 C.F.R. § 64.1200(d). (12/1/2021 Mem. Ord. 6–10, ECF No. 137.) Now pending is Worsham's Second Motion for Reconsideration (ECF No. 157), in which he requests that this Court reconsider the December 1, 2021 Order granting his first Motion for Reconsideration and reinstate his claims for treble damages. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons stated herein, Worsham's Second Motion for Reconsideration is **DENIED**.

## BACKGROUND

The factual and procedural background was discussed at length in this Court's July 29, 2021 Memorandum Opinion. *See Worsham v. Discount Power*, No. RDB-20-0008, 2021 WL 3212589, at **1–2 (D. Md. Jul. 29, 2021). (Mem. Op., ECF No. 74.) Plaintiff Michael C. Worsham ("Worsham") alleged that Defendant Discount Power, Inc. ("Discount Power") violated assorted provisions of the federal Telephone Consumer Protection Act ("TCPA") and the Maryland Telephone Consumer Protection Act ("MTCPA") by placing seven calls to his landline in a five-day period during November 2019. (*Id.* at 1.) Worsham claims that Discount Power conspired with a telemarketing call center and other entities to use an automatic telephone dialing system to call consumers—including individuals with numbers on the Do-Not-Call List—in order to solicit purchases of energy-related products and services. (*Id.* at 2.) He further claims Defendant used robocalls and "lead generating telemarketers" to prevent consumers from discerning his identity, and to subvert the requirements of the TCPA and MTCPA. (*Id.* at 2–3.)

Worsham's 17-count Complaint (ECF No. 3), filed in the Circuit Court for Harford County, Maryland, sought $84,500 in damages, attorney's fees, costs, and injunctive relief for four putative violations of the federal TCPA (Counts 1-4), and 13 violations of the MTCPA (Counts 5-17). *Id.* (*See* Compl. ¶¶ 72, 76, ECF No. 3.) On January 2, 2020, Discount Power removed the case to this Court on the basis of diversity of citizenship, (ECF No. 1), and on January 6, 2021, this Court granted Discount Power's first Motion to Dismiss, dismissing the Complaint with prejudice. (ECF Nos. 47, 48.) On February 3, 2021, Worsham moved to Alter or Amend this Court's judgment and Order, insisting that the Court took judicial notice of a PACER docket entry that incorrectly listed his telephone number as a business number— rather than a residential number, as required by his claims. (ECF No. 49.) This Court granted that motion, converting the dismissal to one without prejudice, and affording Worsham the opportunity to amend his Complaint. (ECF No. 53.)

Worsham filed his Amended Complaint on May 13, 2021, incorporating additional information regarding his telephone number. (ECF No. 54.) Worsham's Amended Complaint reduced his claimed damages from $84,500 to $77,000–$40,500 in statutory damages for the alleged TCPA violations, and $36,500 in statutory damages for the alleged MTCPA violations. (*Id.* ¶¶ 91, 95.) Discount Power responded with a second Motion to Dismiss. (ECF No. 64.) By Memorandum Opinion and Order dated July 29, 2021, this Court granted that motion as to Counts 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17, and dismissed those Counts with prejudice. (Mem. Op. 1–2.) This Court denied that motion as to Counts 1 and 5, concluding that Worsham's Amended Complaint plausibly pled that his telephone number is residential;

3

that his number was on the National Do-Not-Call list; and that he did not register his number as belonging to a law firm. (*Id.* at 1–2, 7–8.)

On August 12, 2021, Worsham filed his first Motion for Reconsideration, asking this Court to reconsider the portion of its July 29, 2021 Memorandum Opinion dismissing the other Counts of his Amended Complaint. (ECF No. 80.) In light of intervening case law, this Court granted that motion as to Counts 2 and 6, concluding that 47 C.F.R. § 64.1200(d) provides a private right of action. (12/1/2021 Mem. Ord. 6–10.) Accordingly, this Court amended its July 29, 2021 Memorandum Opinion to grant Discount Power's motion to dismiss as to all Counts except 1, 2, 5, and 6. (*Id.* at 15.) On December 15, 2021, Worsham filed the instant Second Motion for Reconsideration. (Second Mot. Recons., ECF No. 157.) Through this motion, Worsham asks this Court to reinstate his claims for treble damages on Counts 1 and 2 of his Amended Complaint, alleging violations of the TCPA. (*Id.*) This motion is now pending.

## STANDARD OF REVIEW

Two rules enable a court to reconsider a final judgment: Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, while Rule 60 provides for relief from judgment. *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011). As this Court explained in *Cross v. Fleet Reserve Ass'n Pension Plan*, WDQ-05-0001, 2010 WL 3609530, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

4

(footnote omitted). Worsham moves for reconsideration under Rule 59(e) and Rule 60(b).[1]

However, Worsham filed his motion on December 15, 2021, exactly fourteen days after this

Court's December 1, 2021 Order granting in part and denying in part Worsham's first Motion

for Reconsideration. (ECF No. 157.) Accordingly, Rule 59(e) solely governs this Court's

analysis. *See, e.g., Knott v. Wedgwood*, DKC-13-2486, 2014 WL 4660811, at *2 (D. Md. Sept. 11,

2014) ("Although Plaintiff purports to bring his motion for reconsideration under Rule

60(b)(1), because it was filed within twenty-eight days of entry of the underlying order, it is

properly analyzed under Rule 59(e).").

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized

that a final judgment[2] may be amended under Rule 59(e) in only three circumstances: (1) to

accommodate an intervening change in controlling law; (2) to account for new evidence not

available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g.,*

*Gagliano v. Reliance Std. Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008); *accord Fleming v.*

*Maryland Nat'l Cap. Park & Planning Comm'n*, DKC-11-2769, 2012 WL 12877387, at *1 (D.

Md. Mar. 8, 2012). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise

arguments or present evidence that could have been raised prior to entry of judgment." *Pac.*

*Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *see also Kelly v. Simpson*, RDB-

---

[1] Worsham also insists that his motion is authorized by Local Rule 105.10. As stated in this Court's prior Order, this is incorrect as a matter of law. Local Rule 105.10 provides in full: "Except as otherwise provided in Fed. R. Civ. P. 50, 52, 59, or 60, any motion to reconsider any order issued by the court shall be filed within the Clerk not later than fourteen (14) days after the entry of the order." L.R. 105.10. This rule does not provide a separate vehicle to file a Motion for Reconsideration—and does not supplant the requirements of the Federal Rules of Civil Procedure.

[2] Rule 59(e) applies only to final judgments. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991).

5

16-4067, 2017 WL 4065820, at *1 (D. Md. Jan. 26, 2017); *Lynn v. Monarch Rec. Mgmt, Inc.*, 953 F. Supp. 2d 612, 620 (D. Md. 2013).

Nevertheless, motions for reconsideration are "an extraordinary remedy which should be used sparingly." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009); *Peckey v. Bank of Am.*, No. RDB-14-433, 2016 WL 6951940, at *1 (D. Md. Nov. 28, 2016); *accord Siple v. First Franklin Fin. Corp.*, No. RDB-14-2841, 2015 WL 6163791, at *2 (D. Md. Oct. 19, 2015) ("Where a party seeks reconsideration on the basis of manifest error, the earlier decision cannot be 'just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." (quoting *TFWS*, 572 F.3d at 194)). "Such limitations on Rule 59(e) motions are necessary because '[w]ere it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the [C]ourt—not to mention its patience.'" *Travis X. C. v. Saul*, No. GJH-18-1210, 2020 WL 6684636, at *2 (D. Md. Nov. 12, 2020), *aff'd sub nom. Carr v. Kijakazi*, No. 20-2226, 2022 WL 301540 (4th Cir. Feb. 1, 2022) (quoting *Pinney v. Nokia, Inc.*, 402 F.3d 430, 453 (4th Cir. 2005)) (alterations in original). "The district court has considerable discretion in deciding whether to modify or amend a judgment." *Fleming*, 2012 WL 12877387, at *1.

## ANALYSIS

Worsham faces a "high bar . . . to succeed on a Motion for Reconsideration." *Harvey v. Cable News Network, Inc.*, No. RDB-20-3068, 2021 WL 1516009, at *2 (D. Md. Apr. 16, 2021). In his Second Motion for Reconsideration, Worsham challenges this Court's rejection of his claim for treble damages for alleged violations of TCPA § 227(c)(5). (*See* Second Mot. Recons.)

6

Worsham contends that this Court committed a clear error of law in failing to "address the "willful" component of the TCPA's provision . . . for treble damages for a federal TCPA violation" and "rel[ying] on a case which cited through erroneously to an FCC decision." (*Id.* at 1.) He also insists that the Amended Complaint has "easily met the pleading standard that Defendant's violations were done willfully or knowingly." (*Id.*). To the extent that these contentions have already been addressed in this Court's prior ruling, they remain unavailing. To the extent that Worsham attempts to "raise new arguments or present novel legal theories that could have been raised prior to judgment," this an improper use of a Rule 59(e) motion. *Pac. Ins. Co.*, 148 F.3d at 404.

In an action under TCPA § 227(c), "[i]f the court finds that the defendant willfully or knowingly violated . . . the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the aware to an amount equal to not more than 3 times the amount available." 47 U.S.C. § 227(c)(5). As this Court noted in its prior Memorandum Order, it is well established that "[t]he Federal Communications Commission has interpreted 'willful or knowing' under the Telecommunications Act (of which the TCPA is a part), as not requiring bad faith, but only that the person have reason to know, or should have known, that his conduct would violate the statute." *Maryland v. Univ. Elections, Inc.*, 862 F. Supp. 2d 457, 463 (D. Md. 2012) (quoting *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 899 (W.D. Texas 2001)). This Court concluded that the Amended Complaint fails to meet this standard: "Worsham's allegations, where they have factual support, only indicate that Discount Power was aware these calls were occurring—not that Discount Power 'should have known' that the calls violated the TCPA." (Mem. Or. 14.)

Worsham's Second Motion for Reconsideration challenges the underlying case law, arguing that *Universal Elections* and *American Blastfax* conflated the terms "willful or knowing" and improperly gave *willful* the same construction as *knowing*. (*See* Second Mot. Recons. 7.) Worsham contends that this Court's analysis of the "knowingly" component of the TCPA "applied an inapplicable 'actual knowledge' or 'previous liability' standard," and urges this Court to interpret a "willful" violation as any intentional and deliberate act, regardless of any intent to violate the law. (*Id.* at 3.) He advocates for a lower pleading standard in accordance with his interpretation of *Universal Elections, Inc.* (*Id.* at 10.) Finally, he insists that the operative Amended Complaint includes sufficient allegations to show that Discount Power willfully and knowingly violated the TCPA based upon this interpretation of the statute. (*Id.*)

In making these arguments, Worsham improperly asks this Court to revisit its analysis and "rethink what [it] has already thought through." *JTH Tax, Inc v. Aime*, No. 1:16cv279, 2017 WL 2999970 (E.D. Va. June 26, 2017) (quoting *United States v. Dickerson*, 971 F. Supp. 1023, 1024 (E.D. Va. 1997)) Worsham's contentions were previously set forth in his Amended Complaint, (ECF No. 54), his Opposition to Discount Power's Motion to Dismiss, (ECF No. 34), and first Motion for Reconsideration, (ECF No. 80). This Court considered and rejected them in its July 29, 2021 Memorandum Opinion and December 1, 2021 Memorandum Order. (ECF Nos. 74, 75, 137.) Rule 59(e) is not a mechanism for a plaintiff to "relitigate" arguments that already been addressed by this Court—or to "raise new arguments or present novel legal theories that could have been raised prior to judgment." *Pac. Ins. Co.*, 148 F.3d at 403. Worsham fails to offer any circumstances that would justify the extraordinary measure of reconsidering this Court's prior ruling for a second time.

8

As this Court and many others have stated, a motion to reconsider is not a license to relitigate matters that have already been presented, considered, and decided. *See Sanders v. Prince George's Pub. Sch. Sys.*, No. RWT 08cv501, 2011 WL 4443441, at *1 (D. Md. Sept. 21, 2011) (noting that a motion for reconsideration is "not the proper place to relitigate a case after the court has ruled against a party"). This Court's interpretation of the TCPA and its dismissal of Worsham's claims for treble damages does not constitute clear error merely because Worsham disagrees with the result and would prefer a different interpretation. *See United States ex. Rel. Becker v. Westinghouse Savannah River Co,*, 305 F.3d 284, 290 (4th Cir. 2002) ("[M]ere disagreement does not support a Rule 59(e) motion." (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993))). As Rule 59(e) is not a vehicle to "relitigate old matters or to raise arguments . . . that could have been raised prior to entry of judgment," *see Pacific Ins. Co.*, 148 F.3d at 403, Worsham's continued reliance on arguments that this Court has already decided cannot justify the extraordinary remedy of reconsidering this Court's judgment for a second consecutive time.

## CONCLUSION

For the foregoing reasons, it is this 19th day of April, 2022, hereby **ORDERED** that:

1. Plaintiff's Motion for Reconsideration (ECF No. 157) is **DENIED**; and

2. The Clerk of the Court shall transmit a copy of this Order to Plaintiff at his last known address.


Dated: April 19, 2022                         _____/s/_____
                                              Richard D. Bennett
                                              United States Senior District Judge