**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**J. MARK COULSON**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**Phone: (410) 962-4953 | Fax: (410) 962-4953**

May 13, 2022

LETTER TO PLAINTIFF AND ALL COUNSEL OF RECORD

Re: *Worsham v. Discount Power, Inc*
Civil No.: 1:20-cv-00008-RDB

Plaintiff and Counsel:

Before the Court is Defendant's Motion for Sanctions based on Plaintiff's failure to appear at the continuation of his discovery deposition. (ECF No. 249). The Court has also reviewed Plaintiff's opposition, as well as supplemental filings by both parties. (ECF Nos. 256, 261, 265). The Court finds that no hearing is necessary. Loc. R. 105.6 (D. Md. 2021). For the reasons set forth more fully below, Defendant's Motion (ECF No. 249) is GRANTED in part.

Plaintiff was originally deposed on February 11, 2022. (ECF No. 249, Ex. 3). However, Plaintiff's deposition had to be cut short due to a prior "entertainment engagement" of Plaintiff's. *Id.* at 4. At the time, Plaintiff agreed to a continuation of his deposition. *Id.* at 9. Plaintiff resisted attempts to schedule that continuation such that Defendant eventually had to unilaterally note it for March 30, 2022, two days before deadline Judge Bennett had set to complete any then-outstanding discovery (including the continuance of Plaintiff's deposition). (ECF No. 249, Ex. 4). Plaintiff ultimately responded to Defendant that he had nothing more to provide and would not agree to appear for the continuation (despite his prior agreement to do so) absent a court order. (ECF No. 249, Ex. 1 at 4). Notably, Plaintiff did not move for a protective order.

Plaintiff did not appear for his deposition. Defendant's instant Motion for Sanctions followed, asking that Plaintiff's case be dismissed, his testimony barred, or, alternatively, that the Court order Plaintiff to appear for deposition. (ECF No. 249). Plaintiff subsequently filed a Motion to Strike. (ECF No. 250). As an interim step, the Court denied Plaintiff's Motion to Strike, ordered Plaintiff to file any opposition to Defendant's Motion within ten days, and ordered Plaintiff to appear for deposition on one of two alternative dates to be offered by Defendant within ten days of that Order. (ECF No. 251).

Notwithstanding this Court's Order, Plaintiff did not agree to appear, reiterating that he had nothing new to provide and planned to appeal the undersigned's Order directing him to appear.[1] (ECF No. 256, Ex. 1).

Federal Rule of Civil Procedure 37(d) addresses the situation where, as here, a party fails to appear for deposition. Importantly, Rule 37(d)(2) specifies that such failure is not excused on the ground that the discovery sought was objectionable unless the failing party had a pending motion for protective order.

Here, Plaintiff had agreed to a continuance of his deposition, brought about by his own scheduling conflict that did not allow for its completion. (ECF No. 249, Ex. 3). Plaintiff then completely reneged on that agreement. (ECF No. 249). Plaintiff pivoted to an argument that such continuance would be excessive and would not yield any additional information, but never moved for a protective order on that basis. (ECF Nos. 250 and 261 at 4). Instead, Plaintiff failed to appear, insisting on a court order before he would do so. This Court entered such an order, but Plaintiff still did not appear. (ECF Nos. 251 and 256, Ex. 1).

Plaintiff's failure to appear was unjustified, in bad faith, and in violation of an Order of this Court. Thus, sanctions are appropriate. Rule 37(d)(3) provides a wide range of possible sanctions, including the ones sought by Defendant here. After careful consideration as to what sanctions would be appropriate, the Court first finds that Plaintiff must reimburse Defendant for the $245 court reporter fee from the aborted deposition of March 30, 2022. Additionally, Plaintiff must pay for the attorneys' fees and related costs incurred by Defendant for the drafting and filing of the instant Motion and supplementation. (ECF Nos. 249 and 256). The Court will not order Plaintiff to pay for the attorneys' fees related to the preparation for the deposition as, presumably, that effort was undertaken in preparation for the February 11, 2022, deposition on the assumption that it would be completed on that date. Finally, the Court recommends that Judge Bennett preclude Plaintiff from offering his own testimony beyond what he had previously testified to at his shortened February 11, 2022, deposition. This is a reasonable way to counteract the prejudice Defendant would otherwise suffer from the inability to reconvene the deposition. Moreover, Plaintiff himself has insisted that there is "nothing more to say" that was not revealed at that deposition, and the Court will take him at his word. This in no way is meant to restrict Defendant's cross examination of Plaintiff at trial.

Accordingly, Defendant should submit the attorneys' fees and costs associated with drafting the instant Motion and supplementation (ECF Nos. 249 and 256), supported by affidavit, within ten (10) days of the date of this Order. Judge Bennett, as the trial judge, will have the final say on the extent to which he accepts the undersigned's recommendation on limiting Plaintiff's trial testimony as outlined above.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

---

[1] Plaintiff also indicated some potential conflicts during the Court's timeframe, but resisted any attempt by Defendant to work around those conflicts.

Sincerely yours,

______/s/_________________
J. Mark Coulson
United States Magistrate Judge

cc: The Honorable Richard D. Bennett